UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

        Plaintiff,                CASE NO. 3:18-cv-919-J-34JBT

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the UNITED STATES OF AMERICA, through its counsel, the United States Attorney, Middle District of Florida, hereby answers Plaintiff's Amended Complaint (Doc. 6) ("Complaint") and asserts its Affirmative Defenses as follows:

### Jurisdiction

1. In response to paragraph number one of the Amended Complaint, Defendant admits that Plaintiff has invoked the Federal Tort Claims Act ("FTCA") as the jurisdictional basis for his claims. The Defendant denies the truth of any remaining allegations contained in paragraph number one of the Amended Complaint.

2. In response to paragraph number two of the Amended Complaint, Defendant admits only that an unsigned Standard Form 95 was submitted on behalf of Plaintiff to the United States Postal Service, and that such claim was received on November 6, 2017. Defendant further states that the Standard Form 95 attached to the

Amended Complaint speaks for itself. Defendant denies the truth of any remaining allegations contained in paragraph number two of the Amended Complaint.

3. In response to paragraph number three of the Amended Complaint, Defendant admits that the United States Postal Service issued a denial letter by certified mail on May 22, 2018. Defendant further states that the denial letter attached to the Amended Complaint speaks for itself. Defendant denies the truth of any remaining allegations contained in paragraph number three of the Amended Complaint.

4. In response to paragraph number four of the Amended Complaint, Defendant states these are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the truth of the allegations.

## Venue

5. In response to paragraph number five of the Amended Complaint, Defendant states these are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits only that the accident that is the subject of this Amended Complaint occurred in Jacksonville, Florida, which is located within the Middle District of Florida, Jacksonville Division. Defendant denies the truth of any remaining allegations contained in paragraph number five of the Amended Complaint.

6. In response to paragraph number six of the Amended Complaint, Defendant lacks sufficient information to form an opinion about the truth of the allegations contained in paragraph six and therefore denies the same.

7. In response to paragraph number seven of the Amended Complaint, Defendant admits, that at the time of the accident complained of, Marsha Rentz was an employee of the United States Postal Service and acting within the scope of her federal employment. Defendant denies the truth of any remaining allegations contained in paragraph number seven of the Amended Complaint.

8. In response to paragraph number eight of the Amended Complaint, Defendant admits that the United States Postal Service is an independent establishment of the Executive Branch of the United States Government. Defendant denies the truth of any remaining allegations contained in paragraph number eight of the Amended Complaint.

## General Allegations

9. In response to paragraph number nine of the Amended Complaint, Defendant admits, that at the time of the accident that is the subject of this Amended Complaint, Marsha Rentz was an employee of the United States Postal Service and acting within the scope of her federal employment. Defendant denies the truth of any remaining allegations contained in paragraph number nine of the Amended Complaint.

10. In response to paragraph number ten of the Amended Complaint, Defendant admits that the vehicle involved in the accident was owned by the United States Postal Service. Defendant denies the truth of any remaining allegations contained in paragraph number ten of the Amended Complaint.

11. In response to paragraph number eleven of the Amended Complaint, Defendant admits that Richard Triolo operated the Ford Mustang involved in the

accident. Defendant lacks sufficient information to form an opinion about the truth of the remaining allegations contained in paragraph number eleven of the Amended Complaint.

12. In response to paragraph number twelve of the Amended Complaint, Defendant admits that on February 11, 2017, a Postal Service vehicle operated by Marsha Rentz was involved in a minor collision with a vehicle operated by Plaintiff near the intersection of Old St. Augustine and Loretto Road. Defendant denies the truth of any remaining allegations contained in paragraph number twelve of the Amended Complaint.

13. In response to paragraph number thirteen of the Amended Complaint, Defendant admits that at the time of the accident that is the subject of this Amended Complaint Marsha Rentz was an employee of the United States Postal Service and acting within the scope of her federal employment. Defendant denies the truth of any remaining allegations contained in paragraph number thirteen of the Amended Complaint.

### Negligence

14. In response to paragraph number fourteen of the Amended Complaint, Defendant admits that its employee owed a duty to Richard Triolo to operate the motor vehicle in accordance with the laws of the State of Florida. Except as admitted, Defendant denies the truth of any remaining allegations contained in paragraph number fourteen of the Amended Complaint.

15. In response to paragraph number fifteen of the Amended Complaint, including subparts a through e, Defendant denies the truth of the allegations.

13. In response to the second paragraph numbered thirteen of the Amended Complaint, Defendant denies the truth of the allegations.

In response to the WHEREFORE paragraph following the second paragraph numbered thirteen of the Amended Complaint, Defendant denies that Plaintiff is entitled to damages in any amount and/or any relief from Defendant.

Defendant hereby denies all allegations not expressly admitted or denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. As its First Affirmative Defense, Defendant asserts that the Amended Complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

2. As its Second Affirmative Defense, Defendant asserts that the injuries and/or damages alleged in the Amended Complaint were neither directly nor proximately caused by any negligent or wrongful act or omission of any employee of the United States of America.

### THIRD AFFIRMATIVE DEFENSE

3. As its Third Affirmative Defense, Defendant asserts that Plaintiff failed to mitigate his damages.

### FOURTH AFFIRMATIVE DEFENSE

4. As its Fourth Affirmative Defense, Defendant asserts that Plaintiff's injuries, if any, are not permanent in nature and, thus, he fails to meet the threshold requirements of the Florida No-Fault Act, Fla. Stat. § 627.737.

### FIFTH AFFIRMATIVE DEFENSE

5. As its Fifth Affirmative Defense, Defendant asserts that any damages demanded by Plaintiff must be reduced by the amount of collateral source benefits, paid or payable, available to or paid on behalf of the Plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

6. As its Sixth Affirmative Defense, Defendant asserts that, should it be adjudged at fault, the fault of others contributed to the alleged injuries and/or damages which Plaintiff has claimed and which bars or reduces recovery of such damages, if any, in proportion thereto. *See* Fla. Stat. § 768.81. Accordingly, a judgment, if any, entered against Defendant must be based only on its percentage of fault, if any, and not on the basis of the doctrine of joint and several liability.

FURTHERMORE, Defendant specifically preserves all other defenses not now known, which it now has or may come to have.

WHEREFORE, Defendant, having answered the Amended Complaint, respectfully requests that the Court dismiss the Amended Complaint with prejudice, and enter judgment for Defendant, including an award of all fees, costs and expenses

incurred in defending the action, as well as any and all other relief this Court deems just and proper.

Dated: December 28, 2018

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

*/s/ Ronnie S. Carter*
RONNIE S. CARTER
Assistant United States Attorney
Florida Bar No. 0948667
Trial Counsel
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone No. (904) 301-6324/6300
Facsimile No. (904) 301-6310
Email: Ronnie.Carter@usdoj.gov

cc:   Conny Davinroy Beatty, Esq.
      USPS National Tort Center
      United States Postal Service
      1720 Market Street, Room 2400
      St. Louis, MO 63155-9948

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of December, 2018, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant listed below:

>Benjamin C. Moore, Esquire
>Philip S. Kinney, Esquire
>Kinney & Sasso, PLLC.
>9191 R.G. Skinner Parkway, Suite 703
>Jacksonville, FL 32256-9678

>*/s/Ronnie S. Carter*
>RONNIE S. CARTER
>Assistant United States Attorney