UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

                Plaintiff,

v.

                Case No. 3:18-cv-919-J-34JBT

UNITED STATES OF AMERICA,

                Defendant.
_____/

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NON-RETAINED EXPERT WITNESESS**

Defendant, the UNITED STATES OF AMERICA, files its reply memorandum in further support of its motion to strike Plaintiff's non-retained experts. Doc. 14. While Defendant has moved to strike Plaintiff's non-retained experts, Defendant is simply seeking a compliant Rule 26(a)(2), Fed. R. Civ. P., disclosure. Further, because it is long-understood that "in most cases the party with the burden of proof on an issue should disclose it expert testimony on that issue before other parties are required to make their disclosures with respect to that issue," Advisory Committee Notes, Fed. R. Civ. P. 26(a)(2) (1993 Amendment), Defendant has not made its expert disclosure.[1]

I.    <u>Plaintiff's Disclosure is Deficient Because He Failed to Provide the Opinions and/or Supporting Facts of Six Non-Retained Experts</u>.

In responding to the motion to strike, Plaintiff completely ignores addressing the deficiencies of his Rule 26(a)(2)(C) disclosure with respect to six of eight experts. *See*

---

[1] *See Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions*, 845 F.Supp.2d 1241,1251 (M.D. Fla. 2012)(concluding that, because "Rule 37 is a 'self-executing sanction,'" defendant's decision, not to disclose a defense expert, was reasonable based on deficiencies in plaintiff's expert disclosure.)

*generally* Doc. 15. Because Plaintiff failed to provide opinions and/or supporting facts for these experts, the disclosure must be stricken or he must amend his disclosure.

Five of these six experts are treating physicians. In the disclosure of these five treating physicians, Plaintiff simply provides a brief description of the treatment provided or their medial conclusions. For example, Plaintiff provided the following "summary of facts and opinions" in the disclosure for his treating neurologist:

> Dr. Syed will testify as to his diagnosis of the Plaintiff with a post-concussion syndrome and impaired cognition following the auto accident. He will testify that the Plaintiff had ongoing headaches and neck pain and complained of low back pain and right buttock pain. He will testify that the EMG/NCS of Plaintiff's bilateral lower extremities likely represent chronic proximal pathology such as radicular disease at the right L5-S1.

Doc. 14-1 at p. 8 of 42. Specifically, this summary for Dr. Syed fails to provide any facts underlying the diagnoses of post-concussion syndrome and impaired cognition; for instance, are these diagnoses based on observed episodes, self-reports by Plaintiff, or findings on a particular test? If yes, what are the facts of any episode or test findings? Further, to the extent the Court considers Plaintiff's statement that the "EMG/NCS of Plaintiff's bilateral lower extremities likely represent chronic proximal pathology such as radicular disease at the right L5-S1" is an opinion, he provides no facts upon which this diagnosis or opinion is based. Further, this is only a likely, not definitive diagnosis, of radicular disease. Also, Plaintiff does not provide the facts supporting this "likely" diagnosis such as whether it is based upon a particular finding in the EMG/NCS and/or some other information and what that might be. Without providing the opinions and/or supporting facts, Defendant's potential expert will be left to wonder what the basis of these opinions are and/or will not be able to evaluate these opinions.

II.    <u>Plaintiff Has Not Provided the Underlying Facts Supporting Two Remaining Non-Retained Experts' Opinions</u>

Plaintiff focuses or limits his response to addressing the deficiencies of two non-retained, treating physicians: an orthopedic surgeon (Topp) and pain management physician (Pardo). *See generally* Doc. 15. For these two experts, Plaintiff provides an affidavit from each expert containing a litany of opinions and then provides a "summary of facts and opinions" containing a chronology or description of the treatment provided by these physicians. However, because the provided summary is completely devoid of "facts," as that term in used in the context of Rule 26(a)(2)(C), Plaintiff's disclosure must be stricken or amended.[2]

The chronology of treatment provided not only lengthens Plaintiff's disclosure and gives the illusion of compliance with Rule 26(a)(2)(C)'s requirement of providing a summary of the facts and opinions, it tends to obscure whether he has actually complied with Rule 26(a)(2)(C)(ii). That is, the court should not be tempted to measure compliance with Rule 26(a)(2)(C)(ii) by length, volume, or word count.

Here, it is clear that Plaintiff's disclosure is devoid of Rule 26(a)(2)(C) "facts." Dr. Topp is expected to testify that "the injuries to the Plaintiff's lumbar spine were caused by the subject accident," and that "the injuries to his lumbar spine did not pre-exist the subject accident." Doc. 14-1 at p. 4 of 42. However, Plaintiff neither provides any facts whatsoever nor links any facts to these opinions. For instance, is Topp's

---

[2]The 2010 Amendment Advisory Committee Notes provide that "Rule 26(a)(2)(C) [was] added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and *of the facts supporting those opinions*." Advisory Committee Notes, Fed. R. Civ. P. 26(a)(2)(C) (2010 Amendment) (emphasis added).

opinion simply based on Mr. Triolo's history of the accident at issue? That Mr. Triolo reported no history of pain before the accident? That Mr. Triolo has reported no prior or subsequent accidents or injuries to his spine? Is it based on the findings of a particular study or upon physical examination findings? Plaintiff offers nothing as factual support for these opinions. Further, Dr. Topp is expected to testify "the L5-S1 fusion was reasonable and related to the injuries Plaintiff received from the subject accident," and that "Plaintiff will need a future lumbar fusion extension as a result of the accident…and will need a follow up visit to an orthopedic physician." *Id*. Again, Plaintiff points to no facts that have been supplied to support these opinions. Are these opinions based on particular test results or findings? If yes, what are they? Last, Dr. Topp is expected to testify that "the Plaintiff has an SI joint dysfunction secondary to surgery which is permanent in nature" and that "within a reasonable degree of medical probability the impact from the automobile accident dated February 11, 2017 caused the following injuries to Mr. Triolo's lumbar spine…" *Id*. at 4 of 42, 41 of 42. Plaintiff again offers no facts specifically linked to these opinions. How is Defendant's expert expected to critically examine these opinions without the underlying factual basis for each of them?

Surely, after obtaining an affidavit from Drs. Topp and Pardo, the Plaintiff is aware—or at least should be aware—of the facts upon which his treating physicians will testify to as the basis for their various opinions. While the Rule 26(a)(2)(C) advisory committee notes recognize that non-retained witnesses "may not be as responsive to counsel as those who have" been retained, the weaknesses in Plaintiff's disclosure cannot be attributed to this problem where Plaintiff has obtained signed affidavits.

Here, Defendant simply seeks to have the Plaintiff specifically link any opinions to be offered to the facts that support them. The issue here is analogous to that in *Heard v. Town of Camp Hill*, Case No. 3:16-cv-00856-WKW-GMB, 2017 WL 3622781, at *5 (M.D. Ala. Aug. 23, 2017). In *Heard*, the court district court concluded the plaintiff's Rule 26(a)(2)(C) expert disclosure failed to summarize the facts and opinions of the expert. *Id*. at *3. Specifically, in the plaintiff's 20-page amended disclosures, the court concluded the plaintiff ha[d] not disclosed his experts' opinions, nor ha[d] he linked those opinions to the facts on which they are based, as required by Rule 26(a)(2)(C)." *Id*. Instead of excluding the testimony, the court ordered the plaintiff to serve amended disclosures to include "specific anticipated opinions in numbered paragraphs" and "[u]nderneath each opinion, [plaintiff] shall include subparagraphs stating the specific facts upon which the opinion is based." *Id*. at *5.

Here, like in *Heard*, the Court must examine the disclosure made in this case to determine whether it complies with Rule 26(a)(2)(C). Notably, to show his disclosure complies with Rule 26(a)(2)(C), Plaintiff <u>does not argue</u> that he has supplied the required facts to support these opinions. Rather, Plaintiff argues that his disclosure should be measured by the disclosure in *Hinson v. United States*, Case No. 8:18-cv-1499-T-33AAS, 2019 WL 2869055 (M.D. Fla. July 3, 2019). However, *Heard* teaches that each disclosure should be measured simply against Rule 26(a)(2)(C)'s requirements.

III.   <u>Plaintiff Must Demonstrate His Experts Do Not Need to Prepare Rule 26(a)(2)(B) Reports.</u>

The party offering the testimony of a treating physician without preparing a written report "bear[s] the burden of demonstrating that Rule 26(a)(2)(B) reports are not

5

required." *In re Denture Cream Prod. Liab. Litig.*, No. 9-2051, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012). The "label of treating physician" is not helpful in determining whether a rule 26(a)(2)(B) report is required. The "determination of whether a written report is required "turns of the substance of the physician's testimony." *Id*. (*quoting Singletary v. Stops, Inc.*, No. 6:09-cv-1763-ORL-19KRS, 2010 WL 3517039, at *6 (M.D. Fla. Sept. 7, 2010). "[W]hen the testimony of the treating physician or provider ventures beyond such matters and includes opinions on causation [of an injury], prognosis, and/or future implications of the injury, then he or she must provide a full report satisfying the requirements of Federal Rule of Civil Procedure 26(a)(2)(B)." *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-Civ., 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013); *Goncharenko v. Royal Caribbean Cruises, Ltd.*, Civil Action No. 16-21461-Civ-Scola, 2017 WL 11220383, at *4 (S.D. Fla. May 18, 2017) (same), *aff'd*, 734 F.App'x 645 (11th Cir. 2018).

      Here, Plaintiff simply states in his Rule 26(a)(2)(C) disclosure that the physician's "opinions are attained directly from his treatment of the Plaintiff." Doc. 15 at p. 8. Plaintiff provides insufficient facts from which the Defendant, much less the Court, can determine how and whether his experts needed to reach the proffered causation opinions as well as the opinions regarding prognosis and future care and treatment. *See Derockers v. Amica Mutual Insurance Co.*, 6:15-cv-2151-Orl-DCI, 2017 WL 8948381, at *6 (M.D. Fla. Oct. 17, 2017)(concluding that treating physician's causation opinions based on plaintiff's self-reports of injuries in an accident "are routinely rejected as unreliable by courts in this Circuit, especially where the expert apparently relied on the temporal

relationship between the subject accident and the onset of the injuries and failed to systemically rule out other potential causes."); *Carmody v. State Farm Mut. Auto. Ins. Co.*, 6;14-cv-830-Orl-37KRS, 2015 WL 5542534, at *3 (M.D. Fla. Sept 18, 2015) (stating "[c]ourts frequently exclude causation opinion testimony from expert witnesses who [] base their opinions on a plaintiff's account of the facts without consideration of other possible causes of an injury."); *Colbert v. United States*, Case No. 3:09-cv-998-J-20JRK, 2013 WL 12159511, at *1 (M.D.Fla. June 4, 2013) (excluding causation opinions from treating physicians for failing to demonstrate how the treating doctor's "causation opinions were necessary for treatment."); *Principi v. Survivair, Inc.*, 231 F.R.D. 685, 691-692 (M.D. Fla. 2005)(concluding that a treating physician's opinion that defendant's product caused plaintiff's injury/condition, which the physician did not need to determine, went beyond the diagnosis of the condition causing his pain and required a report). Here, a more fulsome disclosure, including facts demonstrating how and why these opinions were reached, may demonstrate that Plaintiff need not provide a full written report for these experts.

IV.   Not Defendant's Burden to Cure Deficient Rule 26(a)(2)(C) Disclosure.

Plaintiff asserts that he provided enough information in his Rule 26(a)(2)(C) disclosures to enable Defendant to depose his non-retained Rule 26(a)(2)(C) experts to obtain the facts to support their various opinions. Doc. 15 at p 12. However, it is improper to place the burden on an opposing party to cure expert disclosure deficiencies.

Plaintiff does not argue that he cannot cure the deficiencies of the disclosure; rather, he seeks to shift his burden to Defendant. Plaintiff argues Defendant can cure

7

any prejudice simply by taking the depositions of Plaintiff's eight non-retained experts. Doc. 15 at p 13.   However, even if Defendant took these depositions or attended depositions Plaintiff would seek to take, this would not entirely cure the prejudice of failing to provide adequate expert disclosures. *Goodbys Creek, LLC v. Arch Ins. Co.*, Case No. 3:07-cv-947-J-34HTS, 2009 WL 1139575, at *3 (M.D. Fla. April 27, 2009)(stating that "even if a deposition of every expert were taken by Defendant as a matter of course, furnishing it with a woefully inadequate report adversely impacts upon its ability to prepare for and conduct the deposition.") Further, Rule 26(b)(4)(A) provides that depositions of retained experts may be conducted only after service of the Rule 26(a)(2)(B) report.  This principle should apply with equal force to Rule 26(a)(2)(C) non-retained experts.

## CONCLUSION

Plaintiff's failure to comply with Rule 26(a)(2)(C) requires striking his non-retained experts or amending his disclosure.

Dated: August 8, 2019                             Respectfully Submitted,

                                                  MARIA CHAPA LOPEZ
                                                  United States Attorney

                                                   /s/Ronnie S. Carter
                                                  RONNIE S. CARTER
                                                  Assistant United States Attorney
                                                  Florida Bar No. 0948667
                                                  United States Courthouse
                                                  300 North Hogan Street, Suite 700
                                                  Jacksonville, Florida 32202-4270
                                                  Telephone No. (904) 301-6283/6300
                                                  Facsimile No. (904) 301-6310
                                                  Email: Ronnie.Carter@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of August, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s) listed below:

>Benjamin C. Moore, Esquire
>Philip S. Kinney, Esquire
>Kinney & Sasso, PLLC.
>9191 RG Skinner Parkway, Suite 703
>Jacksonville, FL 32256-9678

>/s/Ronnie S. Carter
>RONNIE S. CARTER
>Assistant United States Attorney