UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

        Plaintiff,

v.                               CASE NO. 3:18-cv-919-J-34JBT

UNITED STATES OF AMERICA,

        Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court on Defendant's Motion to Strike Plaintiff's

Non-Retained Expert Witnesses ("Motion") (Doc. 14), Plaintiff's Response thereto

(Doc.15), and Defendant's Reply (Doc. 20).  For the reasons set forth herein, the

Motion is due to be **DENIED**.

## I.    Background

Plaintiff brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C.

§§ 1346(b), *et seq.* following a motor vehicle accident involving himself and a United

States Postal Service vehicle.  (Doc. 6.)  In his expert witness disclosures, Plaintiff

disclosed one retained expert and eight non-retained experts. (Doc. 14-1.)  Seven

of the non-retained experts are Plaintiff's treating physicians.  (*Id.*)  The other non-

retained expert is the manager of the automobile repair shop where Plaintiff's vehicle

was repaired.  (*Id.*)  None of the non-retained experts has provided a written report.

Defendant now moves to strike all eight non-retained expert witnesses, or,

alternatively, to compel Plaintiff to provide written reports and/or better disclosures for these witnesses.[1] (Docs. 14 & 20.)

## II.   Legal Principles

Federal Rule of Civil Procedure 26(a)(2) provides in relevant part:

> (A) In General.  In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--*if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony*. . . .

> (C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:

> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

> (ii) a summary of the facts and opinions to which the witness is expected to testify.

---

[1] Although Plaintiff timely served his expert disclosures on May 8, 2019, Defendant apparently did not bring any purported deficiencies to Plaintiff's attention until July 1, 2019, only one week before the deadline for Defendant to serve its expert disclosures on July 8, 2019.  (Doc. 11 at 1; Doc. 14 at 1–2.)  The Motion was not filed until July 9, 2019, and it appears that Defendant has not yet served its expert disclosures even though the deadline to do so has passed.  (Doc. 20 at 1.)  Defendant purports to excuse this failure by blaming Plaintiff's allegedly deficient disclosures.

2

Fed. R. Civ. P. 26(a)(2) (emphasis added).

Subsection (a)(2)(C) of Rule 26 was added in 2010 to clarify the disclosure required of non-retained experts. The Advisory Committee notes to the 2010 Amendment of Rule 26(a)(2)(C) explain the amendment, and specifically mention "physicians or other health care professionals" as examples of experts who are *not* required to provide a report:

> Rule 26(a)(2)(C) is added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions. This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.
>
> This amendment resolves a tension that has sometimes prompted courts to require reports under Rule 26(a)(2)(B) even from witnesses exempted from the report requirement. An (a)(2)(B) report is required only from an expert described in (a)(2)(B).
>
> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals . . . . Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C). The (a)(2)(C) disclosure obligation does not include facts unrelated to the expert opinions the witness will present.

Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment.

"Although not binding, the  interpretations in the Advisory Committee Notes are

3

nearly universally accorded great weight in interpreting federal rules." *Horenkamp*

*v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (citation and internal

quotation marks omitted).

However, despite this amendment, "a treating physician can . . . be

considered a retained or specially employed witness, under certain circumstances."

*Kondragunta v. Ace Doran Hauling & Rigging Co.*, Case No. 1:11-cv-1094-JEC,

2013 WL 1189493, at *12 (N.D. Ga. Mar. 21, 2013).  Both the rule and the Advisory

Committee notes make clear that Rule 26(a)(2)(C) applies only if Rule 26(a)(2)(B)

does not apply.  Therefore, a treating physician who may otherwise fall under Rule

26(a)(2)(C) must provide an expert report pursuant to Rule 26(a)(2)(B) if the

physician is "retained or specially employed to provide expert testimony."

### III.   Analysis

First, Defendant argues that Plaintiff must provide expert reports pursuant to

Rule 26(a)(2)(B) for each physician that will testify regarding causation, prognosis,

or future care and treatment.  (*See* Docs. 14 & 20.)  The Court disagrees.  Opinions

regarding causation, prognosis, the need for continued treatment, and the

reasonable cost thereof may be formed during the course of treatment, and do not

automatically convert a treating doctor into "one retained or specially employed to

provide expert testimony" within the meaning of Rule 26(a)(2)(B).  *See Kondragunta*,

2013 WL 1189493, at *12 ("Accordingly, if a physician's opinion regarding causation

or any other matter was formed and based on observations made during the course

4

of treatment, then no Subsection B report is required, albeit the Subsection C report discussed above will be required.  If, however, the physician's opinion was based on facts gathered outside the course of treatment, or if the physician's testimony will involve the use of hypotheticals, then a full subsection B report will be required.") (citations omitted).

In light of the addition of subsection (a)(2)(C) to Rule 26, and the Advisory Committee notes explaining the same, the Court finds persuasive the cases holding "that a treating physician may testify regarding injury causation, diagnosis, prognosis, and extent of disability, without providing a written report pursuant to Rule 26(a)(2)(B), so long as the treating physician's opinion was formed and based upon observations made during the course of treatment." *Jensen v. Carnival Corp.*, Case No. 10-24383-CIV-GRAHAM/GOODMAN, 2011 U.S. Dist. LEXIS 108727, at *3 (S.D. Fla. Sept. 25, 2011) (emphasis omitted).  There is no indication in Plaintiff's disclosures that the treating physicians who will testify regarding causation, prognosis, and/or future care and treatment are relying on matters outside of their records and treatment.  (*See* Doc. 14-1.)  Rather, Plaintiff's disclosures state in part that the subject opinions "are attained directly from [the physicians'] treatment of the Plaintiff . . . ."  (*Id.* at 4–5, 9.)  Plaintiff has also provided affidavits from two physicians (Drs. Reynaldo Pardo and Raymond Topp) attesting to the same.[2]  (*Id.*

---

[2] Although Defendant states that Plaintiff's treating chiropractor, Dr. Michael McDaniels, will also testify regarding causation, prognosis, and/or future care and (continued...)

at 37–42.)  To the extent some courts may still require expert reports from treating doctors after the 2010 amendment simply because the doctors render a causation, prognosis, or future treatment opinion, the Court does not find these cases persuasive.  Therefore, Plaintiff is not required to produce expert reports for the treating physicians who will testify regarding these issues.[3]

Next, Defendant argues that even if expert reports are not required from any of the non-retained expert witnesses, the disclosures do not comply with Rule 26(a)(2)(C) because they do not adequately summarize both the facts and opinions to which each witness is expected to testify.  (Docs. 14 & 20.)  Again, the Court disagrees.  In light of the principles set forth above, the Court finds that Plaintiff's disclosures adequately summarize the facts and opinions to which each of Plaintiff's non-retained expert witnesses will testify in compliance with Rule 26(a)(2)(C).  In general, the disclosures and accompanying affidavits are quite extensive and

---

[2](...continued)
treatment, it does not appear from the disclosures or the Response that he will do so. (*See* Doc. 14 at 7; Doc. 14-1 at 9; Doc. 15.)  Regardless, even if Dr. McDaniels will testify regarding these issues, an expert report is not required because the disclosures state that Dr. McDaniels' "opinions are attained directly from his treatment of the Plaintiff." (Doc. 14-1 at 9.)

[3] Although not specifically argued by Defendant, Michael Cochran, the Manager/Auto Repair Technician, need not produce an expert report for the same reasons, i.e., because his opinions are "based upon his knowledge of the repairs performed on [Plaintiff's] vehicle subsequent to the accident pursuant to the inspection of the vehicle." (Doc. 14-1 at 3.)  Whether Mr. Cochran may testify that the impact "was a hard impact" is an issue regarding admissibility and/or the *Daubert* standard.  Although many of the cases cited by Defendant pertain to these issues, the Court need not address any such issues at this time.

detailed.  (*See* Doc. 14-1 at 1–9, 37–42.)  *See* Fed. R. Civ. P. 26(a)(2)(C) advisory committee's note to 2010 amendment ("Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.").  *See also Hinson v. United States*, Case No. 8:18-cv-1499-T-33AAS, 2019 WL 2869055, at *4 (M.D. Fla. July 3, 2019) (finding that the plaintiff's Rule 26(a)(2)(C) disclosures for his treating physicians were adequate because "the descriptions in [the subject] disclosures are thorough and provide a clear picture of the treatment each physician provided, what materials each physician reviewed, and the opinions each physician plans to offer at trial").

Accordingly, it is **ORDERED**:

The Motion (**Doc. 14**) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, on August 23, 2019.


_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

Counsel of Record