**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE**

RICHARD A. TRIOLO

                              CASE NO.: 3:18-cv-00919-MMH-JBT

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

     Defendant.
_____/

**PLAINTIFF'S MOTION FOR PARTIAL**
**SUMMARY JUDGMENTAS TO CAUSATION OF INJURY**

Plaintiff, Richard A. Triolo, respectfully moves for entry of partial summary judgment in his favor and against Defendant United States of America as to causation and permanency of injuries, pursuant to Rule 56(a), Fed. R. Civ. P. in that there is no genuine dispute as to any material fact and the Plaintiff is entitled to judgment as a matter of law.

**BRIEF INTRODUCTION**

This case arises from a rear-end motor vehicle collision which occurred on November 3, 2017. The collision was caused by a United States Post Office ("USPS") employee in the course and scope of her employment with USPS. As a result of the collision, the Plaintiff sustained a significant permanent injury to his lumbar spine for which he underwent surgery in addition to other invasive and non-invasive medical treatment.

**UNDISPUTED FACTS**

Reynaldo Pardo, MD is the Plaintiff's pain management doctor. Dr. Pardo attested as follows in relation to causation of Plaintiff's injuries to his lumbar spine:

1

> It is my opinion within a reasonable degree of medical probability the impact from the automobile accident dated February 11, 2017 caused the following injuries to Mr. Triolo's lumbar spine:
>
> a. 2 mm protruding disc herniation indenting the anterior thecal sac with spinal canal narrowing at T12-L1;
> b. Annular bulge encroaching upon foraminal at L2-3;
> c. Mild facet joint arthropathy, predominantly on the right side at L3-4;
> d. Bilateral facet joint arthropathy at L4-5; and
> e. Circumferential disc bulge resulting in bilateral foraminal stenosis in combination with anterior L5 subluxation encroaching upon the L5 nerve roots bilaterally.

See Affidavit of Reynaldo Pardo, M.D. at ¶¶ 7 – 9, and attached hereto as Exhibit "A". Dr. Pardo attested that the injuries to the Plaintiff's lumbar spine are permanent and did not pre-exist the date of the collision. Id. at ¶¶ 8 and 9.

Raymond F. Topp, M.D. is the Plaintiff's treating orthopedic surgeon. Dr. Topp performed a posterior lumbar interbody fusion surgery ("PLIF") on the Plaintiff at L5-S1 due to his injuries from the subject motor vehicle collision. Dr. Topp has opined that:

> It is my opinion within a reasonable degree of medical probability the impact from the automobile accident dated February 11, 2017 caused an injury to Mr. Triolo's Lumbar spine which required the PLIF surgery.
>
> It is my opinion within a reasonable degree of medical probability the impact from the automobile accident dated February 11, 2017 caused the following injuries to Mr. Triolo's lumbar spine:
>
> a. 2 mm protruding disc herniation indenting the anterior thecal sac with spinal canal narrowing at T12-L1;
> b. Annular bulge encroaching upon foraminal at L2-3;
> c. Mild facet joint arthropathy, predominantly on the right side at L3-4;
> d. Bilateral facet joint arthropathy at L4-5;
> e. Circumferential disc bulge resulting in bilateral foraminal stenosis in combination with anterior L5 subluxation encroaching upon the L5 nerve roots bilaterally; and
> f. SI joint dysfunction secondary to surgery.

See Affidavit of Raymond Topp, M.D. at ¶¶ 7 and 8 attached hereto as Exhibit "B". Further, Dr. Topp opined that the injuires to the Plaintiff's lumbar spine are permanent and did not pre-exist the date of the collision. Id. at 9 and 10.

## MEMORANDUM OF LAW AND ARGUMENT

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Failure by the nonmoving party to prove an essential element of its defense for which it has the burden of proof entitles the moving party to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The non-moving party must "produce evidence, going beyond the pleadings and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designating specific facts to suggest that a reasonable jury could find in the non-moving party's favor." Shiver v. Chertoff, 549 F.3d 1342 (11th Cir. 1986).

Under the Federal Tort Claims Act ("FTCA"), the liability of the United States is determined in accordance with the law of the place where the act or omission occurred. 28 U.S.C sec. 1346(b). In the instant case, the Plaintiff must show the following elements to prove a negligence claim under the FTCA: (1) the defendant owes a legal duty to the plaintiff; (2) the defendant breached that duty; (3) defendant's breach legally caused an injury to the plaintiff; and (4) damages resulted from the injury. Clampitt v. D.J. Spencer Sales, 786 So. 2d 570, 573 (Fla. 2001).

**Causation of Injury and Permanency**

The Plaintiff has put forward the supporting Affidavits of Drs. Topp and Pardo. Both doctors have attested that the Plaintiff suffered a permanent injury to his lumbar spine caused by the motor vehicle collision. Accordingly, the Plaintiff has presented sufficient evidence to carry its burden of proof as to causation and permanency of injury to the lumbar spine.

In order to avoid summary judgment, the Defendant must put forth a mere scintilla of evidence that counters the opinions of Drs. Topp and Pardo. In Dewit v. UPS Ground Freight, Inc., 2017 U.S. Dist. Lexis 213422 (N.D. Fla. 2017), the District Court granted Margie deWit's[1] partial motion for summary judgment on causation of injury and permanency because the defendant presented "zero evidence contesting" causation or permanency. It is not enough for a defendant to avoid summary judgment by arguing that a jury could reject the testimony and conclusions of the treating physician. Id. at * 5. A defendant is required to present opposing evidence to create a genuine dispute of material fact. Id. The defendant "must present expert testimony that plaintiff's injuries were not caused by the accident at issue, medical records that contradict plaintiff's assertions, or any other type of evidence that create a genuine dispute of material fact." Id.

If a defendant fails to present record evidence that conflicts with a plaintiff's experts or treating physicians' testimony as to permanency of injury, the defendant has failed to create a genuine issue of material fact and an award of summary judgment is proper. Torres v. First Transit, Inc., 2018 U.S. Dist. Lexis 158940, *8 (S.D. US 2018).

---

[1] The District Court granted the partial motion for summary judgment only as to Mrs. deWit, but declined to do so for Mr. deWit citing a lack of record evidence to support the motion as to Mr. deWit's injuries.

CONCLUSION

Pursuant to the Affidavits of Drs. Topp and Pardo, the Plaintiff suffered permanent injuries to his lumbar spine caused by the motor vehicle collision of February 11, 2017. There is no evidence to the contrary. Thus, in that there is no genuine issue of material fact, the Plaintiff is entitled to partial summary judgment as to causation and permanency of the injuries to the lumbar spine.

WHEREFORE, the Plaintiff, Richard A. Triolo, respectfully requests the Court award partial summary judgment in his favor and against Defendant United States that as a matter of law, the motor vehicle collision caused permanent injuries to the Plaintiff Triolo's lumbar spine at T12-L1, L2-3, L3-4, L4-5, and L5-S1.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 5th, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties listed in the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

Ronnie S. Carter, Esq.
Assistant United States Attorney
Trial Counsel
United State Courthouse
300 North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Primary: Ronnie.Carter@usdoj.gov
Secondary: Nicole.Schmidt2@usdoj.gov
    Chantal.Sabino@usdoj.gov
    Brittany.Robinson2@usdoj.gov
    jaxdocket.mailbox@usdoj.gov

By:/s/*Benjamin C. Moore*
    Benjamin C. Moore, Esq.
    Florida Bar No. 773581
    Philip S. Kinney, Esq.
    Fla. Bar No.: 0709611
    *Kinney & Moore, PLLC*
    9191 R.G. Skinner Pkwy., Suite 703
    Jacksonville, Florida 32256
    Tel: (904) 642-4111
    Fax: (904) 329-1875
    E-mail: Ben@JaxLitigation.com
    E-mail: Philip@JaxLitigation.com
    Secondary: Heather@JaxLitigation.com
    Attorney for Plaintiff