UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

                                Case No. 3:18-cv-919-J-34JBT

       Plaintiff,

v.

UNITED STATES OF AMERICA,

       Defendant.
_____/

**DEFENDANT'S OBJECTION TO MAGISTRATE JUDGE'S NON-DISPOSITIVE ORDER DENYING DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S NON-RETAINED EXPERT WITNESSES**

Defendant, the UNITED STATES OF AMERICA, pursuant to Rule 72(a), Fed. R. Civ. P., hereby objects to the magistrate judge's order denying Defendant's motion to strike Plaintiff's non-retained expert witnesses entered August 23, 2019 (Doc. 22). The order on this non-dispositive motion must be set aside as to certain portions because it is contrary to law or clearly erroneous.

INTRODUCTION

Plaintiff initiated this action pursuant to the Federal Tort Claims Act (FTCA) as a result of a minor traffic accident that occurred on February 11, 2017. Doc. 6. On May 8, 2019, Plaintiff served his Rule 26(a) expert witness disclosure, listing eight non-retained expert witnesses and one retained expert witness. Doc. 14 at Exhibit A. On July 9, 2019, Defendant filed its motion seeking to strike all eight of Plaintiff's non-retained expert witnesses, arguing, *inter alia*, that Plaintiff failed to comply with Rule 26(a)(2)(C), Fed. R. Civ. P., because he did not provide both the summary of opinions to

be offered and the facts supporting each of those opinions. Doc. 14 at 14-17. As a result of failing to comply with Rule 26(a)(2)(C), Defendant argued that Rule 37(c), Fed. R. Civ. P., required the striking of Plaintiff's non-retained expert witnesses because such violation was neither substantially justified nor harmless. *Id.* at 17-20. In response, Plaintiff argued that he "provided an exhaustive summary of facts and opinions for each non-retained expert." Doc. 15 at 2-6. In its reply, Defendant continued to argue, *inter alia*, that while Plaintiff disclosed enumerated opinions to which Drs. Topp and Pardo would testify, he did not disclose, the facts underlying each of the proffered opinions. Doc. at 3-5.

By order dated August 23, 2019, the magistrate judge denied Defendant's motion to strike Plaintiff's non-retained experts, concluding that "Plaintiff's disclosures adequately summarized the facts and opinions to which each of Plaintiff's non-retained expert witnesses will testify in compliance with Rule 26(a)(2)(C)" and that "[i]n general, the disclosures and accompanying affidavits are quite extensive and detailed." Doc. 22 at 6-7. However, the magistrate judge failed to apply the proper standard to evaluate the Rule 26(a)(2)(C) disclosures of Drs. Topp and Pardo. Rather, Rule 26(a)(2)(C) requires a party to disclose a summary of both the opinions and the facts supporting each of the opinions to which his experts will testify, not just any facts to which the expert will testify. Further, the magistrate judge did not specifically determine that any facts supporting any of the opinions proffered had been provided by Plaintiff. Hence, the magistrate judge's order must be set aside, with respect to the disclosures of Drs. Topp and Pardo, as contrary to law or clearly erroneous. Further, because Plaintiff has

now filed a motion for partial summary judgment on the issues of causation and permanency (Doc. 23), relying on the factually unsupported affidavits of Drs. Topp and Pardo, it is imperative the disclosure for these experts be stricken and that Plaintiff be prohibited from relying on these affidavits.

## STANDARD OF REVIEW

Pursuant to Rule 72(a), Fed. R. Civ. P., a party may object to a magistrate judge's order on a non-dispositive motion within 14 days after service of the order. Upon timely objection, a magistrate judge's order on a non-dispositive motion must be modified or vacated to the extent the order "is clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); *S.E.C. v. Kramer*, 778 F. Supp. 2d 1320, 1326 (M.D. Fla. 2011). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Kramer*, 778 F. Supp. 2d at 1326-27(citation omitted). *See also Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997)(stating "[a] finding is clearly erroneous when the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed"). "An order is contrary to law 'when it fails to apply or misapplied relevant statutes, case law or rules of procedure.'" *Kramer*, 778 F. Supp. 2d at 1327.

I. Because the magistrate judge failed to apply or misapplied Rule 26(a)(2)(C), finding that Plaintiff provided a summary of the facts supporting Drs. Topp and Pardo's opinions, it is contrary of law.

The Plaintiff's disclosure pertaining to Drs. Topp and Pardo, as well as the affidavits executed by each expert, demonstrate that these experts intend to offer

3

opinions regarding damages as well as the issues of causation, prognosis, permanency, future medical care, and the absence of pre-existing conditions. Doc. 14 at Exhibit A. While Plaintiff's disclosure with respect to these two experts partially complies with Rule 26(a)(2)(C), *i.e.*, providing numerous opinions, it does not provide Defendant with notice and information about the critical parts of the experts' proposed testimony, namely a summary of the facts supporting these enumerated opinions on causation, prognosis, permanency, future medical care, and the absence of pre-existing conditions. Hence, the disclosure does not fully comply with Rule 26(a)(2)(C) by identifying what the factual support is for these critical opinions.

"Rule 26(a)(2)(C) [was] added to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting [each of] those opinions." Advisory Committee Notes, Fed. R. Civ. P. 26(a)(2)(C) (2010 Amendment). Thus, a party's Rule 26(a)(2)(C) disclosure must summarize and disclose not only the opinions to be offered but also the factual bases that support each of the opinions to be offered. *Torres v. Walmart Stores East, L.P.*, Case No. 16-60984-Civ-Lenard/Goodman, 2017 WL 8780915, at *3 (S.D. Fla. Jun 9, 2017) (concluding Rule 26(a)(2)(C) disclosure was inadequate because "[d]efendant is not able to identify what opinions the treating physicians will actually offer or the facts on which they will base their opinions"). *See also Ballard v. United States*, Case No. 3:15-cv-1010-J-25MCR, 2016 WL 9560007 at *2 (M.D. Fla. July 26, 2016) (finding Rule 26(a)(2)(C) disclosure inadequate because it "fail[ed] address the actual opinions that her expert witnesses will testify to, which is required."); *Kondragunta v. Ace*

*Doran Hauling & Rigging Co.*, 2013 WL 1189493, at *6 (N.D. Ga. Mar 21, 2013) (concluding plaintiff failed to comply with Rule 26(a)(2)(C(ii) because "[t]he reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the doctor will base that opinion.")  Thus, Rule 26(a)(2)(C) makes it clear that reviewing a disclosure generally as "detailed and extensive," rather than looking at each opinion on its own merits, is not the appropriate standard by which to determine compliance with Rule 26(a)(2)(C).  That is, a disclosure which provides detailed and extensive information regard one or more opinions to be offer, but less than all opinions, or detailed and extensive information about facts that do not support the proffered opinions does not satisfy the requirements of Rule 26(a)(2)(C).

      Further, a compliant Rule 26(a)(2)(C) disclosure must align, link, or tether the opinions and the supporting facts for each opinion to enable the opposing party to identify the opinions the expert will actually offer and the facts upon which such opinions will be based. *Heard v. Town of Camp Hill*, Case No. 3:16-cv-00856-WKW-GMB, 2017 WL 3622781, at *5 (M.D. Ala. Aug. 23, 2017) (concluding expert disclosure failed to comply with Rule 26(a)(2)(C) because "plaintiff ha[d] not disclosed his experts' opinions, nor ha[d] he linked those opinions to the facts on which they are based, as required by Rule 26(a)(2)(C)."). *See also* Ballard, 2016 WL 9560007 at *2 (concluding Rule 26(a)(2)(C) disclosure "le[ft] the [d]efendant in a position where it has to 'figure out' what the expert witnesses will testify to.") *Kondragunta*, 2013 WL 1189493 at *6 (concluding plaintiff failed to comply with Rule 26(a)(2)(C(ii) because "[t]he reader of plaintiff's disclosure has no idea what opinion the doctor will offer or on what facts the

5

doctor will base that opinion.")  Hence, if a Rule 26(a)(2)(C) disclosures requires an opposing party to guess or try to figure out the expert's actual testimony, it cannot be adequate or compliant.  *Cf. Cripe v. Henkel Corp.*, 858 F.3d 1110, 1112 (7th Cir. 2017) (stating "[l]itgants should not have to guess who will offer expert testimony; they need knowledge to conduct their own discovery and proffer responsive experts.")

Aligning, linking or tethering the opinions to the supporting facts ensures a party can identify the opinions and underlying factual support and helps ensures compliance with Rule 26(a)(2)(C) in several ways.  First, with the tethering of the supporting factual bases with each offered opinion, the opposing party can readily and clearly determine the supporting factual basis for each offered opinion.  Without this linking of facts with opinions, the opposing party is simply left to guess which facts, if any, that may or may not support which opinions.  Second, the opposing party will be able to determine which facts are relevant to a particular opinion.  Again, without this linking of facts to a specific opinion, the opposing party must try to guess what the factual support is for an opinion.  Third, the opposing party can easily and clearly determine factually unsupported opinions and take appropriate action.  For instance, without linking supporting factual basis to opinions, a disclosing party can hide the fact that an opinion is not factually supported.[1]

---

[1] Pursuant to Rule 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if…(b) the testimony is based on sufficient facts or data."  If a party fails to provide the factual basis supporting each opinion to be offered, the expert disclosure violates not only Rule 26(a)(2) but also Rule 702, Fed. R. Evid.

Further, in the absence of linking, tethering, or aligning the factual support with the specific opinion, the resulting disclosure is the functional equivalent of a "shotgun pleading." This Court *sua sponte* recently noted the following problems with shotgun pleadings:

> Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 & n. 11 (11th Cir 2015) (collecting cases). As a result, "most of the counts ... contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. *See id.* Here, Counts II-VI of the Complaint incorporate by reference all allegations of all the preceding counts. *See* Complaint at 6-11.
>
> In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997); *see also Cook v. Randolph County*, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See Weiland*, 792 F.3d at 1321 & n.9 (collecting cases). As the Court in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendant, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." *Cramer*, 117 F.3d at 1263. When faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure. *See id.* (admonishing district court for not striking shotgun complaint on its own initiative); *see also Weiland*, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the

>initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

*Ebanks v. Trans Union, LLC*, Case No. 3:19-cv-618-J-34JBT, 2019 WL 2269843, at *1 (M.D. Fla. May 28, 2019).

Here, the disclosures for Drs. Topp and Pardo suffer from many of the same problems as shotgun pleadings.  First, without aligning an opinion with its specific factual support, and to the extent facts have been disclosed, the separately numbered opinions in the affidavits for Drs. Topp and Pardo would adopt the factual allegations of each preceding opinions, causing each successive opinion to carry all that came before and the facts supporting the last opinion to be a combination of all the facts for every opinion in the disclosure for each witness.  As a result, each of the opinions would "contain irrelevant" factual support.  Hence, in determining whether factual support has been disclosed for each separately numbered opinion proffered, the opposing party, as well as the Court, would be "faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular" opinion proffered.  Here, to the extent that facts are provided in the Plaintiff's disclosure, the Defendant is unable to sift out the factual support for the opinions to be proffered by Drs. Topp and Pardo in the disclosure or each affidavit.

Second, this type of "shotgun" disclosure leads to several problems for the court and the litigants.  It can impact the court's docket by leading to motions to strike these types of disclosures when a defendant has to guess what the opinions and supporting facts are.  It can lead to "unnecessary and unchanneled discovery" when the expert's deposition is taken to determine the factual support each of the expert's opinions which

should have been provided. It can lead to "unwarranted expense on the litigants" when the opposing party retains unnecessary expert witnesses of its own to determine whether a responsive expert's opinion should be offered.

Third, "when faced with the burden of deciphering a shotgun [type disclosure]," the court should force the disclosing party to amend and reissue its disclosure to comply with Rule 26(a)(2)(C). Because the Plaintiff is advocating to the court that his disclosure complies with Rule 26(a)(2)(C), *see* Rule 11(b)(1), Fed. R. Civ. P., even if the Defendant does not raise a specific challenge a particular disclosure, arguably the Court should take the initiative on its own to determine compliance with Rule 26(a)(2)(C).

It is clear that Plaintiff's expert witness disclosures for Drs. Topp and Pardo do not fully comply with Rule 26(a)(2)(C). Rule 26(a)(2)(C) clearly requires a party to disclose both a summary of opinions to be offered and of the factual support for each for those opinions. Rule 26(a)(2)(C)(i)-(ii). Plaintiff does not contend that he has provided the factual support for each of the separately enumerated opinions to be offered by Drs. Topp and Pardo, much less aligned the factual support with each separate opinion.[2] Moreover, the magistrate judge does not demonstrate that Plaintiff disclosed factual

---

[2] Plaintiff argues that he has provided the following information: a thorough description of the expert's role as a treating, his assessment of the failure of pre-surgical conservative care, his recommendation for surgical repair of the Plaintiff's lumbar spine, the surgery performed, his post-surgical treatment, the future treatment expected to occur, the cause of the injury and the basis for his testimony being his personal treatment of the Plaintiff. Doc. 15 at 6. However, simply disclosing the treatment contained in the medical records does not mean the "summary of the facts" prong of Rule 26(a)(2)(C) has been satisfied. *See Reid v. United States*, No. 3:14-cv-420-J-34JRK, 2015 WL 12857077 at *4 (M.D. Fla. July 2, 2015) (concluding Rule 26(a)(2)(B) "written reports, however, provide[d] Plaintiff's medical history; they did not summarize the facts and opinions about which [the experts were] expected to testify."). *See also Davis v. Green*, No. 1:12-cv-3549-WSD, 2015 WL 3505665, at *4 (N.D. Ga. June 3, 2015) (finding that a "personal injury narrative" report that was signed by the physicians did not comply with Rule 26(a)((2)(C).

9

support for each of the opinions to be offered by Drs. Topp and Pardo in full compliance with Rule 26(a)(2)(C).  Failing to make this determination with respect to the opinions to be offered, demonstrates that this order must be set aside for failing to apply the correct standard.  Hence, without disclosing the facts supporting each of the experts' opinions, Plaintiff's expert disclosures for Drs. Topp and Pardo provides nothing more than a conclusory opinion.  *Cripe*, 858 F.3d at 1113 (stating "[a] expert who supplies nothing but a bottom line supplies nothing of value to the judicial process.")  Less than full compliance with Rule 26(a)(2)(C) adds very little to help the Defendant figure out what the evidence is against it on the pivotal issues of causation, prognosis, permanency, future medical care, and the absence of pre-existing conditions.  *See Kondragunta,* 2013 WL 1189493, at *7 (concluding partial compliance with Rule 26(a)(2)(C) was insufficient to "provide the defendants with any insights as to the pivotal parts of the doctors' testimony: their opinions regarding causation.")

It is also clear that the magistrate judge applied the incorrect standard in reaching his conclusion that Plaintiff fully complied with Rule 26(a)(2)(C) by adequately summarizing both the facts and opinions to which each of the non-retained experts will testify.  As a result, the magistrate judge's order denying the Defendant's motion to strike Drs. Topp and Pardo's disclosures is contrary to law or clearly erroneous and must be set aside.

II.   Because the Plaintiff's disclosures for Drs. Topp and Pardo does not fully comply with Rule 26(a)(2)(C) and no justification has been provided for failing to provide the factual summary for each of the experts' opinions, the magistrate judge misapplied the proper legal standard to determine whether these disclosures should be stricken as provided under Rule 37.

Rule 37(c), Fed. R. Civ.P., provides that "if a party fails to provide information…as required by Rule 26(a)… the party is not allowed to use that information…to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless." The party failing to make the required disclosure bears the burden of establishing that a failure to disclose was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Moreover, because Rule 37(c) "is a self-executing automatic sanction [, it is] designed to provide a strong inducement for disclosure." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Here, the magistrate judge incorrectly determined that the Plaintiff, as the party failing to make the required disclosure, satisfied his burden under Rule 37(c). First, the Plaintiff has not argued, much less demonstrated, that he provided the factual support for each of the enumerated opinions to be offered by Drs. Topp and Pardo as required by Rule 26(a)(2)(C). Second, Plaintiff has not attempted to explain the reason for failing to provide the factual support for each of the enumerated opinions for Drs. Topp and Pardo. Hence, Plaintiff has not offered any justification, much less substantial justification, for his failure to fully comply with Rule 26(a)(2)(C). Third, Defendant has been prejudiced by Plaintiff's incomplete expert disclosure because it has not been able to determine the factual evidence, if any, for the pivotal issues in this case: causation,

11

prognosis, permanency, future medical care, and the absence of pre-existing conditions. Moreover, because Plaintiff relies on Drs. Topp and Pardo's insufficient affidavits in seeking partial summary judgment on the pivotal issues of causation and permanency, Defendant is unable to respond to Plaintiff's partially dispositive motion. Pursuant to Rule 37(c), as a result of failing to fully comply with Rule 26(a)(2)(B), Plaintiff should be precluded from utilizing Drs. Topp and Pardo's opinions in seeking partial summary judgment.

In sum, because Plaintiff's disclosure for Drs. Topp and Pardo do not include the required factual support for each enumerated opinion, the magistrate judge failed to apply the proper standard under Rule 37(c). Hence, because the magistrate judge failed to apply the proper standard under Rule 37(c), the order must be set aside as contrary to law or as clearly erroneous.

Dated: September 6, 2019

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

　/s/Ronnie S. Carter　
RONNIE S. CARTER
Assistant United States Attorney
Florida Bar No. 0948667
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone No. (904) 301-6283/6300
Facsimile No. (904) 301-6310
Email: Ronnie.Carter@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>6th</u> day of September, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s) listed below:

>Benjamin C. Moore, Esquire
>Philip S. Kinney, Esquire
>Kinney & Sasso, PLLC.
>9191 RG Skinner Parkway, Suite 703
>Jacksonville, FL 32256-9678

>*/s/Ronnie S. Carter*
>RONNIE S. CARTER
>Assistant United States Attorney