UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

Case No. 3:18-cv-919-J-34JBT

**DEFENDANT'S MOTION AND MEMORANDUM FOR MODIFICATION OF CASE MANAGEMENT AND SCHEDULING DEADLINES**

Defendant, the UNITED STATES OF AMERICA, files its motion for modification of the case management and scheduling deadlines, seeking to continue such deadlines and trial to June 2020. In support, Defendant states as follows:

1. On July 27, 2018, Plaintiff filed the instant against the United States, pursuant to the Federal Tort Claims Act (FCTA), seeking to recover damages for personal injuries allegedly sustained in a minor traffic accident on February 11, 2017. Doc. 1. Plaintiff filed an amended complaint on December 19, 2018, attaching a revised Standard Form 95. Doc. 6. Defendant filed its Answer and Affirmative Defenses on December 28, 2018. Doc. 7.

2. The Court, by order dated February 13, 2019, set the following pertinent deadlines in the Case Management and Scheduling Order:

| *Event* | *Deadline* |
|---|---|
| Plaintiff's Disclosure of Expert Witnesses | May 8, 2019 |
| Defendant's Disclosure of Expert Witnesses | July 8, 2019 |

| | |
|---|---|
| Discovery Deadline | September 6, 2019 |
| Dispositive Motions and Daubert Motions | October 1, 2019 |
| Mediation Deadline | November 1, 2019 |
| All Other Motions Including Motion *in Limine* | January 27, 2020 |
| Filing of Pretrial Statements | February 10, 2020 |
| Final Pretrial Conference | February 18, 2020 |
| Trial Term | March 2, 2020 |

3. Since the entry of the scheduling order on February 13, 2019, the Parties have actively engaged in discovery. The Defendant has issued approximately 48 subpoenas for Plaintiff's various medical records as well as non-medical records on the following dates: March 11, May 9, May 16, June 12, July 8, July 12, August 9 and August 27, 2019. On April 25, 2019, Defendant issued interrogatories and a request for documents to Plaintiff. On May 1, 2019, Plaintiff issued interrogatories and a request for documents to Defendant. On June 10, 2019, Plaintiff deposed the former United States Postal Service (USPS) driver involved in the traffic accident.

4. On May 8, 2019, Plaintiff served his expert witness disclosure listing eight non-retained and one retained expert witness. On July 1, 2019, Defendant contacted Plaintiff to raise several discovery deficiencies. Exhibit A (July 1, 2019 email to Ben Moore). Defendant advised that Plaintiff's response to Defendant's request for documents was deficient because he failed to provide responsive documents to requests nos. 3, 5, 6, 7, 9, 10 and 14. Also, because Plaintiff failed to provide documents to substantiate a viable property damage claim in the amount of $5,650.00, Defendant also questioned the amount of Plaintiff's property damage claim noting that Defendant, through the USPS, had paid Plaintiff's insurer's $1,136.61 claim in full on June 28, 2017,

which included Plaintiff's $500 deductible.[1]  Defendant also advised that three of Plaintiff's interrogatory answers were incomplete, including the failure to provide the identity of any medical providers Plaintiff had treated with before the accident on February 11, 2017.  Further, Defendant advised that it believed Plaintiff's disclosures of his non-retained expert witnesses were deficient, including the disclosure of non-retained treating physicians opining on several pivotal issues (*i.e.*, causation, prognosis, permanency, future medical care, and the absence of pre-existing conditions).  Hence, Defendant advised that it would be severely prejudiced if it had to provide its expert disclosure, before receiving a compliant expert disclosure from Plaintiff, and that it would not be providing an expert disclosure on July 8, 2019.  *Id*. Defendant also advised that it intended to schedule independent medical examinations but that, because the Plaintiff's expert disclosures were deficient, it was hesitant to conduct these IMEs until able to review the facts that supported the pivotal issues.  Last, Defendant advised that it intended to depose the Plaintiff once the deficiencies had been remedied.  Id.

5.   Plaintiff's counsel agreed to supplement his discovery responses but disagreed with Defendant's counsel regarding the deficient nature of Plaintiff's disclosure of his non-retained experts.

6.   On July 3, 2019, Defendant and Plaintiff's counsel discussed the Plaintiff's expert disclosure and what Defendant believes are deficiencies.  By email dated July 8,

---

[1] During the course of discovery, Defendant investigated a property damage claim Plaintiff made against GEICO, from vehicle damage suffered on February 26, 2017, which was just two weeks after the accident at issue.  Defendant has discovered that the repairs for the minor damage from the instant accident and the more substantial vehicle damage suffered on February 26, 2017, were performed at the same time and at the same auto body shop.  Hence, Plaintiff's property damage claim in this case appears to improperly include the cost of repairs from the subsequent damage to his vehicle on February 26, 2017.

3

2019, Plaintiff's counsel advised that they would not amend the expert witness disclosures to address any of Defendant's concerns.

7. On July 9, 2019, Defendant filed a motion to strike Plaintiff's disclosure of his non-retained experts. Doc. 14. Plaintiff filed a response opposing the motion to strike. Doc. 15. After obtaining leave of court, on August 8, 2019, Defendant filed a reply memorandum in support of its motion to strike. Doc. 20. By order dated August 23, 2019, the magistrate judge issued an order denying Defendant's motion to strike. Doc. 22. On September 6, 2019, pursuant to Rule 72(a), Fed. R. Civ. P., Defendant filed an objection to the magistrate judge's non-dispositive order denying the motion to strike. Doc. 25.

8. Defendant was delayed in bringing the above-noted deficiencies to Plaintiff's counsel's attention for several reasons. As the court is aware, the federal government, including the undersigned's office, partially shut down for approximately thirty-five days, ending on or about January 26, 2019. Prior to the end of the government shut-down, one of the four assistants United States attorneys (AUSAs) assigned to the Jacksonville Civil Division went on extended military leave from January 18, 2019 through May 17, 2019. During this extended period of leave, the undersigned, as well as the two remaining Civil AUSAs in Jacksonville, covered the cases and investigations being handled by the AUSA on extended leave. In addition, because an AUSA was on extended leave, the newly filed cases served during this time were assigned among three, rather than four, AUSAs. This resulted in a significant

increase in the undersigned's case responsibilities, which has caused delays in working on existing cases assigned to the undersigned.

9. Further, the undersigned has been involved in several cases which have consumed a significant amount of time between May and June 2019. For instance, the case of *Hedgecock v. First Coast Service Options, Inc., et al*, Case No. 18-cv-1456-J-34PDB, assigned to the undersigned, required significant time and preparation of a motion to dismissed filed on May 14, 2019 as well as a response to a motion for preliminary injunction filed on May 22, 2019, which was a truncated deadline, and the preparation for oral argument on these motions held on June 4, 2019. Further, the undersigned was also counsel on *Smart Pharmacy, Inc., et al., v. Defense Health Agency*, Case No. 3:18-cv-1078-32JRK, a case filed pursuant to the Freedom of Information Act (FOIA), which involved significant amounts of time to successfully resolve this matter on July 2, 2019, in order to avoid the necessity of filing a dispositive motion and a comprehensive Vaughn Index. Further, the undersigned is counsel on *Acosta v. Local 1408, International Longshoremen's Association*, Case No. 18-cv-908-J-32MCR. Following an extended hearing on May 16, 2019, the undersigned was involved in negotiating a settlement of this action, which was filed on June 28, 2019. In addition, the undersigned took three depositions: 1) one on June 24, 2019, in the case of *Guffey v. Dept of Education, et al.*, Case No. 3:18-ap-127-JAF, which is set for an adversary trial on September 6, 2019; and 2) two on June 28, 2019, in the case of *Lewallen v. United States*, Case No. 3:17-cv-445-32JRK, which was unsuccessfully mediated on July 19, 2019 and is set for trial in November 2019.

10. Due to the undersigned's significant case responsibilities during May and June 2019, she was delayed in advising Plaintiff of the discovery matters brought to Plaintiff's counsel's attention on July 1, 2019.

11. As of September 5, 2019, Plaintiff has filed a motion for partial summary judgment on the issues of causation and permanency, relying on the affidavits of Drs. Topp and Pardo, who are two of the non-retained experts for whom Defendant continues to believe the disclosure does not fully comply with Rule 26(a)(2)(C) because Plaintiff has not disclosed the factual bases supporting the opinions in the affidavits.

12. On September 5, 2019, Plaintiff also emailed Defendant seeking to schedule the "trial" deposition of the USPS representative who responded to Defendant's interrogatory answers.

13. Discovery is scheduled to close today, September 6, 2019.

14. Defendant, however, is in need of additional time to complete discovery including, but not limited to, continuing to investigate Plaintiff's pre-accident medical condition, conducting IMEs, and deposing Plaintiff. Defendant also needs additional time to prepare and disclose its expert witnesses, including but not limited to, scheduling IMEs and obtaining reports from its potential expert witnesses. Additional time to make its expert witness disclosure as well as time to complete discovery, will necessitate modifying the current case management deadlines.

15. As a result, Defendant seeks to extend and continue the case management deadlines and trial as follows:

| *Event* | *Deadline* |
|---|---|
| Defendant's Disclosure of Expert Witnesses | November 6, 2019 |
| Discovery Deadline | January 15, 2020 |
| Dispositive Motions and *Daubert* Motions | February 5, 2020 |
| Mediation Deadline | February 5, 2020 |
| All Other Motions Including Motion *in Limine* | April 2020 |
| Filing of Pretrial Statements | May 2020 |
| Final Pretrial Conference | May 2020 |
| Trial Term | June 9, 2020 |

16. Defendant submits that, pursuant to Rule 6(b)(1)(B), Fed. R. Civ. P., excusable neglect exists for not timely disclosing Defendant's expert witnesses on July 8, 2019. As explained above, the undersigned's case responsibilities, between May and June 2019, were such that the undersigned was unable to timely address the expert witness and discovery matters with Plaintiff's counsel. Further, because Rule 37(c) is a self-executing sanction, Defendant believed its decision, not to disclose its expert witnesses in light of the deficiencies with Plaintiff's expert disclosure was reasonable. *See Mobile Shelter Systems USA, Inc. v. Grate Pallet Solutions*, 845 F.Supp.2d 1241,1251 (M.D. Fla. 2012)(concluding that, because "Rule 37 is a 'self-executing sanction,'" defendant's decision, not to disclose a defense expert, was reasonable based on deficiencies in plaintiff's expert disclosure.) Hence, Defendant submits that excusable neglect exists for failure to timely serve its expert witness disclosure on July 8, 2019.

17. Also, pursuant to Rule 6(b)(1)(A), Fed. R. Civ. P., Defendant submits that good cause exists to extend the discovery deadline, which is currently September 6, 2019, as well as the remaining deadlines and trial. Defendant has been pursuing a motion to strike Plaintiff's non-retained experts. Further, Defendant continues to pursue striking Plaintiff's expert disclosure with respect to Drs. Topp and Pardo for failing to

fully comply with Rule 26(a)(2)(C), by filing an objection to the magistrate judge's order denying this motion. Doc. 25. Defendant submits its efforts to obtain compliant Rule 26(a)(2)(C) disclosures on the pivotal issues of causation, prognosis, permanency, future medical care, and the absence of pre-existing conditions demonstrate good cause for extending the Defendant's expert witness disclosure date and discovery deadline as well as the remaining deadlines.

18. The instant motion is made in good faith and not for purposes of delay. The granting of this motion is in the interests of justice. Without extending the foregoing deadlines, Defendant will be substantially prejudiced in this action. First, without extending the Defendant's expert witness deadline, the Defendant will be unable to meet Plaintiff's evidence on the issues of causation, prognosis, permanency, future medical care, and the absence of pre-existing conditions as well as having the ability to respond to Plaintiff's recently filed motion for partial summary judgment on the issues of causation and permanency. Second, without extending the deadlines for Defendant to disclosure its expert witnesses, discovery and the remaining deadlines, Defendant will be unable to finish investigating Plaintiff's personal injury claim including, but not limited to, Plaintiff's pre-accident condition.

19. Granting this motion will not legally prejudice either Party to this action.

20. Pursuant to Local Rule 3.01(g), the undersigned contacted Plaintiff's counsel *via* telephone this afternoon, in follow-up to an email sent earlier today, regarding the instant motion. Plaintiff's counsel was unavailable for the undersigned's

call, although in his earlier email he indicated his opposition to reopening discovery and delaying the trial.

## MEMORANDUM

The Court has "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Board of Regents of University of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001). *See also Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002) ("[W]e stress the broad discretion district courts have in managing their cases."). Pursuant to Rule 16(b)(4), Fed. R. Civ. P., a scheduling order "may be modified only for good cause and with the judge's consent."

The instant motion seeks to continue certain pretrial deadlines and the trial term. As cause for the requested modification of these deadlines, Defendant represents that the purpose is not to delay the progression of this case but rather to allow sufficient time for the Parties to fully develop the evidence in this case.

WHEREFORE, Defendant respectfully requests that the instant motion be granted and that the pretrial and trial deadlines be extended as requested herein.

Dated: September 6, 2019            Respectfully Submitted,

                                                        MARIA CHAPA LOPEZ
                                                       United States Attorney

                                                       */s/ Ronnie S. Carter*
                                                       RONNIE S. CARTER
                                                       Assistant United States Attorney
                                                       Florida Bar No. 0948667
                                                       United States Courthouse
                                                       300 North Hogan Street, Suite 700
                                                       Jacksonville, Florida 32202-4270
                                                       Telephone No. (904) 301-6283/6300

Facsimile No. (904) 301-6310
Email: Ronnie.Carter@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>6th</u> day of September, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s) listed below:

Benjamin C. Moore, Esquire
Philip S. Kinney, Esquire
Kinney & Sasso, PLLC.
9191 RG Skinner Parkway, Suite 703
Jacksonville, FL 32256-9678

*/s/Ronnie S. Carter*
RONNIE S. CARTER
Assistant United States Attorney