# EXHIBIT A

| | |
|---|---|
| **From:** | Carter, Ronnie (USAFLM) |
| **To:** | "Benjamin Moore" |
| **Cc:** | heather@jaxlitigation.com; phlip@jaxlitigation.com; Sabino, Chantal (USAFLM); Robinson, Brittany (USAFLM) [Contractor] |
| **Subject:** | Triolo v. United States: Discovery Issues |
| **Date:** | Monday, July 1, 2019 2:15:00 PM |
| **Attachments:** | image001.png |

Ben,

It was good to finally meet you at the recent deposition a few weeks ago. I am writing to address several discovery related issues in this case.

**Discovery Responses:**

    1) Request for Production Responses:

        In the Plaintiff's Initial Disclosures served pursuant to Rule 26(a)(1)(A)(ii), Fed.R.Civ.P., you provided a list of documents—but no copies of these documents were provided—that you would use to support the Plaintiff's claims. In Request No. 1 of Defendant's First Request to Produce, I requested copies of all the documents referenced in the Plaintiff's Initial Disclosures. However, I have not received several documents listed in Plaintiff's Initial Disclosure. Of the documents listed in the Initial Disclosures, the following document nos. are missing, as best as I can tell: 23, 24, and 27. Please provide these documents at this time.

        Also, in response to Defendant's First Request to Produce, Plaintiff provided medical bills, medical records, photos of the vehicles involved in the accident, the accident report and information from Gil Spruance. However, Plaintiff has not provided documents in response to the following request nos.:

        3 (medical records for the past 10 yrs to include before the accident);
        5 (documentation of out of pocket expenses);
        6 (employment related records including attendance and payroll information which includes the last 2 years);
        7 (documents showing lost earnings)

      9 (tax information which includes the last 2 years)
      10 (color copy of Plaintiff's driver's license)
      14 (documents regarding compensation received for the damage to his car)

Also, Plaintiff's claim includes a property claim in the amount of $5,650 for the damage to his car. However, the claim State Farm submitted to the US Postal Service on May 19, 2017 was for $1,136.61, which includes reimbursement for Plaintiff's $500 deductible. The US Postal Service paid this claim on June 28, 2017. Thus, I am not certain why Plaintiff includes a claim for property damage. Further, I am not sure why Plaintiff has a made a claim in the amount of $5,650.00, which is far in excess of the State Farm claim. Hence, at this time, please provide the documentation to support this $5,650.00 property claim, which is requested in Request No. 14.

    2) Interrogatories Answers:

After reviewing Plaintiff's answers to Defendant's First Set of Interrogatories, I find that the answers to the following interrogatories are deficient or incomplete:

6 (address of his destination (his brother's home) is not provided)
17 (failed to provide the identity of any medical providers before the accident)
21 (no information provided regarding the identity of the entity providing disability benefits)

Please provide complete answers to the above identified interrogatories at this time.

**Expert Witness Disclosure:**

I have reviewed the Plaintiff's Expert Disclosure, served on May 8, 2019, and it does not comply with Rule 26(a)(2)(C), Fed.R.Civ.P. If you wish to present expert testimony from a witness who is not retained or specially employed to provide expert testimony, you must provide a disclosure that includes the subject matter of the witness's expected testimony and "a

summary of the facts and opinions to which the witness is expected to testify." *See* Fed.R.Civ.P. 26(a)(2)(C); see also *Cruz v. United States*, No. 12-21518-Civ, 2013 WL 246763, *5 (S.D. Fla. Jan. 22, 2013) (excluding expert testimony due to failure to comply with disclosure requirements); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094, 2013 WL 1189493, *6-7 (N.D. Ga. March 21, 2013) (reviewing Rule 26(a)(2)(C) disclosure requirements). If you are looking for cases that explain what constitutes a sufficient Rule 26(a)(2)(C) disclosure, I recommend looking at *Chambers v. Fike*, No. 13-1410, 2014 WL 3565481, *7-8 (D. Kan. July 18, 2014), which does a good job of summarizing the requirements. In addition, please be advised that testimony beyond certain bounds may require the provision of an expert report, even from a treating physician. *See, e.g., Kondragunta*, 2013 WL 1189493 at *10-13 (holding that whether a report is required turns on the substance of the testimony, and reviewing the type of opinions that require a report).

Here, I find that the Plaintiff's summary of the facts that underlie the non-retained expert's expected testimony is missing and what has been provided are mere conclusions or conclusory statements. This is particularly important in this instance because you appear to use the non-retained treating physicians to provide causation opinions as well as opinions as to future medical care and treatment needed. Also, in the disclosure with respect to Dr. Pardo, you indicated that his opinion is based on his own treatment and his review of Plaintiff's medical records. To the extent, Dr. Pardo, or any other non-retained physician, has been provided medical records to review outside the course of treatment, the physician has been likely transformed into an expert witness who must provide a report. Hence, the information you have provided with respect to the non-retained medical witnesses listed in Section II of the Plaintiff's expert disclosure does not comply with Rule 26(a)(2)(C), Fed.R.Civ.P.

With respect to the non-retained auto body mechanic, again, you have provided no facts to support the mechanic's anticipated testimony. Further, to the extent the you indicate the mechanic will testify about the force of the impact, you have provided no facts and, without more, I am skeptical that the witness is qualified as an expert to opine on the force of the impact in this accident.

Of all of the above issues I have identified, the most significant and pressing issue is, in my view, the deficiency of Plaintiff's expert disclosures. Defendant would be severely prejudiced if it was required to provide an expert disclosure before receiving a complete expert witness disclosure from Plaintiff that complies with the Federal Rules. This is the very reason for the staggered expert disclosure dates. Hence, Defendant's expert witness disclosure is due 60 days after Plaintiffs provides a complete expert witness; hence, my obligation to provide an expert disclosure has not been triggered. Thus, I am unable to provide an expert disclosure on July 8, 2019.

**Scheduling IMEs:**

In addition, I need to schedule independent medical examinations (IME) and an evaluation by a life care planner. However, in the absence of a compliant expert witness disclosure by Plaintiff, I am hesitant to conduct these examinations until I am able to review the facts that support your non-retained expert's opinions to ensure my evaluators will be able to address the issues raised by Plaintiff's non-retained, treating physicians.

**Depositions:**

Because I only have one chance to depose Plaintiff, I usually depose a plaintiff after expert witness disclosures and after IMEs. Hence, I cannot depose your client until I have amended discovery disclosures, IMEs are completed, and expert disclosures are made.

**Mediation:**

Generally, I do not attend mediation until all discovery is completed (*i.e.*, IMEs, expert disclosures, and depositions). While our mediation deadline is November 1, 2019, I do not see how we will be able to timely complete discovery, following receipt of compliant expert witness disclosures. As you know, either one or both of us may wish to depose a retained or non-retained expert witness following the disclosure of expert disclosures. Thus, completing discovery by September 6, 2019 seems unlikely.

Sorry for the long email. However, after reviewing Plaintiff's expert witness disclosure, I wanted to make sure I addressed these numerous issues that need to be resolved. I am happy to have a call to discuss how best to handle the issues discussed herein. This is an issue that has come up in many cases I have handled over the years. Rather, than move to strike the Plaintiff's expert witness disclosure or to strike experts, I usually give opposing counsel an opportunity (sometimes more than one) to amend the expert witness disclosure. However, this will usually entail, a joint motion to extend the case management deadlines.

I would like to discuss this matter this week. Let me know if you are available before July 4th. I look forward to speaking with you.

Ronnie

**Ronnie S. Carter**
**Assistant United States Attorney**
**Middle District of Florida**
300 North Hogan Street, 7th Floor | Jacksonville, Florida 32202
↓← (904) 301-6283 (assistant)|6245 (paralegal)|(✆301-6300 (main)
▢(904) 301-6310
▢ Ronnie.Carter@usdoj.gov

