UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

          Plaintiff,

v.

UNITED STATES OF AMERICA,

          Defendant.
_____/

Case No. 3:18-cv-919-J-34JBT

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO CAUSATION OF INJURY**

    Defendant, the UNITED STATES OF AMERICA, files its response in opposition to Plaintiff's motion for summary judgment on the issues of causation and permanency.  Because Plaintiff has not supported his motion with competent evidence, he has not shown the absence of genuine issues of material fact on the issues of causation and permanency, entitling him to judgment as a matter of law.  Hence, Plaintiff's motion should be denied.

PRELIMINARY STATEMENT

    This is a personal injury action brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2671-2680, as a result of a minor traffic accident on February 11, 2017.  Defendant denies that the conduct of its employee proximately caused any injury for which Plaintiff seeks to recover in this action.  While Plaintiff's non-retained experts, *i.e.*, his treating orthopedic surgeon and pain management physician, have attested that Plaintiff suffered a permanent injury to his lumbar spine

caused by the motor vehicle accident at issue, these opinions, as set forth in the affidavits attached to his motion, are not supported by any facts whatsoever. Because the expert's opinions on causation and permanency opinions are without any factual data, much less sufficient facts and data, or that these opinions are the product of a reliable methodology, Plaintiff cannot demonstrate that he is entitled to judgment as a matter of law of the issues of causation and permanency. Hence, Plaintiff's motion for partial summary judgment should be denied.

## MEMORANDUM

A.    <u>Summary Judgment Standard</u>

Rule 56(a), Federal Rules of Civil Procedure, provides that summary judgment shall be rendered if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). Pursuant to Rule 56(c), a party--who asserts that a fact is not genuinely in dispute or is genuinely in dispute--must support each factual assertion by either:

(A)    citing to particular parts of the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials; or

(B)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P 56(c).

To prevail on a motion for summary judgment, the moving party has the initial burden or responsibility of demonstrating to the court that there is an absence of a genuine issue of material fact evidence. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Stein*

2

*v. Alabama Sec. of State*, 774 F.3d 689, 692 (11th Cir. 2014). This initial responsibility requires the moving party to "identify the portions of the record illustrating the absence of a genuine dispute of material fact." *Stein*, 774 F.3d at 692. If the moving party discharges its initial burden, only then does the burden shift to the nonmoving party to then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.

The court must view the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *See Matsushita Electric Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). An issue or dispute of fact is not genuine if it is unsupported by evidence or if it is created by "evidence [that] is merely colorable" or "is not significantly probative." *Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50, 106 S.Ct. 2505, 2511 (1986).

When considering a motion for summary judgment, a court "may consider only that evidence that which can be reduced to an admissible form." *Komacki v. Southern Farm Bureau Life Ins. Co.*, Case No. 3:14-cv-784-J-34MCR, 2015 WL 6445504, at *8 (M.D. Fla. Oct. 23, 2015) (citing *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005)). Hence, an unsworn and conclusory statement is not competent evidence and should not be considered in determining summary judgment. *Dudley v. City of Monroeville, Ala.*, 446 Fed. App'x 204, 207 (2011) (stating "[u]nsworn statements do not meet the requirements of Rule 56, so the district court could not—and properly did

not—rely on the content of the citizen's statement."); *McCaskill v. Ray*, 279 Fed. App'x 913, 915 (11th Cir. 2008); *Carr v. Tatangelo*, 338 F.3d 1259, 1273 fn 26 (11th Cir. 2003).

Moreover, whether sworn or not, a statement simply containing "conclusory statements of ultimate facts" should not be considered competent evidence on summary judgment. *See Nisbet v. George*, No. 1:05-cv-570-WKW, 2006 WL 2345884, at *3 (M.D. Ala. Aug. 11, 2006 (stating "conclusory statements of ultimate facts . . . are not considered competent evidence to defeat summary judgment."). Thus, evidence that would be inadmissible at trial should be used to neither obtain nor defeat summary judgment. *See Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1249 (11th Cir. 2007) (*quoting Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 661 (5th Cir. 1976) (stating "[e]vidence inadmissible at trial cannot be used to avoid summary judgment.'").

    B.    <u>Because the Evidence Supporting Plaintiff's Motion is Inadmissible Under Rule 702, Fed. R. Evid., and *Daubert*, Plaintiff's Motion Must be Denied.</u>

In seeking summary judgment on the issues of causation and permanency, Plaintiff relies exclusively on the expert testimony, *via* affidavit, of his two non-retained experts/treating physicians.[1] However, because this expert testimony is inadmissible under Rule 702, Fed. R. Evid., and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993), such evidence is not competent evidence for consideration of summary judgment. Hence, Plaintiff cannot demonstrate that he is entitled to judgment as a matter of law.

---

[1] Pursuant to Rule 56(c)(4), '[a]n affidavit or declaration used to support or oppose a motion must…set out facts that would be admissible in evidence." Here, Defendant submits that neither of the submitted affidavits sets out any facts. Hence, the affidavits should not be competent evidence for consideration on summary judgment.

4

The admissibility of opinion testimony of expert witnesses is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a)( the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (2) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), explained that Rule 702 requires the trial court to act as a gatekeeper to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert*, 509 U.S. at 589. The party presenting or offering the expert testimony bears the burden of establishing its reliability and helpfulness. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005). In *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005), the Eleventh Circuit summarized the *Daubert* standards applicable to the evaluation of proffered expert testimony, stating:

> The admission of expert evidence is governed by Federal Rule of Evidence 702, as explained by Daubert and its progeny. Under Rule 702 and Daubert, district courts must act as "gatekeepers" which admit expert testimony only if it is both reliable and relevant. District courts are charged with this gatekeeping function "to ensure that speculative, unreliable expert testimony does not reach the jury" under the mantle of reliability that accompanies the appellation "expert testimony." To fulfill their obligation under Daubert, district courts must engage in a rigorous inquiry to determine whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." The party offering the expert has the

>burden of satisfying each of these three elements by a preponderance of the evidence.

*Id.* (internal citations omitted).

Under Rule 702, the Plaintiff has not demonstrate that the affidavit testimony of his treating physicians is based on sufficient facts or data. In fact, the affidavits include no factual support whatsoever for the ultimate opinions offered. Plaintiff's expert affidavits in support of causation and permanency simply contain conclusory statements of their opinions. Thus, such conclusory statements, although sworn, are not competent evidence for consideration on summary judgment.

Next, the testimony of Plaintiff's treating physicians/experts fail to meet the second and third requirements under *Daubert*. Plaintiff's experts do not appear to have utilized a methodology to arrive at the ultimate conclusions of causation and permanency; thus, such ultimate opinions are insufficiently reliable to be admissible pursuant to *Daubert*. Moreover, without any underlying factual support for these opinions, Plaintiff's experts' opinions are at best speculative and will not help the Court understand the evidence or to determine a fact in issue on causation and permanency.

    1.    <u>Because No Methodology Discussed, the Opinions Are Unreliable</u>.

Here, it is impossible for the Court to perform a *Daubert* analysis on the opinions offered by Plaintiff's experts. Plaintiff's expert have not mentioned, much less described, any particular methodology used to arrive at their opinions on causation and permanency. Thus, there is no methodology to evaluate.

Even if each of Plaintiff's treating physicians based his causation opinions on the history provided to him by Plaintiff, this type of methodology has been frequently

6

excluded.  *Carmody v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-830-Orl-37KRS, 2015 WL 5542534, at *3 (M.D. Fla. Sept. 18, 2015) (stating "[c]ourts frequently exclude causation opinion testimony from expert witnesses who…base their opinions on plaintiff's account of the facts without consideration of other possible causes of an injury.")(citing collection of cases).  Thus, these types of "subjective causation opinions" should be excluded because they are neither "based on sufficient facts and data nor …the product of a reliable methodology."  *Id*.

      2.      <u>These Expert Opinions Are Not Helpful</u>.

While suffering from a basic lack of reliability, Plaintiff's expert opinions are fundamentally unhelpful to the trier of fact.  The final prong of the *Daubert* analysis, as applied by the Eleventh Circuit, is whether the expert testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or determine a fact in issue.

Here, the expert testimony is particularly unhelpful because is it simply the experts' ultimate conclusions, *i.e.*, that the accident caused the Plaintiff's injury and the injury is permanent.  Neither of these conclusions is helpful.  The Court has no idea of the factual basis upon which these conclusions rest.  Further, the factual basis or assumptions upon which the opinions are based may be unreliable; there is no way to determine this based on the affidavits.  Further, there is no way for the Court to know whether these expert opinions are supported by the facts or whether the opinions are sufficiently tied to the facts of the case so as to aid the Court in resolving a factual dispute as to the proximate cause of the Plaintiff's alleged injury or its permanency.

Thus, neither of the expert opinions meet the standards of *Daubert*. Thus, Defendant submits the Plaintiff's experts' affidavits are not competent evidence for consideration on summary judgment.

    C.    <u>Defendant Has a Pending Objection to the Sufficiency of the Affidavits Submitted By Plaintiff to Support Summary Judgment</u>.

Finally, the Defendant has a pending objection to the Magistrate Judge's order denying Defendant's motion to strike the two non-retained expert whose affidavits comprise the only evidence upon which Plaintiff seeks summary judgment. Doc. 25. Further, the Defendant has a pending motion for leave to make its disclosure of expert witnesses as well as a request to extend discovery and all subsequent deadlines. Doc. 26. Hence, Defendant submits that resolution of the instant motion should be delayed until the Defendant has had an opportunity to make its expert disclosure and to complete discovery.

CONCLUSION

Based upon the foregoing arguments and citations of authority, Defendant respectfully requests that the Court deny Plaintiff's motion for partial summary judgment.

Dated: September 19, 2019        Respectfully Submitted,

                                    MARIA CHAPA LOPEZ
                                    United States Attorney

                                    */s/Ronnie S. Carter*
                                    RONNIE S. CARTER
                                    Assistant United States Attorney
                                    Florida Bar No. 0948667
                                    United States Courthouse

300 North Hogan Street, Suite 700<br>
Jacksonville, Florida 32202-4270<br>
Telephone No. (904) 301-6283/6300<br>
Facsimile No. (904) 301-6310<br>
Email: Ronnie.Carter@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s) listed below:

Benjamin C. Moore, Esquire
Philip S. Kinney, Esquire
Kinney & Sasso, PLLC.
9191 RG Skinner Parkway, Suite 703
Jacksonville, FL 32256-9678

  */s/Ronnie S. Carter*
  RONNIE S. CARTER
  Assistant United States Attorney