UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE

RICHARD A. TRIOLO

      CASE NO.: 3:18-cv-00919-MMH-JBT

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION AND MEMORANDUM
FOR MODIFICATION OF CASE MANAGEMENT AND SCHEDULING DEADLINES

Plaintiff, RICHARD A. TRIOLO, by and through his undersigned attorneys, submits his Response in Opposition to the Defendant's Motion and Memorandum for Modification of Case Management and Scheduling Deadlines, and in support thereof states as follows:

1. This case arises from a motor vehicle collision alleged to have been caused by a USPS vehicle on November 3, 2017. Pursuant to the Case Management Order, the Plaintiff: (i) completed discovery timely; (2) served extensive expert disclosures timely; and (3) is ready for the upcoming Mediation and/or the bench trial.

2. The parties are scheduled for Mediation on October 21, 2019. If unsuccessful, a bench trial is scheduled during the trial term commencing March 20, 2020. The Plaintiff strongly opposes the Defendant's late attempt to delay Mediation, reopen discovery and continue the trial.

3. The Defendant intentionally and aggressively pursued a strategy of satellite litigation. Following the Court's rejection of the Defendant's meritless position on Rule 26(a)(2)(C) disclosures, and the passage of all of the discovery and disclosure deadlines, the

1

Defendant seeks to delay this case reaching an ultimate resolution, and points the finger for its current position where it does not belong.

4.Primarily, the Motion suggests that this Court's disagreement with the Defendant's meritless position as to the Plaintiff's 26(a)(2)(C) disclosures is to blame for the need to reopen all of the discovery deadlines, cancel mediation and continue the trial.  In addition, the Defendant claims that its counsel must have been too busy to work on the case or was somehow hampered by a partial government shut down that concluded back in January 2019.

5.Each of the Defendant's arguments are without merit.  The Plaintiff has done everything required of it and more to keep this case on track for the March 2020 trial term and should not suffer the burden of the Defendant's litigation strategy.

The Partial Government Shutdown is Not to Blame

6.In its Motion, the Defendant argues in part that the January 2019 partial government shutdown is to blame for the need to reopen discovery and continue the trial.  However, the record does not support this argument.

7.As stated in the Defendant's Motion, the shutdown concluded on January 26, 2019. See Doc. 26 at ¶ 8.  Thereafter, on February 11, 2019, sixteen (16) days after the partial shutdown ended, the Attorney Case Management Meeting was held in which deadlines were mutually agreed upon.  Thereafter, on February 12, 2019, the parties jointly submitted their Case Management Report.  [Doc. 10].   Therein, the parties jointly requested the following deadlines, which were ultimately adopted by the Court:

| | |
|---|---|
| Plaintiff's Disclosure of Expert Witnesses: | May 8, 2019 |
| Defendant's Disclosure of Expert Witnesses: | July 8, 2019 |
| Discovery Deadline: | September 6, 2019 |
| Dispositive Motion Deadline: | October 1, 2019 |
| Mediation Deadline: | November 1, 2019 |

| | |
|---|---|
| Other Motions including Motions in Limine: | January 27, 2020 |
| Pretrial Statements: | February 10, 2020 |
| Final Pretrial Conference: | February 18, 2020 |
| Trial Term: | March 2, 2020 |

8.  In that the Defendant submitted its request for the above deadlines to this Court seventeen (17) days after the partial shutdown concluded, the partial shutdown should not be allowed to serve as a basis for the Defendant's Motion. It should also be noted, that the Motion does not indicate that the Defendant or its counsel were affected by the partial shutdown. The undersigned is aware of several emails exchanged with defense counsel on January 3 and 4, 2019 related to the instant case.

9.  Further, the Defendant's Motion does not seek to reopen discovery to perform a mere single item. The Motion does not seek additional time to take the deposition of a newly located witness or issue a subpoena for records from an entity previously unknown. Rather, the Defendant's Motion seeks to reopen discovery to do anything and everything it could have done but elected not to do prior to the discovery deadline.

<u>A Busy Work Schedule is Not to Blame</u>

10.  As an additional basis, the Defendant suggests that it's counsel had a busy work schedule and that is to blame. The Motion apprises the Court that in five different cases between an unknown date in May and June 28, 2019, defense counsel:

  (i)    prepared a motion to dismiss;
  (ii)   drafted a response to a motion for preliminary injunction;
  (iii)  worked on a FOIA case;
  (iv)   participated in an unspecified hearing;
  (iv)   participated in three depositions; and
  (v)    participated in various settlement negotiations.

[Doc. 26 at ¶ 9]

11.  Certainly, the above work over a period of one to two months does not appear

3

overwhelming. However, even if it were, the Defendant chose not to seek an extension until after the deadlines passed in July and September 2019. Further, if a busy work schedule were the culprit, the corrective action would have been to seek relief before deadlines passed – not after. Accordingly, a busy work schedule should not be allowed to stand as the basis for an extension.

<u>Defendant's Litigation Strategy Led it to Seek Discovery Extensions and a Continuance</u>

12. The reality is that the Defendant elected a strategy of not litigating this case on the merits. Instead, it decided to do what it has done in other cases and pursue a meritless attack against the Plaintiff's Rule 26(a)(2)(C) disclosures that were filed four months (May 8, 2019) prior to the filing of the Defendant's Motion.

13. The Defendant's strategy is exemplified by its decision not to pursue discovery. From the commencement of the open discovery period (February 11, 2019) to September 6, 2019, the Defendant never pursued any of the following:

    (i) Plaintiff's deposition;

    (ii) depositions of the Plaintiff's retained witness;

    (iii) depositions of the Plaintiff's non-retained witnesses; nor

    (iv) request a medical examination of the Plaintiff.

14. Even if the Plaintiff's expert disclosures were boilerplate and deficient, which they were not, that could not rationally serve as a basis for not taking the Plaintiff's deposition or having the Plaintiff examined. Neither discovery tool relies upon a non-retained treating physician expert disclosure.

15. On July 9, 2019, Defendant filed its Motion to Strike all eight of the Plaintiff's non-retained experts. [Doc 14]. It is significant to note that: (i) the Defendant's Motion to Strike was filed the same day as its expert disclosures were due; (ii) the Defendant elected not to submit an

expert disclosure; (iii) the Defendant received the Plaintiff's disclosure two months prior and never communicated any issue with the disclosure until its own deadline approached; and (iv) the Defendant did not seek an extension of any deadlines or a continuance of the trial. This overwhelmingly demonstrates that the Defendant knowingly pursued a satellite litigation strategy in place of timely pursuing discovery and submitting its own expert disclosures.

16. Although the Defendant's Motion to Strike asserts ominous conclusions, a fair reading of the Plaintiff's non-retained disclosures clearly demonstrates that the Plaintiff went above and beyond the requirements of Rule 26(a)(2)(C). That is so because the Defendant's litigation strategy has become well known in the local bar. The Defendant employed the same strategy in Hinson v. United States, 2019 U.S. Dist. Lexis 111022, *9 (M.D. Fla. July 3, 2019).

## MEMORANDUM OF LAW AND ARGUMENT

In Johnson v. Anderson, 2019 U.S. Dist. Lexis 132382 (M.D. Fla. Aug. 7, 2019), this Court was presented with a pro se litigant's motion to reopen discovery. Throughout the discovery period Johnson did not conduct any discovery. Id. at * 40. Compelled by the absence of timely discovery and the late request to reopen discovery, this Court denied the pro se litigant's request. Id at * 41.

Here, the Defendant is not unfamiliar with litigation and is represented by more than capable counsel. The Defendant chose not to pursue discovery, chose not disclose experts, and chose not to timely seek an extension or continuance. Instead, the Defendant relied on an aggressive strategy of attacking Rule 26(a)(2)(C) disclosures when it knew that the Plaintiff's disclosures were more than sufficient. The Plaintiff should not bear the burden of the Defendant's litigation strategy, and the Court should deny the Motion.

        By:/s/*Philip S. Kinney*
        Philip S. Kinney, Esq.
        Fla. Bar No.: 0709611
        Benjamin C. Moore, Esq.
        Florida Bar No. 773581
        *Kinney & Moore, PLLC*
        9191 R.G. Skinner Pkwy., Suite 703
        Jacksonville, Florida 32256
        Tel: (904) 642-4111
        Fax: (904) 329-1875
        Email: Philip@JaxLitigation.com
        E-mail: Ben@JaxLitigation.com
        Secondary: Heather@JaxLitigation.com

        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on 20th day of September, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties listed in the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

Ronnie S. Carter, Esq.
Assistant United States Attorney
Trial Counsel
United State Courthouse
300 North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Primary: Ronnie.Carter@usdoj.gov
Secondary: Nicole.Schmidt2@usdoj.gov
        Chantal.Sabino@usdoj.gov
        Brittany.Robinson2@usdoj.gov
        Jaxdocket.mailbox@usdoj.gov

        /s/*Philip S. Kinney*
        Attorney