UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

                           Case No. 3:18-cv-919-J-34JBT

              Plaintiff,

v.

UNITED STATES OF AMERICA,

              Defendant.

_____/

## DEFENDANT'S AMENDED *DAUBERT* MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S NON-RETAINED EXPERT WITNESSES

Defendant, the UNITED STATES OF AMERICA, pursuant to Rule 702, Fed. R. Evid., and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L.Ed.2d 469 (1993), moves to preclude and/or limit the testimony of three of Plaintiff's non-retained expert witnesses: Raymond Topp, M.D., Reynaldo Pardo, M.D., and Michael Cochran.

## BACKGROUND

This is a negligence action brought pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq*. Plaintiff seeks to recover damages for alleged personal injuries sustained in a minor traffic accident with a driver of a United States Postal Service vehicle on February 11, 2007. Defendant denies that Plaintiff has suffered a permanent injury as a result of this minor traffic accident.

Plaintiff seeks to utilize the testimony of his non-retained, treating physicians, *i.e.*, Drs. Topp (orthopedic surgeon) and Pardo (pain management specialist) to offer

opinions—based on their education, training and experience—on the critical issues of causation, prognosis, permanency, future medical care, and the absence of pre-existing conditions.  However, the opinions of Plaintiff's non-retained treating physicians are unreliable because there is no evidence that they are based on any methodology, much less an established methodology.

Further, Plaintiff seeks to offer the opinion of a non-retained auto repair technician (Michael Cochran) on the force of the impact to Plaintiff's vehicle.  However, Plaintiff has not demonstrated that Mr. Cochran has the requisite education, training, skill, or experience to offer such opinion.  Also, any opinion Mr. Cochran offers on the force of impact is unreliable because there is no evidence that it is based on any methodology, much less an established methodology.

As a result, the Defendant requests that the Court exclude or limit the opinions to be offered by Drs. Topp and Pardo as well as Mr. Cochran.

## **MEMORANDUM**

The admissibility of opinion testimony of expert witnesses is governed by Rule 702 of the Federal Rules of Evidence, which provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), explained that Rule 702 requires the trial court to act as a gatekeeper to

ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable. *Daubert*, 509 U.S. at 589. The party presenting or offering the expert testimony bears the burden of establishing the expert's qualification and reliability and helpfulness of such opinions. *See McClain v. Metabolife Int'l, Inc.*, 401 F.3d 1233, 1238 (11th Cir. 2005).

Guided by *Daubert* and other Supreme Court decisions, the Eleventh Circuit has established a three-pong test to determine the admissibility of expert testimony:

> To fulfill their obligation under <u>Daubert</u>, district courts must engage in a rigorous inquiry to determine whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in <u>Daubert</u>; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue."

*Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291-92 (11th Cir. 2005). Thus, district courts exercise "considerable leeway" in determining the admissibility of expert testimony. *Cook v. Sheriff of Monroe Cty.*, 402 F.3d 1092, 1103 (11th Cir. 2005) (*quoting United States v. Frazier*, 387 F.3d 1244, 1258 (11th Cir. 2004)).

A.    <u>Affidavit and Expert Disclosure of Dr. Topp</u>

Pursuant to Rule 26(a)(2)(C), Fed. R. Civ. P., Plaintiff has provided a written affidavit from Dr. Topp  as well as provided a disclosure, which purportedly sets out both his opinions and the factual bases for these opinions. Doc. 15-1; Doc. 23. Specifically, Dr. Topp, who is board certified in orthopedic surgery, opines that:

6.      On March 22, 2018, I performed a posterior lumbar interbody fusion surgery ("PLIF") at L5-S1 on Mr. Triolo due to constant pain radiating posteriorly down his thigh and sometimes anteriorly to the hip flexor.

7.      It is my opinion within a reasonable degree of medical probability the impact from the automobile accident dated February 11, 2017 caused ***an injury*** to Mr. Triolo's Lumbar spine which required the PLIF surgery. (emphasis added)

8.      It is my opinion within a reasonable degree of medical probability the impact from the automobile accident dated February 11, 2017 caused the following injuries to Mr. Triolo's lumbar spine:
    a.    2mm protruding disc herniation indenting the anterior thecal sac with spinal canal narrowing at T12-L1
    b.    Annular bulge encroaching upon foraminal at L2-3
    c.    Mild facet joint arthropathy, predominantly on the right side at L3-4
    d.    Bilateral facet join arthropathy at L4-5
    e.    Circumferential disc bulge resulting in bilateral foraminal stenosis in combination with anterior L5 subluxation encroaching upon the L5 nerve roots bilaterally.
    f.    SI join dysfunction secondary to surgery.

9.      It is my opinion within a reasonable degree of medical probability that the injuries to Mr. Triolo's lumbar spine are permanent in nature.

10.      It is my opinion within a reasonable degree of medical probability that these injuries to Mr. Triolo's lumbar spine did not pre-exist the date of the accident.

11.      As a result of Mr. Triolo's injuries and ongoing pain subsequent to his PLIF at L5-S1, it is my opinion within a reasonable degree of medical probability that Mr. Triolo will need future orthopedic treatment for the remainder of his life as follows:
    a.    Lumbar fusion extension for pain relief – once over his lifetime.
    b.    Orthopedic follow up visits with x-rays to monitor the lumbar spine one time per year for the remainder of his life.

Doc. 15-1 at Affidavit of Raymond Topp.

While Dr. Topp opines that "the impact from the automobile accident dated February 11, 2017 caused ***an injury*** to Mr. Triolo's Lumbar spine which required the PLIF surgery," neither he nor Plaintiff identify the exact "injury" to Mr. Triolo's lumbar spine caused by the minor traffic accident which necessitated the PLIF surgery.  In addition, neither Plaintiff nor Dr. Topp provide any factual bases for his opinions that the impact from the accident caused—rather than simply aggravating, exacerbating or was a pre-existing condition—the following injuries to Mr. Triolo's lumbar spine: (a) 2mm protruding disc herniation indenting the anterior thecal sac with spinal canal narrowing at T12-L1; (b) Annular bulge encroaching upon foraminal at L2-3; (c) Mild facet joint arthropathy, predominantly on the right side at L3-4; (d) Bilateral facet join arthropathy at L4-5; (e) Circumferential disc bulge resulting in bilateral foraminal stenosis in combination with anterior L5 subluxation encroaching upon the L5 nerve roots bilaterally; and (f) SI join dysfunction secondary to surgery.

Pursuant to Rule 702, because neither Dr. Topp nor Plaintiff provided the factual bases for these causation opinions, the Defendant cannot determine whether Dr. Topp's causation opinions are based on any facts or data, much less sufficient facts or data, to determine reliable.  For instance, there are no facts disclosed to decide whether the methodology employed was sufficiently reliable to determine whether the changes to Plaintiff's lumbar spine were degenerative in nature, or the result of an acute event. Moreover, neither Dr. Topp's affidavit nor the Plaintiff's disclosure provides Defendant with any information to determine

whether Dr. Topp's causation opinions are the "product of reliable principles and methods" or that such has been reliably applied to the facts of this case.

In *Carmody v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-830-Orl-37KRS, 2015 WL 5542534, at *3 (M.D. Fla. Sept. 18, 2015), the defendant moved to exclude the plaintiff's treating neurosurgeon's opinion that his injuries and problems were caused by in a rear-end motor vehicle collision.    In *Carmody*, the treating physician did not review the plaintiff's "prior medical reports or medical history, and he did not communicate with [p]laintiffs prior doctors or therapists before making a causation decision—"[a]side from [reviewing] an MRI study." *Id.* at *2. Further, the Court noted that the plaintiff's treating physician "relied on the history provided to him by [p]laintiff, which reflected a close temporal proximity between the 2011 [a]ccident and onset of his injuries and omitted information about prior injuries [p]laintiff sustained in train and automobile accidents before the 2011 [a]ccident." *Id.* Noting that "[c]ourts frequently exclude causation opinion testimony from expert witnesses  who—like [plaintiff's treating physician]—base their opinions on a plaintiff's account of the facts without consideration of other possible causes of an injury" or condition, the court excluded the treating physician's causation opinion finding that the plaintiff had "not established by a preponderance of the evidence that [the physician's] subjective causation opinion [was] based on sufficient facts and data nor that it [was] the product of a reliable methodology." *Id.* at *3.  *See also Cooper v. Marten Transport, Ltd.*, 539 Fed. App'x 963 (11th Cir. 2013) (affirming exclusion of treating

physician and surgeon's causation opinions—found unreliable by the district court as "based only on physical examinations" and "[plaintiff's] medical history in relation to the subject accident"—because they "amounted to 'simple reliance on a temporal relationship' without considering and excluding alternative causes.")

Here, unlike in *Carmody*, there is no information regarding the factual bases and/or upon what Dr. Topp relied or the methodology used in reaching his causation opinions.  In the absence of such information, Dr. Topp's causation opinions must be excluded as neither based on sufficient facts and data nor the produce of a reliable methodology.

B.  Affidavit and Expert Disclosure of Dr. Pardo

Also, pursuant to Rule 26(a)(2)(C), Fed. R. Civ. P., Plaintiff has provided a written affidavit from Dr. Pardo  as well as provided a disclosure, which purportedly sets out both his opinions and the factual bases for these opinions. Doc. 15-1; Doc. 23.   Specifically, Dr. Pardo, who is board certified in anesthesiology and licensed in pain management, opines that:

> 7.     It is my opinion within a reasonable degree of medical probability the impact from the automobile accident dated February 11, 2017 caused the following injuries to Mr. Triolo's lumbar spine:
> a.   2mm protruding disc herniation indenting the anterior thecal sac with spinal canal narrowing at T12-L1
> b.   Annular bulge encroaching upon foraminal at L2-3
> c.   Mild facet joint arthropathy, predominantly on the right side at L3-4
> d.   Bilateral facet join arthropathy at L4-5
> e.   Circumferential disc bulge resulting in bilateral foraminal stenosis in combination with anterior L5 subluxation encroaching upon the L5 nerve roots bilaterally.

8.      It is my opinion within a reasonable degree of medical probability that these injuries to Mr. Triolo's lumbar spine are permanent in nature.

9.      It is my opinion within a reasonable degree of medical probability that these injuries to Mr. Triolo's lumbar spine did not pre-exist the date of the accident.

10.     It is my opinion within a reasonable degree of medical probability that impact from the automobile accident dated February 11, 2017 caused a temporary injury to Mr. Triolo's cervical spine including muscle spasms, sprain and strain.

11.     As a result of Mr. Triolo's injuries and ongoing pain subsequent to his fusion at L5-S1, it is my opinion within a reasonable degree of medical probability that Mr. Triolo will need future pain management treatment for the remainder of his life as follows:
    a.      Pain management office visits approximately 12 times per year
    b.      Urine drug screen tests approximately 4-6 times per year
    c.      Narcotic pain medication including but not limited to oxycodone/acetaminophen (10-325) approximately 45 pills per month for the (omission in original)
    c.      Bilateral 3-level lumbar radiofrequency ablation 1 timer per year
    e.      Physical therapy/chiropractic care 24 times per year

Doc. 15-1 at Affidavit of Reynaldo Pardo, M.D.

Here, much like with Dr. Topp, neither Plaintiff nor Dr. Pardo provides any factual bases for his opinions that the impact from the accident caused—rather than simply aggravating, exacerbating or was a pre-existing condition—the following injuries to Mr. Triolo's lumbar spine: (a) 2mm protruding disc herniation indenting the anterior thecal sac with spinal canal narrowing at T12-L1; (b) Annular bulge encroaching upon foraminal at L2-3; (c) Mild facet joint arthropathy, predominantly on the right side at L3-4; (d) Bilateral facet join arthropathy at L4-5; and (e) Circumferential disc bulge

resulting in bilateral foraminal stenosis in combination with anterior L5 subluxation encroaching upon the L5 nerve roots bilaterally.

For the same reasons as argued above with respect to Dr. Topp, pursuant to Rule 702, the Defendant cannot determine whether Dr. Pardo's causation opinions are based on any facts or data, much less sufficient facts or data to be reliable. Moreover, neither Dr. Pardo's affidavit nor the Plaintiff's disclosure provides Defendant with any information to determine whether Dr. Pardo's causation opinions are the "product of reliable principles and methods" or that such has been reliably applied to the facts of this case.

C.    Expert Disclosure of Michael Cochran

Pursuant to Rule 26(a)(2)(C), Fed. R. Civ. P., Plaintiff has provided a disclosure of the opinions to be offered by Michael Cochran, which purportedly sets out both his opinions and the factual bases for these opinions. Doc. 15-1; Doc. 23. Specifically, Plaintiff disclosed that Mr. Cochran, who is the repair technician at AutoNation Ford in Orange Park, is expected to opine that:

> Mr. Cochran will testify based upon his knowledge of the repairs performed on Mr. Triolo's vehicle subsequent to the accident pursuant to the inspection of the vehicle. He will testify pertaining to the damage, repair, and estimate of Plaintiff's vehicle after the collision caused by the US Postal Service employee. He will testify as to the damage to the rear of the Plaintiff's vehicle and that the cost of the repair same was approximately $5,811.71 (initial repair: $4,675.10; supplemental repair: $1,136.61). *He will testify that the damage to the vehicle indicates that impact was a hard impact.* He will discuss the damage to the parts of the vehicle as depicted in photographs of the vehicle as well as the repair file from AutoNation Ford.

Doc. 15-1.

9

Here, Plaintiff intends to offer the testimony of a non-retained auto body technician to testify that the force of impact involved in the accident was "hard" based on the damage to the parts of the vehicle. [1]  However, Mr. Cochran is not qualified or competent to testify on this issue.  Further, assuming he was competent, the testimony would be unreliable because no evidence has been disclosed to demonstrate he utilized any methodology to arrive at this opinion.

Under Rule 702, a witness may qualify as an expert based on scientific, technical, or other specialized knowledge, skill, experience, and/or education.  Plaintiff has neither disclosed nor demonstrated that Mr. Cochran, as an auto body technician, possesses the knowledge, skill, experience, training and/or education to opine on the force of impact in this accident or that his opinions will help the trier of fact to understand the evidence or to determine a fact in issue.  Plaintiff has offered no credentials in light of the subject matter of the proposed testimony.   Hence, Plaintiff has not shown that Mr. Cochran is qualified to testify competently regarding the matters he is expected to address.  Without more, the Plaintiff has not demonstrated that Mr. Cochran is qualified to testify on the issue of the force of the impact involved in this minor traffic accident.

Next, even if Plaintiff could demonstrate that Mr. Cochran possesses the requisite scientific, technical, or other specialized knowledge to testify on the force of the impact,

---

[1] Based on the discovery on the Plaintiff's property damage claim, Plaintiff's disclosure erroneously states that the damage from the minor traffic accident with the U.S. Postal Service employee totaled $5,811.71.  Rather, the damage from the traffic accident with the U.S. Postal Service employee totaled $1,136.61.  The damage in the amount of $4,675.10 is the estimate to repair damage to Plaintiff's vehicle that occurred on February 26, 2017, which was far more extensive and which occurred approximately two weeks after the minor accident with the U.S. Postal Service employee.  However, the repairs from both accidents was completed at the time.  Because Mr. Cochran's testimony about the damage caused in the instant accident did not take into account actual, relevant facts, any methodology would be unreliable.

Plaintiff has not disclosed any facts or data, much less sufficient facts or data, to determine the opinion to be reliable.  Moreover, Plaintiff failed to disclose or provide Defendant with any information to determine whether Mr. Cochran used any scientific methodology in arriving at or calculating the force of the impact involved in this accident such that another expert would be able to challenge this opinion in any objective sense.  Hence, Mr. Cochran's opinion runs afoul of Rule 702, *Daubert* and its progeny.  Because Plaintiff has failed to demonstrate that Mr. Cochran used any scientific methodology in forming his opinion on the force of impact, his opinion on force of impact is unreliable and must be excluded.

## CONCLUSION

Because Plaintiff has not provided sufficient information for the Defendant, or the Court for that matter, to perform a *Daubert* analysis on the opinions offered by Drs. Topp and Pardo as well as Mr. Cochran, Defendant respectfully requests that these three experts be excluded and/or have their testimony limited.

Dated: October 8, 2019                     Respectfully Submitted,

                                                        MARIA CHAPA LOPEZ
                                                        United States Attorney

                                                         */s/Ronnie S. Carter*
                                                        RONNIE S. CARTER
                                                        Assistant United States Attorney
                                                        Florida Bar No. 0948667
                                                        United States Courthouse
                                                        300 North Hogan Street, Suite 700
                                                        Jacksonville, Florida 32202-4270
                                                        Telephone No. (904) 301-6283/6300
                                                        Facsimile No. (904) 301-6310
                                                        Email: Ronnie.Carter@usdoj.gov

**Certificate of Compliance with Local Rule 3.01 (g)**

I hereby certify that I conferred in good faith with Benjamin C. Moore, Esquire, Plaintiff's counsel, regarding the instant motion. With respect to the anticipated testimony of Mr. Cochran, Mr. Moore advised that he "will not ask [the witness at trial] about the force of the impact." However, Mr. Moore declined to agree to amend the disclosure in this regard. Plaintiff's counsel otherwise opposes the relief sought in this motion.

**Certificate of Service**

I HEREBY CERTIFY that on this 8th day of October, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s) listed below:

> Benjamin C. Moore, Esquire
> Philip S. Kinney, Esquire
> Kinney & Sasso, PLLC.
> 9191 RG Skinner Parkway, Suite 703
> Jacksonville, FL 32256-9678

> _/s/Ronnie S. Carter_
> RONNIE S. CARTER
> Assistant United States Attorney

12