**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE**

RICHARD A. TRIOLO

                                     CASE NO.: 3:18-cv-00919-MMH-JBT

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

     Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S AMENDED**
**DAUBERT MOTION TO EXCLUDE OPINIONS OF PLAINTIFF'S**
**NON-RETAINED EXPERT WITNESSES**

    Plaintiff, RICHARD A. TRIOLO, by and through his undersigned attorneys, submits his Response to Defendant's Amended Daubert Motion to Exclude Opinions of Plaintiff's Non-Retained Expert Witnesses, and in support thereof states as follows:

    1.     This case has become mired in defense satellite litigation.

    2.     The Plaintiff was injured in a rear-end motor vehicle collision on November 3, 2017. A bench trial is scheduled for the March 2, 2020 docket. The Plaintiff followed the Case Management Order and completed discovery timely and disclosed experts timely. The bench trial is schedule for the March 2, 2020 docket.

    3.     Conversely, the Defendant has taken all measures possible to not litigate this case on the merits. On the eve of its expert witness disclosure deadline, the Defendant moved to strike the Plaintiff's non-retained experts and decided to not disclose any experts of its own. The Court referred the matter to the Magistrate, who overwhelmingly rejected the Defendant's position that the non-retained treating physicians were required to provide Rule 26(a)(2)(B) reports. As well,

1

the Magistrate rejected the Defendant's assertion that the Plaintiff's Rule 26(a)(2)(C) disclosures were somehow deficient. When that strategy failed, the Defendant filed an Objection to the Magistrate's Order. (Doc 25). With no experts of its own, and a failed attempt to strike the Plaintiff's experts, the Defendant submitted an untimely Motion to Extend Discovery Deadline and to Continue Trial. (Doc 26).

4. Now the Defendant asserts a Daubert challenge to the Plaintiff's non-retained experts. The basis of Defendant's instant Motion is that the opinions of the Plaintiff's non-retained treating physicians are unreliable. The Defendant supports the argument by asserting that there is no evidence that their opinions are based upon an established methodology.

5. However, the Defendant has not presented to the Court any testimony or evidence to support its position. That is because the Defendant has none. The Defendant has never:

    i. deposed the Plaintiff;

    ii. taken a discovery deposition;

    iii. conducted a Defense Medical Exam; nor

    iv. obtained any opposing medical opinions of its own.

6. The Defendant's Motion is an attempted "end around" of the Order denying its Motion to Strike. The Defendant's arguments underlying the Daubert Motion are flawed and as such, the Amended Motion should be denied.

## MEMORANDUM OF LAW AND ARGUMENT

When evaluating the reliability of an expert's testimony under *Daubert*, the Eleventh Circuit uses a three-part inquiry assessing whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and

  (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

See Hendrix v. Evenflo Co., 609 F.3d 1183, 1194 (11th Cir. 2010).

  In the instant case, the Defendant contends Plaintiff's non-retained treating physicians' testimony is unreliable because there is no evidence that their opinions are based on any methodology whatsoever. However, Defendant has done nothing to present this Court with actual evidence of the purported flaw in methodology.

  The Magistrate previously ruled the treating physicians are non-retained physicians who are not required to produce written reports. (Doc 22, pg. 6). A treating physician who derives his opinions during the treatment of the Plaintiff is not subject to *Daubert* analysis, unless that treating physician expresses an opinion "unrelated to treatment and based on scientific, technical, or other specialized knowledge, that a witness offers expert testimony for which the Court must perform its essential gatekeeping function as required by *Daubert*." Jones v. Disc. Auto Parts, LLC, 2017 U.S. Dist. Lexis 59890, *25-26 (M.D. Fla. 2017) citing, Wilson v. Taser Int'l, Inc., 303 F. App'x 708, 712 (11th Cir. 2008). Here, as stated repeatedly throughout the Plaintiff's disclosures, the physician's testimony is derived from their treatment.

  In Jones, a plaintiff slipped and fell on the defendant's premises. Id. at 20-21. The Court held a physician's opinions regarding causation, the need for future treatment, and the reasonable cost of that treatment may be formed during the course of treatment, do not convert a treating physician into a retained expert, and do not require a written report pursuant to Federal Rule 26(a)(2)(B). Id. at 22. The Court opined that the disclosure of a treating physician is sufficient as long as it describes the subject matter of the testimony and a summary of the facts and opinions to which the physician is expected to testify. Id. at 22-23.

The Middle District held the plaintiff's disclosures were insufficient in that they did not identify the names of expert witnesses the plaintiff intended to use at trial but only the medical facility. Id. at 23. The Middle District criticized the defendant's arguments with respect to prejudice. Id. The Court opined:

> Specifically, Defendant maintains that, due to this omission, it did not depose Plaintiff's experts, did not retain its own expert on medical causation…and missed the applicable *Daubert* motion deadline…This representation from an experienced defense lawyer is less suggestive of prejudice by the omission and more likely the calculated risk of lying in wait. Defendant certainly was on notice that Plaintiff was claiming injury from the fall and had ample time to seek a Rule 35 examination, yet chose not to.

Id. at 24. This is exactly what the Defense Counsel is attempting to argue in the instant case…that they are prejudiced by insufficient disclosures. In the instant case, Plaintiff identified the names of the treating physicians and gave a detailed disclosure of opinions relating to causation, future treatment, etc. In Jones, these disclosures would be deemed sufficient. Similarly to the defendant in Jones, Defendant in the instant case did not depose Plaintiff's experts and did not retain their own expert on medical causation. Therefore, any prejudice suffered by Defendant arises from the Defendant's own inaction. Id.

Even assuming the treating physician's testimony is assessed under *Daubert*, a disclosure that describes the injury was caused by a crash and necessitated surgery is an acceptable methodology satisfying *Daubert*. See, Goins v. Royal Caribbean Cruise, Ltd., 2017 U.S. Dist. Lexis 75903, *23-24 (S.D. Fla. 2017) ("The methodology used by Dr. Leavitt [treating orthopedic surgeon] in determining that the Plaintiff's injury necessitated surgery, was the result of his fall…is reliable and his opinions on this subject are admissible.").

Additionally, the "differential diagnosis" methodology is acceptable and an approved methodology for use by treating physicians under *Daubert*. Jones, at *25-26. Plaintiff's treating

4

physicians clearly described a differential diagnosis methodology in their disclosures when they stated Plaintiff did not have any pre-existing injuries and the car crash was the sole cause of the injury which necessitated the surgery.

Similar to the case at bar, in Bach-Tuyet, 2017 U.S. Dist. Lexis 68330 (S.D. Fla. 2017), the Defendant United States made the same argument as the instant case and attacked the methodology of the plaintiff's treating physician's causation opinions in a *Daubert* motion. The case involved a slip and fall on a cruise ship which resulted in a tuberosity fracture of the left shoulder. Id. at 27. The United States argued that the plaintiff's treating physician "failed to utilize a reliable scientific methodology to formulate her causation opinions" and "failed to conduct any scientific analysis regarding the cause of the plaintiff's injuries and/or symptoms including conducting a differential diagnosis to rule out other causes." Id. at 24-25. The Southern District of Florida rejected the Defendant's contention that *Daubert* applied to the treating physician, and stated:

> [a]ssuming *arguendo* that the opinions of [the treating physician] regarding the nature and cause of Plaintiff's injury are considered to constitute expert opinions rather than lay testimony, those opinions, other than where the injury occurred, satisfy the *Daubert* standard and thus are admissible.

Id.

Under cross-examination, the treating physician was asked whether she undertook a differential diagnosis to determine the cause of the pain in the plaintiff's shoulder, and she testified that she did not consider every single aspect of the plaintiff's medical history because it was "sort of obvious to what caused her pain." Id. at 27-28. She went on to testify that though there were a lot of things that could cause shoulder pain, from the x-ray it was clear it was a fracture. Id. at 28. The Southern District of Florida held:

5

> Examining patients, taking a medical history, reviewing x-rays and concluding that [plaintiff's] injury was caused by her then-recent fall is consistent with techniques that have been generally accepted in the proper scientific community. [The treating physician] engaged in standard diagnostic techniques and offered an explanation as to her opinions and thus her opinions are reliable for diagnosing a common injury that occurred in the manner in which it commonly may occur.

Id. at 28. The court also noted that a doctor does not have to employ all techniques normally used in performing a differential diagnosis to satisfy the reliable methodology requirement of *Daubert*. Id. at 29-30. The court cited to In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 749 (3d Cir. 1994) for the proposition that a treating physician used a reliable methodology in concluding a bike accident caused a fractured arm even though the treating physician did not physically examine the patient or take a medical history because the bike accident was "so much more likely to have been the cause of the fracture than anything else that the is no need to examine alternatives."

The court concluded in *Bach-Tuyet* that there was no evidence offered by the Defendant to show that a true differential diagnosis was required because there was no indication that the origin of the plaintiff's pain and injury were unclear. Bach-Tuyet, at 31. In the instant case, the Plaintiff provided detailed disclosures of both Drs. Topp and Pardo and thereby satisfied the reliable methodology requirement of *Daubert*. In arguing Plaintiff's treating physicians' methodology is insufficient, Defendant attacks Plaintiff's disclosure and states that Plaintiff failed to describe how the collision "caused the injury" which necessitated the surgery. Both Dr. Topp and Dr. Pardo described the injury to Plaintiff's lumbar spine and identified that the surgery took place to remedy the injury at L5-S1. They both opined that the crash caused the injury and that the Plaintiff had not pre-existing injuries to his lumbar spine.

Alternatively, if the Court agrees with the Defendant's *Daubert* position, then the Court should conduct an evidentiary hearing in order to assess the reliability of the methodology. It is

within the Court's discretion whether to conduct a *Daubert* hearing. United State v. Frazier, 387 F.3d 1244, 1274 at FN 4 (11th Cir. 2004). *Daubert* governs the admissibility of evidence and challenges to the weight and sufficiency of the expert testimony should not be raised under *Daubert*. Walters v. Altec Indus., 2003 US Dist. Lexis 27631, *7 (M.D. Fla. 2003). Exclusion of expert testimony under *Daubert* is the exception and not the rule. *Id.*

In Perez v. Country Mut. Ins. Co., 2016 US Dist. Lexis 75868 (M.D. Fla. 2016), the Court exercised its discretion and entertained a *Daubert* Motion hearing. The Court noted that "where the parties' reciprocal submissions are sufficient to enable the court to resolve the reliability issue with taking live testimony, an evidentiary hearing is unnecessary." Id. at *3.

In Lee-Bolton v. Koppers Inc., 319 F.R.D. 346, 377 (N.D. Fla. 2017) the court held in circumstances where a retained expert's summary report in the form of conclusory statements is insufficient under *Daubert*, the Court may allow the deficiency to be cured by a full evidentiary hearing. This allows the testimony of the expert to be further developed so that the party can present additional evidence to meet their burden of showing that the opinions was based on more than the "*ipse dixit*" of the expert. Id. at 377, FN 77.

In the instant case, Defendant has not filed any evidence to support its position. To the extent this Court is entertaining the Defendant's Motion, Plaintiff would request this Court grant an evidentiary hearing so that the treating physicians would be permitted to testify as to their methodology. Of course, this would not have been necessary had the Defendant pursued discovery on its own.

## CONCLUSION

In conclusion, the Defendant's Amended *Daubert* Motion should be denied. Plaintiff sufficiently described the methodology implemented by Drs. Topp and Pardo, the non-retained

7

treating physicians. Alternatively, if the Court decides to entertain the Defendant's Motion, the Plaintiff would respectfully request the Court conduct an evidentiary hearing so the treating physicians may testify as to the basis for their methodology.

By:/s/*Benjamin C. Moore*
Philip S. Kinney, Esq.
Fla. Bar No.: 0709611
Benjamin C. Moore, Esq.
Florida Bar No. 773581
*Kinney & Moore, PLLC*
9191 R.G. Skinner Pkwy., Suite 703
Jacksonville, Florida 32256
Tel: (904) 642-4111
Fax: (904) 329-1875
Email: Philip@JaxLitigation.com
E-mail: Ben@JaxLitigation.com
Secondary: Heather@JaxLitigation.com
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of November, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties listed in the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

Ronnie S. Carter, Esq.
Assistant United States Attorney
Trial Counsel
United State Courthouse
300 North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Primary: Ronnie.Carter@usdoj.gov
Secondary: Nicole.Schmidt2@usdoj.gov
Chantal.Sabino@usdoj.gov
Brittany.Robinson2@usdoj.gov
Jaxdocket.mailbox@usdoj.gov