UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

        Plaintiff,

v.

UNITED STATES OF AMERICA,

        Defendant.
_____/

Case No. 3:18-cv-919-J-34JBT

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT FOR FAILURE TO ATTEND MEDIATION**

Defendant, the UNITED STATES OF AMERICA, files its response in opposition to Plaintiff's Motion for Sanctions Against Defendant for Failure to Attend Mediation. Doc. 38. Because Plaintiff failed to comply with Local Rule 3.01(g) and failed to comply with Rule 11(c), Fed. R. Civ. P., in requesting sanctions, and because the Defendant did attend mediation, Plaintiff's motion for sanctions must be denied.

**FACTUAL BACKGROUND**

On Monday, October 21, 2019, the Parties attended a mediation conference with Mediator Robert Cole. On behalf of the United States of America, the undersigned attended in her role as counsel of record and as the authorized representative of the United States of America. In addition, Conny Beatty, a representative of the United States Postal Service (USPS), appeared telephonically. Prior to the mediation, the undersigned advised Mary Lou Struble, Mr. Cole's

assistant, that she would be the only person attending in person and that Ms. Beatty would appear telephonically.  Further, in the Defendant's mediation statement, the undersigned advised that she would be attending mediation on behalf of the Defendant, and that Ms. Beatty—a representative of the interested federal agency—would be attending by telephone.

On the day of the mediation, but prior to the start of the mediation conference, Plaintiff's counsel raised an issue arguing that he believed the "Defendant" failed to attend mediation.  The undersigned explained that the United States is unlike any other defendant and that, in addition to serving as counsel of record for the United States of America, she had full settlement authority in this case on behalf of the United States of America as its representative.  Further, when the undersigned telephonically connected Ms. Beatty to the mediation conference, Ms. Beatty also explained that the undersigned had full settlement authority, not her or the USPS.  Next, the undersigned offered to contact the judge's chambers to resolve this matter before beginning the mediation.  At that point, Plaintiff's counsel began his mediation presentation and the conference was underway.

Hours after the mediation ended in an impasse, the Plaintiff filed the instant motion for sanctions arguing the United States of America failed to have a representative attend the mediation.  Plaintiff failed to contact the undersigned prior to filing the instant motion for sanctions in violation of Local Rule 3.01(g), M.D. Fla.  Further, Plaintiff seeks sanctions, but he failed to comply with Rule 11(c), Fed.

R. Civ. P.  Last, contrary to Plaintiff's assertions, the Defendant was appropriately represented by the undersigned as trial counsel and as the representative for the sovereign.

**MEMORANDUM**

I. <u>Because Plaintiff Failed to Comply with Local Rule 3.01(g), the Motion Must be Denied</u>.

Local Rule 3.01(g), Middle District of Florida, provides:

> Before filing any motion in a civil case, ... the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving counsel has conferred with opposing counsel and that counsel have been unable to agree on the resolution of the motion.

As Local Rule 3.01(g) states, a statement certifying contact with opposing counsel is mandatory.

In this case, there is no statement, much less any mention, in Plaintiff's Motion that he contacted, much less attempted to contact, the undersigned to discuss the instant Motion.  Further, after the mediation ended, the undersigned is not aware of any attempt by Plaintiff to confer with the undersigned prior to filing the motion for sanctions.  Therefore, because Plaintiff failed to contact Defendant to confer about the instant Motion as mandated by Local Rule 3.01(g), the Motion for sanctions must be denied.

    II.    <u>Because Plaintiff Failed to Comply with Rule 11, Fed. R. Civ. P., the Motion for Sanctions Must be Denied</u>.

In the instant Motion, citing Rule 11(f)(1)(C), Fed. R. Civ. P., Plaintiff seeks sanctions against the United States of America for purportedly failing to have a representative attend mediation. Doc. 38. First, there is no section (f)(1)(C) to Rule 11, Fed. R. Civ. P. Second, pursuant to Rule 11(c), Fed. R. Civ. P., when seeking sanctions, the party seeking sanctions must specifically describe the conduct that purportedly violations Rule 11(b). In the instant motion, Plaintiff does not describe any conduct that violates Rule 11(b). Third, when seeking sanctions pursuant to Rule 11(c), Fed. R. Civ. P., the party seeking sanctions must first <u>serve</u>—but not file—the motion upon the opposing party; if the party's conduct is not rectified within the 21 day period after service of the motion, the party seeking the sanction may file it with the court. Here, rather than serving the motion on Defendant, the Plaintiff immediately filed the sanctions motion. Because the motion for sanctions was filed rather than being served upon the Defendant, Plaintiff has failed to comply with Rule 11's requirements for seeking sanctions. Thus, Plaintiff's motion must be denied.

    III.    <u>Because the Undersigned AUSA Had Settlement Authority to Resolve This Matter, the Undersigned Served as Defendant's Representative at Mediation</u>.

Local Rule 9.05, M.D. Fla., requires, in pertinent part, that "all counsel, parties, corporate representatives, and any other required claims professionals … shall be present at the Mediation Conference with full authority to negotiate a settlement." In compliance with these requirements, the undersigned Assistant United States Attorney (AUSA) was authorized to attend the mediation as both the trial counsel and

representative of the Defendant.  As discussed below, the undersigned AUSA had full authority to settle this case at mediation.

Unlike the traditional case in which the client has final settlement authority and the attorney offers advice, the United States of America is unique in that Congress vested full power over all litigation in the Attorney General of the United States, including the exclusive authority to settle.  *See United States v. Walcott*, 972 F.2d 323, 326-27 (11th Cir. 1992)(noting that, pursuant to 28 U.S.C. §§ 516 and 519, the Attorney General "is vested with plenary power over all litigation to which the United States or one of its agencies is a party.")(citations omitted).  Pursuant to 28 U.S.C. §§ 516 and 519, matters in litigation involving the United States of America, an agency, or officer thereof are within the exclusive authority of the Attorney General, unless Congress authorizes otherwise.  *United States v. Santee Sioux Tribe of Neb.*, 135 F.3d 558, 562 (8th Cir. 1998) (stating "Attorney General has exclusive authority and plenary power to control the conduct of litigation in which the United States is involved, unless Congress specifically authorizes an agency to proceed without the supervision of the Attorney General.") (*quoting United States v. Hercules, Inc.*, 961 F.2d 796, 798 (8th Cir. 1992)).  This exclusive authority extends to settlement of claims in litigation.  *Hercules*, 961 F.2d at 798 (stating "The Attorney General's discretionary authority includes the power to enter into consent decrees and settlements.")

Pursuant to the Federal Housekeeping Statute, 5 U.S.C. § 301, the Attorney General promulgated regulations that delegate the authority to settle claims on behalf of the United States to various Department of Justice officials.  28 C.F.R. §§ 0.160-0.172.

The Attorney General has delegated full authority to the Deputy Attorney General of the United States. 28 C.F.R. § 0.161. Settlement authority not to exceed $4 million has been delegated to the Assistant Attorney General of the Civil Division of the Department of Justice to resolve claims brought against the government. 28 C.F.R. § 0.160(a)(3). Except for certain exceptions that do not apply to this case, each United States Attorney has settlement authority of $1 million to settle cases brought within their respective districts. 28 C.F.R. Part O, Subpart Y and app section 1(a)(2). *See Manno v. United States*, 137 Fed. App'x 245, 247 (11th Cir. 2005)(noting that a "United States Attorney has discretion to settle suits…"); *Walcott*, 972 F.2d at 327 (addressing United States Attorney's authority to settle suits). In the Middle District of Florida, the United States Attorney has delegated to the Chief of the Civil Division the authority of $500,000 in settlement authority to resolve claims brought against the United States.

Commenting on the unique nature of the United States as a litigant in this regard, the Senate Report on the Judicial Improvements Act of 1990 explained:

> As was the case with subsection (b)(2) [a previous section of the Act setting forth a requirement that the pretrial conference be attended by an attorney with authority to bind the party as to all issues], those district court that choose to adopt the requirement . . . should account for the unique situation of the Department of Justice. The Department does not delegate broad settlement authority to all trial counsel, but instead reserves that authority to senior officials in the United States Attorneys' offices or in the litigation divisions in Washington. Clearly, the Department cannot realistically send officials with full settlement authority to each settlement conference.

S. Rep. No. 101-416, at 51 (1990), *reprinted in* 1990 U.S.C.C.A.N. 6802, 6848.

Department of Justice regulations also prohibit the United States Attorney from exercising delegated settlement authority if the agency, which in this case is the USPS, is

opposed to the settlement. If an agency opposes a settlement proposed by attorneys in the United States Attorney's Office, the United States Attorney may not exercise delegated settlement authority and the matter must be referred to the Assistant Attorney General of the Civil Division for resolution. 28 C.F.R. Part O, Subpart Y and app section 1e (iii). That is, a Department of Justice official, not an official in the agency, resolves settlement disagreements.

A procedure that retains settlement authority of significant amounts to specific individuals within the Department of Justice ensures uniformity among United States Attorney's offices concerning the amount which the Government offers to settle cases and guarantees that settlements requiring the payment of large sums of public funds are carefully reviewed prior to approval.

Courts have upheld these policies. For instance, the Fifth Circuit Court of Appeals held that it was an abuse of discretion for a district court to routinely require the Government to have a person with ultimate settlement authority present at all settlement conferences. *In re Stone*, 986 F.2d 898, 904-05 (5th Cir. 1993). In *Stone*, the court of appeals recognized the policy objective underlying the Department of Justice's settlement regulations. The court reasoned that:

> Given the reasonable policy justifications for the Justice Department's settlement regulations and the insignificant interference with the operation of the courts, the district court abused its discretion in not respecting those regulations. Where the interference with the courts is slight, courts should not risk becoming 'monitors of the wisdom and soundness of Executive action.' The order at issue here imposes a major inconvenience on at least one of the parties without showing of a real and palpable need.

*Id.* at 904 (citation omitted).  *Accord A.P. ex rel. Phinisee v. United States*, 556 Fed. App'x 132, 137 (3d Cir. 2014)(stating "it would be 'highly impractical, if not physically impossible,'" for the ultimate government decision-maker to prepare for and appear at all settlement conferences for all cases.)

The unique status of the Federal Government in settlement conferences was also recognized by the Advisory Committee in the Notes to Rule 16(c)(9), Fed. R. Civ. P.:

> Particularly in litigation in which governmental agencies or large amounts of money are involved, there may be no one with on-the-spot settlement authority, and the most that should be expected is access to a person who would have a major role in submitting a recommendation to the body or board with ultimate decision making responsibility. The selection of the appropriate representative should ordinarily be left to the party and its counsel.

Advisory Committee in the Notes to Rule 16(c)(9)(1993 amendments).  *See also United States v. Mendoza*, 464 U.S. 154, 159-60, 104 S.Ct. 568, 572, 78 L.Ed.2d 379 (1984) (stating "We have long recognized that 'the Government is not in a position identical to that of a private litigant,' both because of the geographic breadth of government litigation and also, most importantly, because of the nature of the issues the government litigates.  It is not open to serious dispute that the government is a party to a far greater number of cases on a nationwide basis that even the most litigious private entity.")(citation omitted).

Although is it not practical for the individual with ultimate settlement authority to be present at every mediation, prior to mediation, government officials at the United States Attorney's Office and a federal agency will have evaluated the case and made a decision concerning settlement authority.  Here, prior to mediation, the undersigned

thoroughly evaluated the relative merits of the case, in light of the procedural posture of this case, and the associated risks. The undersigned conferred with the USPS, through Ms. Beatty, regarding the merits of this case and received settlement concurrence from the USPS. At that point, with the concurrence of the USPS, the undersigned obtained the full authority of the United States Attorney to reject any offer and had full and final authority to settle within her approved authority. In contrast, no one at the USPS, including Ms. Beatty, had authority to settle this case.

Further, while involvement of agency counsel generally is not necessary to resolve a case a mediation, the United States Attorney's Office does invite agency counsel to attend mediation as a courtesy and as a best practice. Agency counsel routinely must attend by telephone as most are located in other cities, states or territories, and many are subject to travel restrictions. Here, Ms. Beatty, who is located in St. Louis, Missouri, attended by telephone. The undersigned's authority to enter into a settlement agreement was not impacted by Ms. Beatty's attendance by telephone.

The United States Attorney's Office values and respects the Court's mediation process. We have enjoyed a significant amount of success in resolving civil cases through mediation. Based on the process by which settlement authority has been granted in this case, the United States assures the Court that it has conducted itself in full compliance with the requirements of law and with an eye towards the most practical and effective mediation environment possible.

At mediation, the undersigned attempted to explain the unique position of the United States as a defendant, but Plaintiff's counsel expressed skepticism that the United

9

States is unlike other defendants.  However, when the undersigned offered to contact the Court to resolve this issue, Plaintiff's counsel simply proceed with his mediation presentation.  In the instant motion, Plaintiff noted that the mediation was a waste of time.  The Defendant agrees that the mediation was not productive, but it had nothing to do with the Plaintiff's perception that an additional representative of the United States needed to be present and had everything to do with the differences in the Parties' settlement valuation of this case.

## **CONCLUSION**

Based upon the foregoing arguments and citations of authority, the Defendant respectfully requests that Plaintiff's motion for sanctions be denied.  Defendant submits that, based upon Department of Justice and United States Attorney's Office settlement procedures and policies, the undersigned had the full authority to enter into a settlement if the parties had been able to achieve agreement.

Dated: November 4, 2019

Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney

  /s/ Ronnie S. Carter
RONNIE S. CARTER
Assistant United States Attorney
Florida Bar No. 0948667
United States Courthouse
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone No. (904) 301-6283/6300
Facsimile No. (904) 301-6240/6310
Email: Ronnie.Carter@usdoj.gov

cc:  Conny Beatty

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this <u>4th</u> day of November, 2019, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participant(s) listed below:

> Benjamin C. Moore, Esquire
> Philip S. Kinney, Esquire
> Kinney & Sasso, PLLC
> 9191 RG Skinner Parkway, Suite 703
> Jacksonville, FL 32256-9678

> <u>/s/Ronnie S. Carter</u>
> RONNIE S. CARTER
> Assistant United States Attorney