**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RICHARD A. TRIOLO,

        Plaintiff,

v.                                                           Case No. 3:18-cv-919-J-34JBT

UNITED STATES OF AMERICA,

        Defendant.

## **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Objection to Magistrate Judge's Non-Dispositive Order Denying Defendant's Motion to Strike Plaintiff's Non-Retained Expert Witnesses (Doc. 25; Objection), filed on September 6, 2019. Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)) and 28 U.S.C. § 636, Defendant United States of America objects to the Order (Doc. 22; Order) entered by the Honorable Joel B. Toomey, United States Magistrate Judge, on August 23, 2019. In the Order, Magistrate Judge Toomey denied Defendant's Motion to Strike Plaintiff's Non-Retained Expert Witnesses (Doc. 14; Motion to Strike). See Order at 7. Defendant contends that the Magistrate Judge's Order is contrary to law and clearly erroneous and requests that this Court reverse the Order. See Objections at 12. Plaintiff Richard A. Triolo responded to the Objection on October 9, 2019. See Plaintiff's Response to Defendant's Objection to Magistrate Judge's Order Denying Defendant's Motion to Strike Plaintiff's Non-Retained Expert Witnesses (Doc. 35; Response). In further support of its Objection, Defendant also filed a notice of

supplemental authority. See Defendant's Notice of Supplemental Authority (Doc. 29), filed September 26, 2019. Accordingly, this matter is ripe for review.

**I.     Standard of Review**

Inasmuch as the Magistrate Judge's August 23, 2019 Order on Defendant's Motion to Strike does not dispose of a claim or defense of any party, it is a nondispositive order. See Smith v. Sch. Bd. of Orange Cnty., 487 F.3d 1361, 1365 (11th Cir. 2007) (per curiam). As such, to prevail in its Objection, Defendant must establish that the conclusions to which it objects in the Order are clearly erroneous or contrary to law. See Rule 72(a); 28 U.S.C. § 636(b)(1)(A); see also Traylor v. Howard, 433 F. App'x 835, 836 (11th Cir. 2011); Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[1] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000) ("The standard for overturning a Magistrate Judge's Order is a very difficult one to meet."). "Clear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Id. (citations and quotations omitted); see also Weeks v. Samsung Heavy Indus. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997) ("The clear error standard [under Rule 72(a) and 28 U.S.C. § 636(b)(1)(A)] means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made."). A magistrate judge's order "is contrary to law 'when it

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" Botta v. Barnhart, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007) (quoting Catskill Dev., L.L.C. v. Park Place Entm't Corp., 206 F.R.D. 78, 86 (S.D.N.Y. 2002); see also Pigott v. Sanibel Dev., LLC, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (similar) (citation omitted); Schaaf v. SmithKline Beecham Corp., Civil Action No. 1:04-cv-2346-GET, 2008 WL 489010, at *3 (N.D. Ga. Feb. 20, 2008) (similar) (citation omitted).[2] Moreover, a magistrate judge is afforded broad discretion in issuing nondispositive pretrial orders related to discovery such as the August 23, 2019 Order. See Tracy P. v. Sarasota Cnty., No. 8:05-CV-927-T-26EAJ, 2007 WL 1364381, at *2 (M.D. Fla. May 9, 2007); see also Rule 6.01(c)(18), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) (authorizing magistrate judges to supervise and determine pretrial proceedings and motions in civil cases, including discovery motions).

## II. Background

Defendant's Motion to Strike concerns Plaintiff's Rule 26(a)(2) expert witness disclosure, which identified eight non-retained expert witnesses and one retained expert

---

[2] The Court notes some authority that the "contrary to law" standard invites plenary review of a magistrate judge's legal conclusions. See e.g., Haines v. Liggett Grp., Inc., 975 F.2d 81, 91 (3d Cir. 1992); Milwaukee Carpenter's Dist. Council Health Fund v. Philip Morris, Inc., 70 F. Supp. 2d 888, 892 (E.D. Wis. 1999); Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 & n.2 (S.D. Cal. 1999). In this Circuit, however, the "contrary to law" standard has been distinguished as more deferential than de novo review. See Merritt, 649 F.2d at 1016-17 ("[A] magistrate['s nondispositive orders] are reviewable under the 'clearly erroneous and contrary to law' standard; they are not subject to a de novo determination as are a magistrate's proposed findings and recommendations."). Nonetheless, even to the extent the "contrary to law" standard may invite some level of plenary review, it is evident that because a magistrate is afforded broad discretion as to discovery matters, reversal as to a magistrate's discovery-related order is appropriate only where that discretion is abused. See generally Johnson v. Bd. of Regents of the Univ. of Ga., 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pretrial activities, including discovery and scheduling."); Botta, 475 F. Supp. 2d at 185; Doe v. Hartford Life & Accident Ins. Co., 237 F.R.D. 545, 547-48 (D.N.J. 2006); Doe v. Marsh, 899 F. Supp. 933, 934 (N.D.N.Y. 1995); see also CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3069 (2d ed. 1997) ("Regarding legal issues, the language 'contrary to law' appears to invite plenary review. But many matters such as discovery scheduling or disputes might better be characterized as suitable for an abuse-of-discretion analysis.").

3

witness. See Motion to Strike, Ex. A: Rule 26(a)(2) Expert Witness Disclosures of Plaintiff Richard A. Triolo (Disclosures). Defendant moved to strike all eight of the non-retained expert witnesses, asserting that Plaintiff failed to comply with Rule 26(a)(2)(C). See Motion to Strike at 5.[3] The Magistrate Judge denied the Motion to Strike, finding that Plaintiff's "extensive and detailed" Disclosures satisfied the requirements of Rule 26(a)(2)(C). See Order at 6-7. Defendant objects to this determination as it pertains to Dr. Raymond Topp, Plaintiff's orthopedic surgeon, and Dr. Reynaldo Pardo, Plaintiff's pain management physician. See Objection at 2-3; see also Disclosures at 2-5, Exs. B & C. According to Defendant, Plaintiff's disclosures as to these two treating physicians failed to comply with the requirements of Rule 26(a)(2)(C) because Plaintiff did not specifically "align, link, or tether" the facts disclosed to the specific opinions that they support. See Objection at 5-10.

## III.  Discussion

After a thorough review of the Magistrate Judge's Order, the Disclosures at issue, the parties' arguments, and the record in this case, the Court is convinced that the Magistrate Judge's Order is neither clearly erroneous nor contrary to law. Indeed, the Magistrate Judge's assessment that Plaintiff's Disclosures are "extensive and detailed" is entirely accurate. With respect to Drs. Topp and Pardo, the Disclosures do not merely identify the subjects on which they will opine, but also detail what each doctor's specific opinions actually are. Thus, unlike the cases cited in the Objection, Defendant is not left

---

[3] Defendant also argued in the Motion to Strike that three of Plaintiff's non-retained expert witnesses offered opinions which required disclosure of Rule 26(a)(2)(B) reports. See Motion to Strike at 6-13. The Magistrate Judge rejected this argument in the Order, and Plaintiff does not challenge this decision in its Objection. See Order at 4-6; Objection at 2-3. Accordingly, the Court does not consider those arguments here. See Rule 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

4

with "no idea what opinion the doctor will offer . . . ." Compare, e.g., Kondragunta v. Ace Doran Hauling & Rigging Co., No. 1:11-cv-01094-JEC, 2013 WL 1189493, at *6 (N.D. Ga. Mar. 21, 2013); Heard v. Town of Camp Hill, No. 3:16-cv-00856-WKM-GMB, 2017 WL 3622781, at *3 (M.D. Ala. Aug. 23, 2017) ("[I]t would not be an exaggeration to say that [plaintiff] has not identified a single specific opinion in his 20-page amended disclosures."); Ballard v. United States, No. 3:15-cv-101-J-25MCR, 2016 WL 9560007, at *2 (M.D. Fla. July 26, 2016) ("Plaintiff's disclosure fails to address the actual opinions that her expert witnesses will testify to, which is required."). In addition, the Disclosures contain a lengthy summary of the facts which purportedly support these opinions, and do not merely refer the reader to the medical records. Compare Sweat v. United States, No. 8:14-cv-888-T-17JSS, 2015 WL 8270434, at *1-2 (M.D. Fla. Dec. 8, 2015) ("To satisfy the Rule 26(a)(2)(C) disclosure obligation, the expert witness should do more than merely produce records.").

What is absent from the Disclosures is an explanation of the reasons why the summarized facts support the stated opinions. But, unlike Rule 26(a)(2)(B) which requires disclosure of "all opinions the witness will express and the basis and reasons for them," see Rule 26(a)(2)(B)(i) (emphasis added), Rule 26(a)(2)(C) imposes no such requirement. And, as the Magistrate Judge correctly observed, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." See Rule 26(a)(2)(C) advisory committee's note (2010 amend.). Defendant fails to cite any binding legal authority which interprets Rule 26(a)(2)(C) to require more detailed disclosures than what Plaintiff provided here. Although Defendant cites a single non-binding decision in support of its position that Plaintiff must disclose "'how' and 'why' a particular opinion was reached," see Nosewicz v.

Janosko, No. 16-cv-00447-PAB-KLM, 2019 WL 4248895, at *6 (D. Colo. Aug. 19, 2019), the undersigned finds it to be unpersuasive.[4] Judge Toomey was well within his discretion in finding that the Disclosures are adequate under the Rules. In light of the foregoing, it is

**ORDERED:**

1. Defendant's Objection to Magistrate Judge's Non-Dispositive Order Denying Defendant's Motion to Strike Plaintiff's Non-Retained Expert Witnesses (Doc. 25) is **OVERRULED.**

2. Magistrate Judge Toomey's Order (Doc. 22) is **AFFIRMED**.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of November, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[4] Additionally, the Court rejects the strained and illogical attempt to apply the Eleventh Circuit's shotgun pleading jurisprudence to a party's Rule 26 expert witness disclosure.

6