**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RICHARD A. TRIOLO,

                Plaintiff,

v.                                              Case No.  3:18-cv-919-J-34JBT

UNITED STATES OF AMERICA,

                Defendant.

_____

**O R D E R**

      **THIS CAUSE** is before the Court on Defendant's Motion and Memorandum for Modification of Case Management and Scheduling Deadlines (Doc. 26; Motion), filed on September 6, 2019.  In the Motion, Defendant requests a four-month extension of the expert disclosure deadline and discovery period, a three-month continuance of the trial term, and corresponding extensions of the other various deadlines. Id. at 6-7.  Notably, Defendant filed the instant Motion on the last day of the current discovery period, and nearly two months after the deadline to disclose its expert witnesses.  See Case Management and Scheduling Order (Doc. 11; CMSO).  Plaintiff filed a response in opposition to the Motion on September 20, 2019.  See Plaintiff's Response in Opposition to Defendant's Motion and Memorandum for Modification of Case Management and Scheduling Deadlines (Doc. 28; Response).  Because the Court finds no good cause for the relief requested, the Motion is due to be denied.

## I.    Background

Plaintiff initiated this action on June 27, 2018.  See Complaint (Doc. 1).  The parties

participated in a case management conference on February 7, 2019, and submitted a Case

Management Report (Doc. 10; CMR) on February 12, 2019.  The Court reviewed the CMR

and entered the CMSO on February 13, 2019.  In the CMSO, the Court set the following

pertinent deadlines:

| | |
|---|---|
| Disclosure of Expert Reports<br>Plaintiff:<br>Defendant: | <br>MAY 8, 2019<br>JULY 8, 2019 |
| Discovery Deadline | SEPTEMBER 6, 2019 |
| Mediation Deadline | NOVEMBER 1, 2019 |
| Dispositive and Daubert Motions | OCTOBER 1, 2019 |
| All Other Motions Including Motions In Limine | JANUARY 27, 2020 |
| Responses to Other Motions Including Motions In Limine | FEBRUARY 10, 2020 |
| Joint Final Pretrial Statement | FEBRUARY 10, 2020 |
| Final Pretrial Conference | FEBRUARY 18, 2020 |
| Trial Term Begins | MARCH 2, 2020 |

Notably, the Court accepted the expert disclosure and discovery deadlines that the parties

proposed in the CMR.  The Court instructed the parties that: "With respect to discovery

matters, the date set forth above is the final date discovery shall be completed.  All requests

and motions pertaining to discovery shall be filed promptly so that discovery desired will be

due prior to the completion date."  See CMSO at 2.  Significantly, the CMSO included the

following cautionary paragraph: "**THE COURT HAS DONE EVERYTHING POSSIBLE TO

SET APPROPRIATE DEADLINES FOR THIS CASE.    THE PARTIES SHOULD

PROCEED ACCORDINGLY.  DO NOT ASSUME THAT THE COURT WILL EXTEND

THESE DEADLINES.**"  Id. at 5.

Plaintiff complied with the Court's deadlines and served Defendant with his expert

disclosures on May 8, 2019.  Nearly two months later, in an email dated July 1, 2019,

Defendant informed Plaintiff that, in its view, Plaintiff's expert disclosure failed to comply with Rule 26, Federal Rules of Civil Procedure (Rule(s)).  <u>See</u> Motion, Ex. A.  Defense counsel then took the remarkable position that, despite the deadline set forth in the CMSO, these perceived deficiencies relieved Defendant of the obligation to provide an expert witness disclosure until such time as Plaintiff provided a disclosure which Defendant found satisfactory.  <u>See</u> Motion, Ex. A at 5 ("Hence, Defendant's expert witness disclosure is due 60 days after Plaintiffs [sic] provides a complete expert witness; hence, my obligation to provide an expert disclosure has not been triggered.").  Going further, defense counsel took another equally remarkable position stating that she would not be scheduling an independent medical examination (IME) or even deposing Plaintiff until such time as Plaintiff provided Defendant with "compliant" expert witness disclosures.  <u>Id.</u>  Defendant cited no authority supporting the proposition that its identification of perceived deficiencies in Plaintiff's expert disclosures relieved it of any further obligation to participate in discovery or of complying with the Court's deadlines set forth in the CMSO.  Nor did defense counsel explain why she "c[ould] not depose" Plaintiff or even schedule an IME until the concerns regarding the disclosures were resolved.  At most, defense counsel relied on her own preferences and "usual[]" practice.[1]

Plaintiff ultimately declined to supplement its disclosures.  As promised, Defendant did not serve an expert disclosure by the July 8, 2019 deadline.  Instead, on July 9, 2019, Defendant filed Defendant's Motion and Memonrandum [sic] to Strike Plaintiff's Non-Retained Expert Witnesses (Doc. 14; Motion to Strike).  It appears that despite there being

---

[1] The Court is aware of no authority requiring that a plaintiff provide complete expert disclosures before the plaintiff is deposed or before an IME can be scheduled.  Indeed, in the cases before the Court plaintiffs are routinely, if not ordinarily, deposed and IME's completed, early in the discovery period and well in advance of any expert witness disclosure.

two months left in the discovery period, Defendant opted not to pursue any further discovery from Plaintiff thereafter.  See Motion at 6 (asserting that Defendant needs additional time to "continu[e] investigating Plaintiff's pre-accident medical condition, conduct[] IMEs, and depos[e] Plaintiff," as well as "time to prepare and disclose its expert witnesses, including but not limited to, scheduling IMEs and obtaining reports from its potential expert witnesses").

The Magistrate Judge denied the Motion to Strike on August 23, 2019, see Order (Doc. 22), and on September 5, 2019, Plaintiff filed a motion for partial summary judgment on the issue of causation.  See Plaintiff's Motion for Partial Summary Judgment as to Causation of Injury (Doc. 23; Motion for Summary Judgment).  The following day, on the discovery deadline, Defendant filed the instant Motion seeking an extension of the CMSO deadlines, as well as an objection to the Magistrate Judge's Order.  See Defendant's Objection to Magistrate Judge's Non-Dispositive Order Denying Defendant's Motion to Strike Plaintiff's Non-Retained Expert Witnesses (Doc. 25).  In a separate Order (Doc. 41), entered today, the undersigned overrules Defendant's Objections and affirms the Magistrate Judge's Order.

## II.    Discussion

Pursuant to Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."  The Eleventh Circuit Court of Appeals has long recognized that this "good cause" standard "'precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension.'"  See Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218, 1231 (11th Cir. 2008) (alterations in original) (quoting Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir.

1998)); see also id. at 1232 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end.")). In addition, where a party seeks "the extension of an already-expired scheduling order deadline," the party "must show both good cause and excusable neglect." Payne v. C.R. Bard, Inc., 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed.R.Civ.P. 6(b)(1), 16(b)(4)); see also Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 685 (11th Cir. 2013). To determine whether a party has made a sufficient showing of "excusable neglect," courts "must consider all pertinent circumstances, including 'the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" Payne, 606 F. App'x at 944 (quoting Advanced Estimating Sys. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996)).

In the Motion, Defendant asserts that excusable neglect exists because defense counsel's "case responsibilities, between May and June 2019, were such that the undersigned was unable to timely address the expert witness and discovery matters with Plaintiff's counsel." See Motion at 7.[2] In addition, Defendant argues, in essence, that because it believed it would prevail on the Motion to Strike, it was reasonable for Defendant to refuse to participate in discovery. Id. Defendant maintains that this strategic decision constitutes excusable neglect for its failure to submit an expert disclosure and good cause for an extension of all case deadlines, including a four-month extension of the expert

---

[2] Defendant also asserts that it could not timely respond to Plaintiff's May 8, 2019 expert disclosure because of the government shutdown which concluded on January 26, 2019. See Motion at 4. As Plaintiff correctly points out, Defendant participated in the case management conference, at which defense counsel agreed to these deadlines, on February 7, 2019, after the conclusion of the shutdown. See CMR at 1-3. Under these circumstances, Defendant's attempt to excuse compliance with the agreed deadlines based on the government shutdown strains credulity.

disclosure and discovery deadlines.  Id. at 7-8.  Last, Defendant asserts that granting an extension of time is "in the interest of justice," because without an extension, Defendant "will be substantially prejudiced in this action."  Id. at 8.  Defendant neither acknowledges nor makes any attempt to address the diligence requirement.

While Defendant is no doubt correct that it will be at a substantial disadvantage without a discovery extension, this disadvantage is entirely of Defendant's own making. On this record, it is impossible for the Court to find that Defendant acted with any diligence in pursuing discovery.  This is not a case where the "schedule could not be met" despite Defendant's diligence.  Rather Defendant made an intentional choice to disregard the CMSO deadlines.  Even if the Court accepts defense counsel's explanation that she was exceptionally busy with other cases in May and June of 2019, this does not explain her subsequent decision not to participate in discovery, or seek an extension of the discovery deadlines until the day the discovery period expired on September 6, 2019.  Indeed, at the time of her July 1, 2019 email to opposing counsel, defense counsel recognized that Defendant would need an extension of the CMSO deadlines, yet she waited over two months to request such an extension.  See id., Ex. A at 5-6.

Moreover, to the extent defense counsel believed that Defendant should not be required to proceed with discovery until it received a more detailed expert witness disclosure, she promptly should have filed a motion for a protective order or to stay discovery pending a ruling on the Motion to Strike.  Instead, defense counsel unilaterally decided that she would not comply with the deadlines in the CMSO and not participate in any further discovery, and now seeks to substantially delay the proceedings because this strategy proved unavailing.  This is not diligence, it is gamesmanship, and to permit an

extension over Plaintiff's objection under these circumstances would render the CMSO meaningless.[3]  See Moyer v. Walt Disney World Co., 146 F. Supp. 2d 1249, 1252 (M.D. Fla. 2000) ("A Scheduling Order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" (internal quotation omitted)); see also Great Northern Ins. Co. v. Ruiz, No. CV 408-194, 2010 WL 3074340, at *2 (S.D. Ga. Aug. 4, 2010) (finding no good cause where defense counsel did not attempt to obtain an expert opinion on an issue in the case until after his motion to strike plaintiff's expert was denied). As aptly explained in Great Northern, there is no diligence where a party fails "to protect [its] interests by [engaging in discovery] until the easy way out—simply striking plaintiffs' expert—was closed to [it]."  See Great Northern Ins. Co., 2010 WL 3074340, at *2. Because Defendant utterly fails to show diligence in pursuing discovery, the Court finds no good cause for amending the scheduling order at this late stage in the proceedings, and as such, the Motion is due to be denied.  See Payne, 606 F. App'x at 944 (finding that "having an expert witness stricken under Daubert, in and of itself, is insufficient to warrant an extension"); Ashmore, 503 F. App'x at 686 (finding no abuse of discretion where district

---

[3] In the Motion, Defendant argues that its strategic decision not to disclose an expert in light of the perceived deficiencies in Plaintiff's Rule 26 disclosures was reasonable, citing Mobile Shelter Sys. USA, Inc. v. Grate Pallet Solutions, LLC, 845 F. Supp. 2d 1241, 1251 (M.D. Fla. 2012). See Motion at 7. This argument is unavailing.  It is of no moment whether Defendant's belief in the merits of its Motion to Strike was reasonable because regardless, it was unreasonable for Defendant to assume that if it did not prevail on the Motion to Strike, it could simply ask for an extension of all the case deadlines and start over.  Nor does Mobile Shelter suggest otherwise.  In that case, the plaintiff disclosed an expert report which contained "numerous and obvious deficiencies."  Mobile Shelter, 845 F. Supp. 2d at 1249, 51.  The defendants made a strategic decision not to disclose an expert witness because they believed the expert report was deficient. Id. at 1251. The defendants moved to strike the expert witness and the court ultimately granted the motion. Id. at 1250, 1252.  The Mobile Shelter case does not suggest that had the court denied the motion, it would have then permitted defendants to reopen discovery and belatedly disclose their own expert.  Such an outcome appears unlikely given the court's admonishment to the parties that "discovery deadlines [are] not for the parties' convenience.  Discovery deadlines are set by the Court to control its trial calendar and ensure the parties are properly moving a case forward. . . . [C]avalier assessment or treatment of the Court's scheduling order is not going to be tolerated."  Id. at 1252 (internal quotation omitted).

court denied plaintiff's motion to extend discovery, filed one day before the discovery deadline, given plaintiff's "considerable delay in even beginning the discovery process"); see also Local Rule 3.09(b), United States District Court, Middle District of Florida ("Failure to complete discovery procedures within the time established . . . shall not constitute cause for continuance unless such failure . . . is not the result of lack of diligence in pursuing such discovery.").[4]  In light of the foregoing, it is

ORDERED:

Defendant's Motion and Memorandum for Modification of Case Management and Scheduling Deadlines (Doc. 26) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 5th day of November, 2019.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record

---

[4] Because the Court does not find good cause to modify the CMSO, the Court need not analyze whether Defendant can show excusable neglect.  Regardless, there is no basis to find excusable neglect here.  Defendant seeks a four-month extension of the discovery deadlines and a three-month delay of trial.  Defendant moved for this extension on the day of the discovery deadline, and only after Plaintiff filed a motion for partial summary judgment.  The Court finds that such a belated request for a substantial delay would indeed prejudice Plaintiff and undermine efficient judicial administration.  And, most significantly, the reason for the delay was entirely within Defendant's control.  Indeed, the missed deadlines in this case are not the result of neglect, but rather an intentional strategic choice.  See Ashmore, 503 F. App'x at 686 (finding no excusable neglect where defendant would have been prejudiced by additional discovery because it had already filed its motion for summary judgment, the interest in judicial economy weighed against granting the motion, and there was no valid reason for the "considerable delay"); Payne, 606 F. App'x at 944 ("Allowing Plaintiffs to identify and disclose an entirely new expert so late in the proceedings would have likely resulted in substantial delay to the judicial proceedings and in prejudice to Defendants.").