UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

    Plaintiff,

v.                                                           CASE NO. 3:18-cv-919-J-34JBT

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion for Sanctions Against Defendant for Failure to Attend Mediation ("Motion") (Doc. 38) and Defendant's Response thereto (Doc. 40). For the reasons set forth herein, the Motion is due to be **DENIED**.

On October 21, 2019, the parties conducted mediation. (Doc. 38 at 1.) Defendant's counsel attended the mediation in person, and a representative from the United States Postal Service ("USPS") appeared telephonically. (*Id.* at 1–2.) Although Defendant's counsel informed Plaintiff that she had full authority to settle the case, Plaintiff filed the instant Motion on the same day as the mediation, after the mediation apparently resulted in an impasse.[1] (*Id.* at 2.)

---

[1] The mediator has not yet filed a mediation report. The parties are encouraged to recontact the mediator and resume negotiations, particularly in light of recent Court orders. (Docs. 41 & 42.)

The two-page Motion, which Plaintiff filed without conferring with Defendant as required by Local Rule 3.01(g), states that "Defendant did not attend the Mediation" as required by Local Rule 9.05(c).[2]  (*Id.* at 1.)  Although it would have been a better practice for the Government's attorney to let Plaintiff know prior to the mediation that she would be the only representative attending the mediation in person, in which case the parties could have brought any unresolvable dispute to the Court's attention prior to the mediation, sanctions are unwarranted.

As stated by the Fifth Circuit:

> By statute, the Attorney General of the United States has the power to conduct all litigation on behalf of the United States, its agencies, and its officers, unless otherwise provided by law.  28 U.S.C. § 519 (1988). Pursuant to authority given by 28 U.S.C. § 510 (1988), the Attorney General has developed a set of regulations delegating settlement authority to various officials.  *See* 28 C.F.R. §§ 0.160–0.172 (1991); *see also* directives reprinted at 28 C.F.R. pt. 0, subpt. Y app. (1991).
>
> As we read these regulations, United States Attorneys often will be able to settle a case without approval from a higher authority, as the regulations provide that each local United States Attorney has settlement authority up to [$1,000,000].[3]  If the client agency disagrees with the United States Attorney over the terms of the settlement, however, an Assistant Attorney General must approve the settlement.  28 C.F.R. § 0.168(a).

---

[2] Additionally, although Plaintiff's counsel signed the certificate of service, he failed to sign the Motion as required by Federal Rule of Civil Procedure 11(a).  (*See* Doc. 38 at 2–3.)

[3] *See* 28 C.F.R. § 0.168(d)(2).

*In re Stone*, 986 F.2d 898, 900–01 (5th Cir. 1993).

In the Response, Defendant states that its counsel "obtained the full authority of the United States Attorney to reject any offer[,] had full and final authority to settle within her approved authority," and that she "received settlement concurrence from the USPS."[4] (Doc. 40 at 9.) Additionally, Defendant states that "no one at the USPS . . . had authority to settle this case." (*Id.*) Based on these representations, and in light of the authority set forth above, the Court is satisfied that Defendant's counsel's in-person attendance at the mediation, along with the telephonic attendance of a USPS representative, substantially complied with Local Rule 9.05(c).[5] *See United States of America v. ADMA Telecom, Inc.*, Case No. 11-21125-CIV, 2011 WL 6328803, at *1 (S.D. Fla. Nov. 28, 2011) ("[B]ecause the authority to settle cases, on behalf of the United States, has been delegated to certain DOJ officers, including [Plaintiff's counsel who attended the mediation], the Court finds that the United States complied with the Court's Order of Referral to Mediation and the Local Rules.").

Accordingly, it is **ORDERED**:

The Motion (**Doc. 38**) is **DENIED**.

---

[4] Although Defendant's counsel does not disclose the amount of her settlement authority, Plaintiff does not argue that someone with higher settlement authority should have attended the mediation.

[5] Local Rule 9.05(c), which applies to mediations generally, does not specifically address the Government in particular.

**DONE AND ORDERED** at Jacksonville, Florida, on November 26, 2019.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record