**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE**

RICHARD A. TRIOLO

                                                    CASE NO.: 3:18-cv-00919-MMH-JBT

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.
_____/

**PLAINTIFF'S MOTION TO TAKE VIDEOTAPED TRIAL DEPOSITION**
**TESTIMONY OF NON-RETAINED TREATING DOCTORS TOPP AND SOOUDI**

    Plaintiff, Richard A. Triolo, files this Motion to Take Videotaped Trial Deposition Testimony of Non-Retained Treating Doctors Topp and Sooudi pursuant to Rule 32(a)(4)(B), F.R.C.P., and in support thereof states:

    1.    Trial in this matter is set for a bench trial during the docket commencing **September 8, 2020**. The Parties' Joint Pretrial Statement deadlines is **August 17, 2020**.

    2.    The case was continued twice previously. Once at the request of the Defendant due to defense counsel's medical condition, and a second time due to the COVID-19 shutdown.

    3.    So as to reduce the number of persons participating in a live or videoconference trial, the Plaintiff requests permission to take the videotaped trial deposition of Drs. Raymond Topp and Soheil Sooudi.

    4.    Dr. Raymond Topp is a treating orthopedic surgeon who performed a fusion on the Plaintiff's lumbar spine. Dr. Topp's clinical practice is located in Brunswick, Georgia. As well, Dr. Topp resides in St. Simon Island Georgia, which is approximately 60 - 70 miles from

1

the courthouse.

5.  Dr. Soheil Sooudi is a reading radiologist that read the Plaintiff's lumbar MRI performed on April 4, 2017. Dr. Sooudi resides in Celebration, Florida, which is approximately 150 miles from the courthouse. It is the undersigned understanding that Dr. Sooudi works remotely from home.

6.  With regard to Dr. Topp, exceptional circumstances exist such that Dr. Topp's videotaped deposition testimony should be permitted for use at trial. Dr. Topp maintains a busy surgical practice in southeastern Georgia and has direct daily patient contact along with other medical staff. If the Court were to require live testimony in open court, Dr. Topp will present a risk to the court personnel and vice versa, plus his patients. While this can certainly be said for everyone that will participate in a live trial, Dr. Topp's profession of performing surgeries, poses an unwarranted risk to his patients under the current state of the public health crisis.

7.  With regard to Dr. Sooudi, during the prior to the continuance, counsel for Plaintiff intended to pay for Dr. Sooudi to travel from Celebration to Jacksonville to appear for what is estimated to be one hour or less of testimony to describe his findings on a single lumbar MRI. However, given the national health crisis, it does not make sense to have Dr. Sooudi travel approximately 150 miles to present the testimony.

8.  By videotaping the trial testimony of Drs. Sooudi and Topp, it will eliminate the need for the only two out-of-town, non-retained expert witnesses, to travel to Jacksonville, Florida. Lessening the possible exposure of COVID-19 to the doctors, patients, the parties, the attorneys, and court personnel.

9.  Alternatively, if the Court were to conduct the trial via videoconference, it will eliminate the risk of having testimony by videoconference not go perfectly.

10. Over the past four months, the undersigned has participated in many depositions, hearings and mediations via Zoom videoconferencing. Admittedly, many have gone as smoothly. However, several have suffered technical glitches that include a participant's video not working, unusual feedback from a computer speaker drowning out the deponent's answers and internet outages. The parties in this case recently participated in mediation. At one point during the breakout session, Zoom was abandoned altogether, and the mediator and undersigned resorted to using cell phones.

11. Counsel for Plaintiff has conferred with counsel for Defendant, and Counsel for Defendant objects to the relief sought herein.

## **MEMORANDUM OF LAW**

The Plaintiff relies upon, Rule 32, Fed R. Civ. P. which in pertinent part states:

(a) Using Depositions.

(1) *In General.* At a hearing or trial, all or part of a deposition may be used against a party on these conditions:

(A) the party was presented or represented at the taking of the deposition or had reasonable notice of it;

(B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and

(C) the use is allowed by Rule 32(a)(2) through (8).

…

(4) *Unavailable Witness.* A party may use for any purpose the deposition of a witness whether or not a party, if the court finds:

…

    (B) that the witness is more than 100 miles from the place of hearing or trial ….

…

    (D) on motion and notice, that exceptional circumstances make it desirable – in the interest of justice and with due regard to the importance of live testimony in open court – to permit the deposition to be used.

In the case at bar, Dr. Sooudi resides more than 100 miles from the courthouse. Accordingly, he meets the exception pursuant to Rule 32(a)(4)(B). In addition, under the present national health crisis, exceptional circumstances exist to permit videotaped trial deposition testimony for Drs. Topp and Sooudi.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an Order granting the Plaintiff permission to take the videotaped trial testimony of Drs. Topp and Sooudi and to use same at the trial of this matter.

## Certificate of Compliance with Local Rule 3.01 (g)

I hereby certify that I conferred in good faith with Ms. Collette Cunningham, Esquire, Defendant's Counsel, regarding the instant motion and Ms. Cunningham objects to the Plaintiff's Motion.

                        KINNEY & MOORE, PLLC

/s/*Benjamin C. Moore*
   Benjamin C. Moore, Esq.
   Florida Bar No. 773581
   Philip S. Kinney, Esq.
   Fla. Bar No.: 0709611
   *Kinney & Moore, PLLC*
   9191 R.G. Skinner Pkwy., Suite 703
   Jacksonville, Florida 32256
   Tel: (904) 642-4111
   Fax: (904) 329-1875
   E-mail: Ben@JaxLitigation.com
   E-mail: Philip@JaxLitigation.com
   Secondary: Heather@JaxLitigation.com

   Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on July 31, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties listed in the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

 Collette Cunningham, Esq.
 Assistant United States Attorney
 Trial Counsel
 United State Courthouse
 300 North Hogan Street, Suite 700
 Jacksonville, FL 32202-4270
 Primary: Ronnie.Carter@usdoj.gov
 Secondary: Nicole.Schmidt2@usdoj.gov
           Chantal.Sabino@usdoj.gov
          Brittany.Robinson2@usdoj.gov
         jaxdocket.mailbox@usdoj.gov

                        /s/*Ben Moore*
                          Attorney