UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

    Plaintiff,

v.                                  Case No. 3:18-cv-919-J-34JBT

UNITED STATES OF AMERICA,

    Defendant.
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO SECURE VIDEO DEPOSITION TESTIMONY**

Defendant files this response in opposition to Plaintiff's Motion to Take Videotaped Trial Deposition Testimony of Non-Retained Treating Doctors Topp and Sooudi (Doc. 57).

**ARGUMENT**

Plaintiff seeks leave of Court to take post-discovery depositions of two of his seven non-retained treating physicians—orthopaedic surgeon Dr. Raymond Topp and radiologist Dr. Soheil Sooudi—and further seeks permission to utilize their videotaped deposition testimony at trial, in lieu of live testimony. Plaintiff asserts that Dr. Sooudi lives and works in Celebration, Florida, and that "it does not make sense" for him to have to travel to the courthouse. Doc. 57 ¶ 7. Plaintiff asserts that Dr. Topp has a busy surgical practice and that requiring him to testify live would "present a risk to the court personnel and vice versa, plus his patients." *Id*. ¶ 6.

Plaintiff's motion, while well intentioned, misunderstands the Federal Rules and fails to acknowledge the prejudice that would result to the Defendant if the Court were to proceed as proposed. In light of this, and as further discussed below, Defendant respectfully requests that the Court deny Plaintiff's motion.

I.      **The Federal Rules do not contemplate "trial depositions."**

Plaintiff fails to point to any provision in the Federal Rules of Civil Procedure that allows him to do what he is seeking; namely, to take depositions of witnesses after the close of discovery. Indeed, it is well established that the Federal Rules do not provide for "trial depositions," sometimes referred to as *de bene esse* depositions. *See, e.g.*, *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 n. 8 (11th Cir. 2002) (affirming a district court's denial of leave for a party to take a *de bene esse* deposition shortly before trial, and after the discovery cutoff). This issue was discussed exhaustively in *Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688 (S.D. Fla. 2014), which concerned a plaintiff's request to take trial depositions of two of plaintiff's treating physicians. The court reviewed the history of *de bene esse* depositions and explained that the current version of the Federal Rules of Civil Procedure "make[s] no provision [for] or mention whatsoever" of such depositions. *Id*. at 690. Instead, the Rules recognize one only type of deposition taken once an action has commenced: "a deposition as a discovery device under Rule 30." *Id*. Such depositions must be conducted by the discovery deadline set by the Court, absent leave otherwise. *Id*. at 693. *See also DeBose v. University of South Florida Board of Trustees*, Case No.: 8:15-cv-2787, 2018 WL 8919878 (M.D. Fla. May 18, 2018)

(denying defendant's motion to take videotaped depositions for trial, citing *Chrysler* and *Smith*).

In the instant case, discovery closed on September 6, 2019. Doc. 11. As such, the deadline for Plaintiff to take the depositions of his treating physicians has long passed. If the Court is inclined to reopen discovery to allow Plaintiff to take depositions, then Defendant would respectfully request that discovery be re-opened for all purposes; otherwise, the interests of justice would not be served.

Even if depositions were allowed to be taken, however, that does not mean that such may be utilized at trial, in lieu of live testimony, as is discussed below.

## II.     Live testimony is the standard in federal court.

"The Federal Rules of Civil Procedure—not to mention long-understood principles of how trials should be conducted—place a premium on live trial testimony, tested by live cross-examination, in front of the fact-finder." *Robert Bell v. United States*, Case No. 3:17-cv-96-J-32JRK, document 49 (M.D. Fla. Aug. 6, 2019). This strong preference for live trial testimony is grounded in Rule 43, which states: "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Court provide otherwise." Fed. R. Civ. P. 43(a). The advisory committee notes to Rule 43 emphasize that "[t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The

opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition." Fed. R. Civ. P. 43 advisory committee's note (1996 Amendment).[1]

In line with this preference for live testimony, there are only limited circumstances in which deposition testimony may be used in lieu of a witness testifying live, namely, when a witness is unavailable as defined by Rule 32 of the Federal Rules of Civil Procedure. Typically, this rule is utilized when a witness is dead; when the witness is more than 100 miles from the courthouse; when the witness "cannot attend or testify because of age, illness, infirmity, or imprisonment;" or when "the party offering the deposition could not procure the witness's attendance by subpoena." Fed. R. Civ. P. 32(a)(4)(A)-(D); *see also* Fed. R. Evid. 804(a) (defining "unavailable" for purposes of the hearsay rule). The rule also permits use of a deposition if the Court finds, "on motion and notice, that exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." Fed. R. Civ. P. 32(a)(4)(E).

Thus, even if Plaintiff took the depositions of Dr. Topp and Dr. Sooudi, those depositions would only be permitted to be used at trial if the witnesses were unavailable. Neither Dr. Topp nor Dr. Sooudi fall into this category.

With respect to Dr. Sooudi, it is likely that Plaintiff could procure his attendance by subpoena, given that he lives in the Orlando area and seemingly "would not incur

---

[1] Rule 43 does allow for one exception to live, in-person testimony: "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). This does not appear to be the relief Plaintiff is seeking. Even if it was, such would not be easily accomplished with the witnesses in issue, for the reasons discussed in Part III, below.

substantial expense" in coming to trial. *See* Fed. R. Civ. P. 45 (c)(1)(B)(ii). Perhaps in recognition of this, Plaintiff's primarily argument is that it would not make sense to pay Dr. Sooudi to "appear for what is estimated to be one hour or less of testimony to describe his findings on a single lumbar MRI." Doc. 57 ¶ 7. To the extent Plaintiff is asserting that his anticipated costs constitute an exceptional circumstance under Fed. R. Civ. P. 32(a)(4)(E), such arguments have been repeatedly rejected. For example, in *Spencer v. United States*, No. 6:17-cv-887, 2019 WL 2287962 (M.D. Fla. May 29, 2019), the Court denied plaintiff's request to take a post-discovery video deposition of one of her treating physicians to use at trial and noted: "The grounds presented to justify a video deposition for trial purposes (he is a doctor, he is busy, it is expensive to pay him for his time to testify) are not unforeseen and were known and present prior to the close of discovery. Stated simply, there is no good reason to extend the case management deadlines to allow for a . . . deposition. Even if the motion were timely . . ., the Court does not find the grounds asserted by Plaintiff exceptional within the meaning of Rule 32." *Id*. at *2. The *Spencer* court relied in part on *Whyte v. U.S. Postal Service*, 280 F.R.D. 700, 701 (S.D. Fla. 2012), a case in which the court denied plaintiff's motion to use the deposition of one of her treating physicians at trial because the "Federal Rules make clear that live testimony is important—with no exceptions made for doctors or for bench trials." *Id*. at 701. The *Whyte* court went on to find that "[t]he increased cost to Plaintiff is also not an exceptional circumstance." *Id*.

   With respect to Dr. Topp, he clearly is within the subpoena power of the Court, as he works less than 100 miles from the courthouse. As an exceptional circumstance,

Plaintiff proffers the existence of COVID-19. Yet Plaintiff apparently is expecting that Plaintiff's other medical experts will testify live at trial, in addition to the Plaintiff himself, who works in a hospital setting.[2] There is no apparent reason to distinguish between Dr. Topp and these other medical witnesses. There is no indication that Dr. Topp is unwilling to attend trial or that he believes it is unsafe or unwise; for example, Plaintiff has not provided an affidavit from Dr. Topp attesting to this. Moreover, the fact that Dr. Topp "maintains a busy surgical practice" is not an exceptional circumstance, as recognized by *Spencer* and *White*.

### III.   Granting Plaintiff's motion would prejudice the United States and hinder the just resolution of this action.

Permitting Plaintiff to take videotape depositions of Dr. Topp and Dr. Sooudi, and allowing those depositions to be used at trial in lieu of live testimony, would cause significant prejudice to the United States and would hinder the Court's ability to conduct a trial that is fair and just.

First, Plaintiff intends to rely on Dr. Topp and Dr. Sooudi to prove key aspects of his case. Dr. Topp performed Plaintiff's March 22, 2018 surgery. Dr. Topp apparently intends to opine, *inter alia*, that the February 11, 2017 motor vehicle accident in issue caused injuries that required the surgery, that such injuries did not pre-date the accident, and that Plaintiff will need future medical care as a result. Dr. Sooudi performed an MRI of Plaintiff's lumbar spine on April 4, 2017; this was the only lumbar MRI

---

[2] Plaintiff's expert disclosures also list Reynaldo Pardo, M.D. (anesthesiology/pain management), David Priest, M.D. (radiologist), Kevin Jones, M.D. (radiologist), Asad Syed, M.D. (neurologist), and Michael McDaniels, DC (chiropractor).

performed between the accident date and the surgery date. These are not witnesses who will testify to minor or uncontested matters; quite to the contrary, they are central to Plaintiff's case. In a bench trial, the Court's ability to ask questions of key witnesses—particularly expert witnesses—can be critically important to the Court's ability to understand the issues presented on direct and cross-examination. Removing this opportunity would be a disservice to the United States and to the Court.

Second, the United States' ability to conduct effective cross-examinations of Drs. Topp and Sooudi would be seriously impaired if it is forced to conduct these examinations in advance of trial. The Federal Rules place a premium on live trial testimony, tested by live cross-examination, in front of the fact-finder. Undoubtedly, one reason for this is that the most effective cross-examinations come only after counsel has done the work necessary to prepare for trial. Forcing counsel for the United States to cross-examine Plaintiff's experts prior to trial would not be in the best interest of justice and also would take away from the time the United States otherwise would allocate to its own trial preparations.

Third, the Court will need to make contemporaneous rulings regarding the appropriate scope of testimony offered by Drs. Topp and Pardo. For example, the Court will have to determine whether these expert witnesses are offering opinions that should have been disclosed in an expert report, pursuant to Rule 26(a)(2)(B). The Court also will have to determine whether the facts and opinions to which Drs. Topp and Pardo seek to testify were appropriately disclosed in Plaintiff's Rule 26(a)(2)(C) expert disclosure. These rulings are best made as the testimony unfolds. If the testimony is

taken via deposition, without the benefit of contemporaneous rulings, disagreements regarding scope are bound to arise, thus increasing the likelihood of a confusing record that the Court has to untangle at trial.

      Fourth, videotape depositions of expert witnesses come with their own logistical difficulties. Depositions that involve walking through lengthy medical records and reviewing radiological films typically are best conducted in person, which means counsel for both parties would need to be present with the witnesses, which typically means—in the case of expert witnesses—going to their offices. Assuming an appropriate location can be identified, deposition logistics then have to be coordinated, including an acceptable date and time that will allow sufficient time for cross-examination (often a not-insignificant hurdle) and an agreement on how to handle the expert's fee (the United States should not be responsible for costs associated with such depositions). While all of this effort might make sense in certain circumstances, it simply does not make sense here.

      Finally, Plaintiff's proposal does not remove the need for a trial. Given that the Plaintiff has numerous other witnesses—including medical witnesses—who will be testifying live, and given that there is no indication that Drs. Topp and Sooudi are unable to testify live, it simply does not make sense to depart from the normal practice of requiring in person, live testimony in the circumstances presented here.

## CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court deny Plaintiff's motion to take videotaped deposition testimony of Doctors Topp and Sooudi. Doc. 57.

Dated this 14th day of August, 2020.

                                         Respectfully submitted,

                                         MARIA CHAPA LOPEZ
                                         United States Attorney

                                         */s/ Collette B. Cunningham*
                                         COLLETTE B. CUNNINGHAM
                                         Assistant United States Attorney
                                         Florida Bar No. 0012737
                                         Bryan Simpson U.S. Courthouse
                                         300 North Hogan Street, Suite 700
                                         Jacksonville, FL 32202-4270
                                         Telephone No. (904) 301-6326/6300
                                         Facsimile No. (904) 301-6240
                                         Collette.Cunningham@usdoj.gov
                                         Attorneys for Defendant

cc:    Conny Davinroy Beatty, Esq.
        USPS National Tort Center
        United States Postal Service
        1720 Market Street, Room 2400
        St. Louis, MO 63155-9948

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on August 14, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

      Philip S. Kinney, Esq.
      Benjamin C. Moore, Esq.
      Kinney & Moore, PLLC
      9191 RG Skinner Parkway, Suite 703
      Jacksonville, FL 32256-9678

      */s/ Collette B. Cunningham*
      COLLETTE B. CUNNINGHAM
      Assistant United States Attorney