**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE**

RICHARD A. TRIOLO

                                       CASE NO.: 3:18-cv-00919-MMH-JBT

        Plaintiff,

 vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

<u>PLAINTIFF'S WITNESS LIST</u>

**I.**    Fact Witnesses

1. Richard Triolo, Plaintiff.

2. Marsha Victoria Rentz, driver of Defendant's Postal Service vehicle and US Postal Service employee.

3. Michael Cochran, Manager/Auto Repair Tech of AutoNation Ford Orange Park (Collision Center) is expected to testify as to the damage to Plaintiff's vehicle from the crash.

4. Aaron Johnson, employee of AutoNation Ford Orange Park (Collision Center) is expected to testify as to the damage to Plaintiff's vehicle from the crash.

5. Uly Cromity, employee of AutoNation Ford Orange Park (Collision Center) is expected to testify as to the damage to Plaintiff's vehicle from the crash.

6. Joseph Bennet, employee of AutoNation Ford Orange Park (Collision Center) is expected to testify as to the damage to Plaintiff's vehicle from the crash.

7. Clint Phillips, employee of AutoNation Ford Orange Park (Collision Center) is expected to testify as to the damage to Plaintiff's vehicle from the crash.

**II.**    Before and After Witnesses

8. Bruce Schmucker (brother of Plaintiff) is expected to testify about Plaintiff's life before the crash and how the crash has impacted Plaintiff's life due to his limitations, injuries and pain.

9. Brian Schmucker (brother of Plaintiff) is expected to testify about Plaintiff's life before the crash and how the crash has impacted Plaintiff's life due to his limitations, injuries, and pain.

**III.    Retained Testifying Expert**

10. Gil Spruance, MS, CRC, CVE, VE, CLCP, MSCC
    Spruance & Associates, Inc.
    4604 Atlantic Boulevard, Suite 1B
    Jacksonville, FL 32207

    Subject Matter: Life Care Planner/Future Cost of Medical Treatment

    Statement of Facts and Opinions:  Mr. Spruance is expected to testify about the cost of past and future medical care as detailed in the Life Care Plan he prepared relating to the Plaintiff.  Mr. Spruance is not a licensed medical provider. Accordingly, his opinions do not include recommendations of medical treatment. Rather, his opinions are the expected future costs of the treatment recommended by the Plaintiff's medical providers, which include, but is not limited to chiropractic care, physical therapy, pain management/pain control, and future surgery. The Plaintiff further expects Mr. Spruance to testify about the Plaintiff's limitations, restrictions, and any and all accommodations that are necessary as a result of the permanent injuries and care caused by the crash in this care as listed in the Life Care Plan for the remainder of his life.  He will testify as to Plaintiff's life expectancy and perform calculations as to the total annual low, mid, and high costs of Plaintiff's ongoing medical treatment as well as one- time costs for Plaintiff's future medical treatment.

**IV.    Non-Retained Testifying Treating Physicians**

11. Dr. Raymond Topp, M.D.
    3316 S. 3rd Street
    Jacksonville Beach, FL 32250
    Phone: (904) 719-7404

    Subject Matter: Dr. Topp is a board-certified orthopedic surgeon who will testify as to his treatment on the Plaintiff's lumbar spine, and his performance of a posterior lumbar interbody fusion surgery ("PLIF") on the Plaintiff at L5-S1 due to his injuries from the

subject accident. His opinions are attained directly from his treatment of the Plaintiff, and his opinions pertaining to causation of the injury and future treatment are described in his affidavit and medical records. He will testify pertaining to the Plaintiff's pain, injury, cause of injury, surgery performed on Plaintiff, follow up condition of Plaintiff after surgery including his home health care, the status of his fusion as demonstrated in the 8-30-18 MRI of Plaintiff's lumbar spine, Plaintiff's resulting limitations, present and future impairment, future need for treatment as well as future expected limitations.

Summary of Facts and Opinions: Dr. Topp will testify he initially saw the Plaintiff on November 8, 2017 and recommended surgery.  He will testify on March 22, 2018 he performed an L5-S1 posterior lumbar interbody fusion surgery due to Plaintiff's pain which was not being relieved by other chiropractic and pain management treatment and modalities.   Subsequent to the surgery, he will testify that Plaintiff experienced complications and ongoing pain, and Dr. Topp administered an L5-S1 epidural steroid injection in September 2018 which was not beneficial.  Dr. Topp will testify that the injuries to the Plaintiff's lumbar spine were caused by the subject accident.  He will testify that the injuries to his lumbar spine are permanent in nature. He will also testify that the injuries to his lumbar spine did not pre-exist the subject accident. He will testify that the L5-S1 fusion was reasonable and related to the injuries Plaintiff received from the subject accident. He will also testify that the Plaintiff will need a future lumbar fusion extension as a result of the accident, and that the Plaintiff will need a follow up visit to an orthopedic physician at least one time per year with x-rays. He will testify to the findings of the imaging and x-rays of the Plaintiff's lumbar spine prior to the surgery.  He will testify as to the current condition of the Plaintiff's lumbar spine as displayed in the 8-30-18 MRI which shows the prior PLIF without complications, a T12-L1 disc herniation indenting the thecal sac with high signal annular fissure, enhancing fibrosis within right lateral recess and neural foramen at L5-S1. He will also testify that the Plaintiff has an SI joint dysfunction secondary to surgery which is permanent in nature.

He will also testify as to writing a leave of absence excuse for Plaintiff post-surgery for several weeks.  His testimony will be based upon his treatment of the Plaintiff as described in his medical records, medical bills, and his affidavit.


12. Dr. Reynaldo Pardo, M.D.
    St. Joseph Interventional Pain Specialists
    12078 San Jose Blvd., Suite 2, Jacksonville, FL 32223
    Jacksonville, FL 32223

    Subject Matter: Dr. Pardo is board certified in anesthesiology and licensed to practice as a pain management physician. He will testify as to the Plaintiff's injuries to his lumbar, thoracic and cervical spine, and Plaintiff's treatment and procedures performed on the Plaintiff's lumbar, thoracic and cervical spine due to his injuries from the subject accident. He will also address Plaintiff's initial treatment at the Emergency Room of Baptist Medical Center South following the accident as well as testify as to his review

of the imaging and xrays. His opinions are attained directly from his treatment of the Plaintiff and his review of the Plaintiff's medical records. His opinions pertaining to causation of the injury and future treatment are described in his affidavit. He will testify pertaining to the Plaintiff's pain, injury, cause of injury, follow up condition of Plaintiff after pain management procedures and surgery, limitations, present and future impairment, future need for pain management treatment, as well as future expected limitations. He will also testify as to the EMG/NCS performed by Dr. Asad in May of 2017 of Plaintiff's lower extremities, and as to Plaintiff's permanent impairment as a result of the injuries.

Summary of Facts and Opinions: Dr. Pardo will testify that that on July 11, 2017, Plaintiff initially presented to his office for back pain, right hip pain, right leg pain, right groin pain, neck pain, occipital pain, and shoulder blade pain. He will testify to performing several pain management procedures on the Plaintiff including an L5-S1 lumbar epidural steroid injection, lumbar medial branch nerve block, lumbar epidural steroid injections, and lumbar facet injections over a period of several months. Dr. Pardo will testify that the Plaintiff received little to no relief from these procedures.

As a result, Dr. Pardo will testify he referred Plaintiff to surgeon Dr. Constantine Toumbis who recommended a lumbar fusion. He then referred Plaintiff to Dr. Raymond F. Topp, MD for a second opinion.  He will testify Dr. Topp also recommended a lumbar fusion and ultimately performed the lumbar fusion.

Dr. Pardo will testify in November 2018 he performed a lumbar radiofrequency ablation/lesion ("RFL") on the left side of Plaintiff's spine.  This treatment provided four months of relief. In April 2019, Dr. Pardo performed a right and left sided RFL which brought additional pain relief.  Dr. Pardo will testify he has prescribed Doxepin 50 mg to help the Plaintiff sleep, and Ibuprofen 800 mg (2 per day) for pain since the RFL pain relief began to wear off.  He will also testify as to the chiropractic and physical therapy Plaintiff received as well as the various medications Plaintiff was prescribed as further set forth in his medical records. He will also testify as to Dr. Syed Asad's diagnosis of a post-concussion syndrome and impaired cognition of the Plaintiff following the accident.

He will testify that the subject auto accident caused the injuries to Plaintiff's cervical, thoracic and lumbar spine. He will testify that these injuries caused by the subject auto accident did not pre-exist the subject auto accident. He will testify to his review of the lumbar MRIs and xrays as well as the cervical spine xray. He will testify as to the specific injuries to Plaintiff's lumbar spine caused by the accident including a 2 mm protruding disc herniation indenting the anterior thecal sac with spinal canal narrowing at T12-L1; annular bulge encroaching upon foraminal at L2-3; mild facet joint arthropathy, predominantly on the right side at L3-4; bilateral facet joint arthropathy at L4-5; circumferential disc bulge resulting in bilateral foraminal stenosis in combination with anterior L5 subluxation encroaching upon the L5 nerve roots bilaterally.

He will testify that he diagnosed the Plaintiff with lumbar facet joint pain arthropathy, cervical spine ligament sprain, lumbar spondylolisthesis, lumbosacral disc degeneration, lumbar myelopathy, lumbar spinal stenosis, radiculopathy, and spondylosis. He will testify that the injuries to the Plaintiff's lumbar are permanent injuries.  He will testify that the injury to the Plaintiff's cervical spine was a temporary injury that has resolved through chiropractic treatment and physical therapy.  He will testify that there was a straightening of the normal cervical lordosis according to the cervical spine xray as well as a diagnosis of a sprain and strain of the cervical spine. He will testify there was evidence of muscle spasms throughout Plaintiff's cervical, thoracic and lumbar spine.

Dr. Pardo will testify as a result of the Plaintiff's injuries and ongoing pain, the Plaintiff will need future pain management treatment for the remainder of his life as follows: pain management office visits approximately 12 times per year; urine drug screen tests approximately 4-6 times per year; narcotic pain medication including but not limited to oxycodone/acetaminophen (10-325) approximately 45 pills per month for the remainder of his life; bilateral 3-level lumbar radiofrequency ablation 1 time over his life time; physical therapy/chiropractic care 24 times per year for the remainder of his life.

13. Dr. David Priest, M.D.
    Advanced Diagnostic Group
    1465 Kingsley Avenue, Suite 104
    Orange Park, FL 32073
    Phone: (904) 458-0141

    Subject Matter: Board Certified Radiologist from Advanced Diagnostic Group who performed imaging/xrays of Plaintiff's lumbar spine on April 4, 2018 post PLIF surgery.

    Summary of Facts and Opinion: Dr. Priest will testify as to his findings on the lumbar MRI which showed anterolisthesis of L5 on S1, 5 millimeter grade 1 as well as the rod and screw fixation and discectomy at L5-S1. He will testify there was no evidence of appreciable hardware failure or loosening and no loss of vertebral body height as well as no severe degenerative change.

14. Dr. Kevin Jones, M.D.
    Precision Imaging Centers
    7860 Gate Parkway, Suite 123
    Jacksonville, FL 32256
    Phone: (904) 996-8100

Subject Matter: Board Certified Radiologist from Precision Imaging who performed an MRI of Plaintiff's lumbar spine on August 30, 2018.

Summary of Facts and Opinion: Dr. Jones will testify as to his findings on the lumbar MRI which showed prior fusion without recurrent stenosis or other complication evident; enhancing fibrosis within the L5-S1 right lateral recess and neural foramen; T12-L1 posterior disc herniation indenting thecal sac; high signal annular fissure.

15. Dr. Soheil Sooudi, M.D
    Baymeadows MRI
    502 Greenbrier Ave.
    Celebration, Florida 34747
    Phone: (321) 624-2089

    Subject Matter: Board Certified Radiologist from Baymeadows MRI who performed an MRI of Plaintiff's lumbar spine on April 4, 2017.

    Summary of Facts and Opinion: Dr. Sooudi will testify his review of the MRI showed a bilateral L5 spondylolysis with grade 1 spondylolisthesis at L5-S1; degenerative spondylosis with disc desiccation and disc space narrowing at L5-S1 level with circumferential disc bulge resulting in bilateral foraminal stenosis in combination with anterior L5 subluxation encroaching upon the L5 nerve roots; disc desiccation with disc space narrowing at T12-L1 level with protruding posterior disc herniation indenting the anterior thecal sac with spinal canal narrowing and no cord impingement; annular bulge at L2-3 and L3-4 levels encroaching upon foraminal with no spinal stenosis or nerve root impingement.

16. Dr. Assad Syed, M.D.
    Universal Neurological Care
    3636 University Blvd. South, Ste 52
    Jacksonville, FL 32214
    Phone: (904) 404-7044

    Subject Matter: Board Certified Neurologist. He will testify as to his mini-mental status exam of the Plaintiff on March 21, 2017 and his follow up treatment. He will also testify based on his EMG/NCS of the bilateral lower extremities of the Plaintiff. His opinions are attained directly from his treatment of the Plaintiff.

    Summary of Facts and Opinions: Dr. Syed will testify as to his diagnosis of the Plaintiff with a post-concussion syndrome and impaired cognition following the auto accident. He will testify that the Plaintiff had ongoing headaches and neck pain and complained of low back pain and right buttock pain. He will testify that the EMG/NCS of Plaintiff's

bilateral lower extremities likely represent chronic proximal pathology such as radicular disease at the right L5-S1.

17. Michael McDaniels, DC.
    Jacksonville Sport and Spine
    2233 Park Avenue, Suite 2008
    Orange Park, FL 32073
    Phone: (904) 375-1954

    Subject Matter: He is a chiropractor who treated the Plaintiff for neck, mid back, and lower back pain after the accident and will testify as to his treatment, Plaintiff's pain complaints and limitations, and the outcome of Plaintiff's treatment for his neck, mid back and lower pain. His opinions are attained directly from his treatment of the Plaintiff.

    Summary of Facts and Opinions: Dr. McDaniels will testify that the Plaintiff was experiencing, neck, mid back, and lower back pain as a result of the subject accident. He will testify that he diagnosed the Plaintiff with muscle spasms in the cervical, thoracic and lumbar region. He will testify that he diagnosed the Plaintiff with a thoracic sprain, lumbar sciatica, cervical disc disorder with radiculopathy, headaches, concussion, cervicobrachial syndrome, cervical spine pain. He will testify as to the modalities and treatment he performed on the Plaintiff and that it had limited success in reducing Plaintiff's ongoing pain in his lower back. He will testify the treatment did provide some relief as relates to Plaintiff's range of motion, stiffness, and temporary pain relief. He will testify that he assigned limitations to the Plaintiff including no lifting more than 15 pounds, no repetitive bending, no lifting with outstretched arms, no sitting for more than 20 minutes, no walking for more than 30 minutes, no leaning over a desk or a computer for more than 20 minutes without a break continually. He will also testify that he recommended the Plaintiff take two weeks off work in February 2017.

**IV.**     Other Witnesses

18. All witnesses listed by Defendant