UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

    Plaintiff,

v.                                             CASE NO. 3:18-cv-919-J-34JBT

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Take Videotaped Trial Deposition Testimony of Non-Retained Treating Doctors Topp and Sooudi ("Motion") (Doc. 57) and Defendant's Response thereto (Doc. 58). For the reasons set forth herein, the Motion is due to be **DENIED**.

In the Motion, which was filed nearly eleven months after the close of discovery and approximately five weeks prior to trial, Plaintiff seeks to depose two of his treating doctors in order to use their deposition testimony at trial.[1] (See Docs. 11, 53, 57.) In support, Plaintiff relies solely on Federal Rule of Civil Procedure 32, which generally governs the use of deposition testimony at trial. (Doc. 57.) However, Rule 32 contemplates the use of depositions that have

---

[1] The discovery deadline was September 6, 2019. (Doc. 11.) The Motion was filed on July 31, 2020. (Doc. 57.) The case is currently set for the September 8, 2020 trial term. (Doc. 53.)

already been taken. It does not permit a party to take depositions for use at trial, also known as *de bene esse* depositions, after the close of discovery.

> As the Eleventh Circuit has stated:
>
> > [A] district court's identical treatment (for timing purposes) of discovery and *de bene esse* depositions is consistent with the language of the Federal Rules of Civil Procedure, which draw no distinction between the two. The federal rules simply limit the instances in which a deposition can be used at trial. *See* Fed. R. Civ. P. 32. Depositions are generally devices for discovery. But in the right circumstances, all or almost all depositions potentially could be used at trial. For a court to treat discovery deadlines as applying to all depositions is not an uncommon or inherently unreasonable kind of shorthand to say "be done with deposition taking by 'X' date." So, parties who delay in taking a needed deposition and who assume that a district court will draw (when the Rules do not and if the pretrial order does not) a distinction, for pretrial scheduling purposes, between different kinds of depositions assume a risk: they cannot count on the trial court's allowing a deposition to be taken closer to the trial date.

*Chrysler Intern. Corp. v. Chemaly*, 280 F.3d 1358, 1362 n.8 (11th Cir. 2002). *See also Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688 (S.D. Fla. 2014) (prohibiting a party from taking depositions for use at trial after the close of discovery); *DeBose v. University of S. Fla. Bd. of Trustees*, Case No. 8:15-cv-2787-EAK-AEP, 2018 WL 8919878 (M.D. Fla. May 18, 2018) (same).

The Case Management and Scheduling Order (Doc. 11) set a discovery deadline of September 6, 2019. No separate deadline was set for taking

depositions of any kind. Moreover, as set forth above, the Federal Rules do not distinguish between discovery depositions and depositions to be used at trial. Thus, Rule 32 does not provide adequate support for Plaintiff's requested relief.

Accordingly, it is **ORDERED**:

The Motion (**Doc. 57**) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, on August 18, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

3