**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE**

RICHARD A. TRIOLO

      CASE NO.: 3:18-cv-00919-MMH-JBT

    Plaintiff,

vs.

UNITED STATES OF AMERICA,

    Defendant.

_____/

**PLAINTIFF'S EXPEDITED MOTION TO PRECLUDE**
**DEFENDANT'S NEW EXPERT OPINIONS AND LITIGATION CREATED**
**EVIDENCE DISCLOSED AT 8:07 P.M. ON FRIDAY, SEPTEMBER 18, 2020**

    Plaintiff, Richard A. Triolo, moves for an order precluding the Defendant from presenting at the trial new expert opinions and litigation created exhibits produced at 8:07 p.m., Friday, September 18, 2020, and states as follows:

    1.     Trial in this matter is set for September 22, 2020.

    2.     At 8:07 p.m. on Friday, September 18, 2020, counsel for Defendant emailed to the undersigned five (5) documents improperly identified as "demonstrative aids".   Effectively, this was done just one (1) business day prior to the start of trial.

    3.     The Defendant's proposed demonstrative aids or not properly characterized as demonstrative aids.

    4.     The new documents are properly characterized as expert opinions and litigation created exhibits.

    5.     The Defendant's new documents purport to contain abstracts from Medicare's published pricing for medical services, and opinions of what the Plaintiff's medical providers

1

should have charged.

6.    By their very nature, the documents are an attempt to introduce opinions that the Plaintiff's medical bills are somehow improper because he was not charged what a Medicare recipient would have been charged.

7.    The Plaintiff is not a Medicare recipient.  Accordingly, the amount that Medicare pays for Medicare eligible members is clearly not relevant to the case at bar.

8.    Further, the Defendant's new attack on the Plaintiff's medical bills was never disclosed to the Plaintiff in discovery, nor in expert disclosures, nor on its exhibit list.

9.    This is the first time the Defendant has disclosed that it will present opinions that the Plaintiff's medical bills are somehow improper.

10.    The failure of the Defendant to timely disclose their new expert opinions and litigation created exhibits causes a severe prejudice to the Plaintiff.

11.    The late disclosure prevents the Plaintiff from presenting rebuttal documents and opinions in opposite to the Defendant's Medicare billing defense strategy.

12.    Given the close proximity to the start of the trial, and the Court's role as finder of fact, the proposed demonstrative aids have not been attached to this Motion so as to prevent the defense from introducing the litigation created exhibits and opinions via this Motion.


**MEMORANDUM OF LAW**

Rule 26(a)(1)(A), Fed. R. Civ. P. required the Defendant to produced in its initial disclosures:

> A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in it possession, custody or control and may use to support its

claims or defenses, unless the use would be solely for impeachment ….

Rule 26(a)(2), Fed R. Civ. P. required the Defendant to provide:

(A) … the identify of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 203 or 705.
(B) … a written report ….    The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them ….

In <u>United States ex rel. Arfield v. Gills</u>, 2012 U.S. Dist Lexis 197726 (M.D. Fla.), the United States retained Dr. Sylvia Norton to present testimony with regard to appropriate Medicare billing.  The defendant moved to exclude the opinions and report of Dr. Norton on the grounds that Dr. Norton was not qualified to give opinions with regard to Medicare billing and coding, and her methodology for the opinions was not reliable.  The Court denied the motion because Dr. Norton had extensive credentials and experience in Medicare billing and coding, and the record "contained sufficient evidence to explain how her experience leads to her conclusions".

It is clear that the Defendant had a duty to disclose all of its evidence and expert opinions long ago.  Having failed to do so, the Defendant should not now be permitted to introduce the materials by claiming that are mere summaries or demonstrative aids.

WHEREFORE, the Plaintiff respectfully requests that the Court enter an order prohibiting the Defendant from introducing at the trial the Defendant's five (5) proposed demonstrative aids that were produced at 8:07 p.m., Friday, September 18, 2020, which contains never disclosed evidence and opinions, and for such further relief as the Court deems just and proper.

## <u>Certificate of Compliance with Local Rule 3.01 (g)</u>

I hereby certify that at 8:20 a.m., Monday, September 21, 2020, the undersigned forwarded correspondence to Collette Cunningham, Esquire, Defendant's Counsel, notifying the Defendant of the above objections.  As of the time of this filing, counsel for Defendant has not responded. Due to the lateness of the Defendant's disclosure, and the proximity to trial, time for a conference prior to submitting this motion is not feasible.

By:/s/*<u>Philip S. Kinney</u>*
Philip S. Kinney, Esq.
Florida Bar No.: 0709611
Benjamin C. Moore, Esq.
Florida Bar No. 773581
*Kinney & Moore, PLLC*
9191 R.G. Skinner Pkwy., Suite 703
Jacksonville, Florida 32256
Tel: (904) 642-4111
Fax: (904) 329-1875
E-mail: Ben@JaxLitigation.com
E-mail: Philip@JaxLitigation.com
Secondary: Heather@JaxLitigation.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 21st day of September, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all parties listed in the service list via transmission of Notices of Electronic Filing generated by CM/ECF.

Collette Cunningham, Esq.
Assistant United States Attorney
Trial Counsel
United State Courthouse
300 North Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Primary: Ronnie.Carter@usdoj.gov
Secondary: Nicole.Schmidt2@usdoj.gov
            Chantal.Sabino@usdoj.gov
            Brittany.Robinson2@usdoj.gov
            jaxdocket.mailbox@usdoj.gov


                                        /s/*Philip S. Kinney*
                                        Attorney