LAW DEPARTMENT
NATIONAL TORT CENTER


**UNITED STATES POSTAL SERVICE**

**CERTIFIED NO: 7013 1090 0002 2199 8981**
**RETURN RECEIPT REQUESTED**

May 22, 2018

Benjamin C. Moore
Kinney & Sasso, PL
9191 R.G. Skinner Parkway, Suite 703
Jacksonville, FL 32256

Re:  Your Client:       Richard Anthony Triolo
     Date of Incident:  February 11, 2017

Dear Mr. Moore:

This is in reference to the administrative claim you filed on behalf of the above-referenced claimant under the provisions of the Federal Tort Claims Act, as a result of injuries allegedly sustained on or about February 11, 2017.

The Postal Service is not legally obligated to pay all losses which may occur, but only those caused by the negligent or wrongful act or omission of an employee acting in the scope of his/her employment. We are guided in our determination by all the information available to us, including the reports of our personnel and any other persons acquainted with the facts.

As to the incident at issue, in reviewing all of the submissions regarding the claimant's alleged damages, including the recent demand package, we believe the injuries claimed are not as a result of this incident and therefore feel that this claim involves issues best resolved in court. In particular, we believe there are questions regarding liability for this very minor bumper collision. Furthermore, we believe there to be very serious questions regarding the causal relationship between this minor accident, yet resulted in alleged injury claims that reportedly required approximately $175,000 in medical expenses for treatment. Given these serious questions, we believe this matter raises issues best resolved in the litigation process, after an opportunity for full review by medical experts. Accordingly, this claim is denied.

In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the Postal Service's final denial of an administrative claim, a claimant may file suit in a United States District Court no later than six (6) months after the date the Postal Service *mails* the notice of that final action. Accordingly, any suit filed in regards to this denial must be filed no later than six (6) months from the date of the mailing of this letter, which is the date shown above. Further, note the United States of America is the only proper defendant in a civil action brought pursuant to the Federal Tort Claims Act and such suit may be heard only by a federal district court.

1720 MARKET STREET, ROOM 2400
ST. LOUIS, MO 63155-9948
TEL: 314/345-5820
FAX: 314/345-5893

Alternatively, and in accordance with the regulations set out at 39 C.F.R. 912.9(b), prior to the commencement of suit and prior to the expiration of the six (6) month period provided in 28 U.S.C. § 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request for reconsideration with the postal official who issued the final denial of the claim. Upon the timely filing of a request for reconsideration, the Postal Service shall have six (6) months from the date of filing in which to make a disposition of the claim and the claimant's option under 28 U.S.C. § 2675(a) shall not accrue until six (6) months after the filing of the request for reconsideration.

A request for reconsideration of a final denial of a claim shall be deemed to have been filed when received in this office.

Sincerely,

*Ann Mandernach*

Ann Mandernach
Tort Claims Examiner/Adjudicator
Tel: 314/345-5847

cc: Josephine Perron - Tort Claim Coord
File No. 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