UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD A. TRIOLO,

    Plaintiff,

v.                                                   CASE NO. 3:18-cv-919-MMH-JBT

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff's Motion to Tax Costs ("Motion") (Doc. 112). Plaintiff is a prevailing party in this action against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b). (*See* Doc. 110.) He requests the Clerk to tax costs pursuant to Federal Rule of Civil Procedure 54(d)(1). (Doc. 112 at 1.) Upon review, for the reasons stated below, the Motion is due to be **STRICKEN**.

Rule 54(d)(1) states that "costs against the United States . . . may be imposed only to the extent allowed by law." Further, "a court may only tax costs as authorized by statute." *EEOC v. W & O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). Thus, the Court may not award costs under Rule 54 "in excess of those permitted by Congress under 28 U.S.C. § 1920*.*" *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002); *see also* 28 U.S.C. § 2412(a)(1) ("[A] judgment for costs, as enumerated in section 1920 of this title . . . may be

awarded to the prevailing party in any civil action brought . . . against the United States."). Section 1920 specifies the following recoverable costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Upon review of Plaintiff's ledger of costs, it appears that he is seeking costs that are not recoverable under § 1920, or otherwise.[1] (*See* Doc. 112 at 3.) Moreover, the Motion lacks a Local Rule 3.01(g) certification indicating the parties' conferral prior to the filing of the Motion. (*See* Doc. 112.) Therefore, as set forth below, the parties will be directed to adequately confer and provide a joint notice concerning any items that remain in dispute contemporaneous with any subsequent filing of a renewed motion or a bill of costs.[2]

---

[1] 28 U.S.C. § 1821 further limits the recovery of fees related to the attendance of witnesses. See also *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 463 (11th Cir. 1996) (finding that "taxing as costs any amount for expert witness fees in excess of the $40 per day allowed under § 1821" is error). However, this Order it not meant to preclude any supportable argument regarding the statutory limits for the recovery of costs in this case.

[2] Plaintiff is encouraged to use the attached form for any subsequent filing of a bill of costs, which is available online at: https://www.flmd.uscourts.gov/forms/all.

In conferring, the parties should keep in mind that "taxation of costs at the end of the case should not result . . . in a time-consuming and burdensome task for a court. The rules for taxation of costs are reasonably clear and well-settled. . . . [G]ood lawyers should make every effort to resolve [any] dispute in light of these settled rules and policies so as to prevent fees and costs from becoming the tail that wags the dog." *U.S. ex rel. Davis v. U.S. Training Ctr., Inc.*, 829 F. Supp. 2d 329, 340 n.12 (E.D. Va. 2011).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 112**) is **STRICKEN**.

2. **On or before May 16, 2022**, Plaintiff may file a renewed motion or bill of costs. Prior to that, the parties shall fully confer, either in person or by extensive video or telephone conference, as to every cost item in dispute. Contemporaneously with the motion or bill of costs, the parties shall file a joint notice stating what, if any, issues or items remain in dispute and shall briefly summarize their respective positions as to each.

**DONE AND ORDERED** in Jacksonville, Florida, on April 18, 2022.

JOEL B. TOOMEY
United States Magistrate Judge

Copies (w/ attachment) to:

Counsel of Record